UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN SHAW, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 20-0410 (RDM) |
| | ) |
| THE HONORABLE THOMAS B. MODLY, et al., | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

## **TABLE OF ACRONYMS**

Administrative Procedure Act ("APA")

Assistant Secretary of the Navy Gregory J. Slavonic ("ASN" or "ASN Slavonic")

Department of Defense ("DoD")

Manpower & Reserve Affairs ("M&RA")

Military Whistleblower Protection Act ("MWPA")

Office Inspector General ("OIG" or "IG")

Second Command Investigation (second "CI")

Defendants the Honorable Thomas B. Modly, Acting Secretary of the Navy, and Admiral Christopher Grady, Vice Admiral DeWolfe Miller, and Rear Admiral Roy Kelley[1] (collectively, "Defendants") by and through undersigned counsel, respectfully submit this opposition to Plaintiff's motion for an indefinite stay of proceedings. *See* ECF No. 9. Plaintiff's position for requesting a stay is based on an unconvincing argument that he *just* received a copy of a December 16, 2019 letter from the Assistant Secretary of the Navy, which authorized a second Command Investigation ("CI") into Plaintiff's unauthorized pilot training procedures. Plaintiff seeks an indefinite stay so that he may exhaust his administrative procedures under the Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. §1034.

Plaintiff's request for a stay should be denied for several reasons: (1) Plaintiff fails to demonstrate hardship or inequity to support an indefinite stay of proceedings; (2) Plaintiff's argument that he just became aware of the December 16, 2019 letter is not credibly supported by the record, and (3) Plaintiff's belief that he must exhaust his administrative remedies regarding the authorization for the second CI is premature as the mere fact that an investigation is pending is not ripe for appeal to the Secretary of Defense. *See id*. Instead, the Assistant Secretary's letter reveals the factual and legal errors that permeate Plaintiff's complaint and its causes of action. A stay will not correct those errors. Nor will it correct the other concerns with supplemental jurisdiction or individual liability for the three named Admirals.[2] For the reasons discussed below, the request for an indefinite stay should be denied.

---

[1] Defendants are filing contemporaneously herewith a certification finding that the three named admirals were acting in their official capacities as employees of the United States at the time of the events alleged in the Complaint.

[2] At the hearing held on February 13, 2020, this Court expressed doubts concerning the causes of action and claims asserted against the three admirals in their personal capacity. *See* Feb. 13, 2020 hearing transcript at 4 ("But I have questions about cause of action, is this an appropriate APA cause of action? Is there final agency action? If it is – if the cause of action is exclusively

**BACKGROUND**

Plaintiff, a Lieutenant and Instructor Pilot in the Navy, brought this complaint and contemporaneous emergency motion for a preliminary injunction on February 12, 2020. *See* ECF No. 1. The complaint names the Acting Secretary of the Navy, Thomas B. Modly, three Navy admirals in their *personal* and official capacities, and Timothy Parlatore, a civilian attorney in his personal capacity. The complaint alleges seven causes of action, including four Administrative Procedure Act ("APA") claims[3] pursuant to 5 U.S.C. § 551 *et seq.*; a Privacy Act, 5 U.S.C. § 552a, claim against the Navy (fifth cause of action); a Privacy Act claim against Mr. Parlatore personally (sixth cause of action)[4]; and a libel *per se* action against Mr. Parlatore (seventh cause of action). *See* ECF No. 1 at 25-30.

---

under the APA, is there some other alternative adequate remedy that's available that would preclude reliance on the APA? And also, you know, there are rules of deference that apply to chain of command in the military that might affect the Court's jurisdiction or the Court's approach to this case?"); *see also id*. at 10 ("But for -- it's hard for me to imagine, actually, as I think about this out loud, it's hard for me to imagine how you would have a claim against the government officials in their personal capacities for injunctive relief.").

[3] While the first four causes of action are labeled as APA claims, Defendants wholeheartedly disagree that any of Plaintiff's claims are appropriate under the APA. For example, the second cause of action, while titled an "APA" claim, alleges that Plaintiff has suffered retaliation pursuant to the MWPA. Defendants can only assume that Plaintiff styled this claim as an APA claim because he is aware that he has no right to a private cause of action under the MWPA. *Penland v. Mabus*, 78 F.Supp.3d 484, 495 (D.D.C. 2015) ("[T]he MWPA does not provide a private cause of action."). But even assuming Plaintiff can argue a cognizable APA claim, Paragraph 75 of the Complaint incorrectly asserts that the second investigation was in direct contradiction to Secretarial orders. As shown in page 2 of Exhibit 2 in Plaintiff's motion to stay, the Assistant Secretary authorized U.S. Fleet Forces Command to conduct a second investigation to address whether Plaintiff "without authorization, recorded F/A-18 TOFT training sessions" and "was conducting unauthorized training (such as Velocity Vector), or was otherwise training outside of phase." These questions are narrowly tailored to the safety and security of naval aviation. Similarly, the third and fourth causes of action are also styled as APA claims but allege retaliation and conspiracy under the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 932. It is unclear how the Uniform Code of Military Justice ties into Plaintiff's allegations that the Navy violated the APA, or how this Court would have jurisdiction over those claims.

[4] On February 20, 2020, Plaintiff voluntarily dismissed the sixth cause of action. *See* ECF No. 4.

3

The crux of Plaintiff's complaint stems from allegations that he was retaliated against for assisting two student pilots in filing Equal Employment Opportunity complaints against instructor pilots in the Navy and that the Navy subsequently instituted a retaliatory campaign against Plaintiff by (among other things) commanding two investigations regarding Plaintiff's instructor pilot techniques, failure to follow orders, and unauthorized recordings of pilot training sessions. Plaintiff alleges to have suffered various adverse actions over several months as a result of this retaliatory campaign. As a result, Plaintiff filed a whistleblower complaint with the Department of Defense ("DoD") Office of Inspector General ("OIG"). On June 12, 2019, DoD OIG issued its report substantiating several of the allegations. A redacted copy of the DoD OIG report was attached to Plaintiff's motion for preliminary injunction as Exhibit 1, ECF No. 2-2.

On December 16, 2019, the Assistant Secretary of the Navy ("ASN") (Manpower & Reserve Affairs), Gregory J. Slavonic, issued a letter adopting the findings of the DoD OIG report and concluded that the first command investigation was invalid. *See* ECF. No. 9-3. ASN Slavonic's letter also provided certain parameters if a *second* command investigation was to be ordered. ASN Slavonic's letter authorized a second CI into two specific areas: (1) whether Plaintiff, without authorization, recorded F/A-18 TOFT training sessions; and (2) whether Plaintiff was conducting unauthorized training (such as Velocity Vector) or otherwise training outside of phase. *See id*. The letter also required that all actions outlined therein, including the second CI, be completed within 60 days of the date of the letter, or by February 14, 2020. *See id*.

Plaintiff's motion for a preliminary injunction, brought just two days before the 60-day expiration outlined in ASN Slavonic's letter, sought two specific remedies: (1) a stay of the second CI, which was scheduled to conclude on February 14, 2020, and (2) that Mr. Parlatore be enjoined from publishing defamatory statements about the Plaintiff. *See* Pl's Mot. Prelim. Inj.,

4

ECF No. 2-1 at 1.  The Parties appeared before the Court on February 13, 2020, and agreed to a briefing schedule on the preliminary injunction.  Based on concerns raised by the Court during this hearing (*see supra* note 2), Plaintiff agreed to amend and/or supplement his complaint and filings by March 5, 2020.[5]  The Navy agreed to file its opposition by April 13, 2020, with Plaintiff's reply due May 13, 2020.  Most importantly, the Navy further agreed to hold the second CI proceeding in abeyance pending resolution of the request for a preliminary injunction.

With Plaintiff's deadline to amend his deficient pleading quickly approaching, on February 28, 2020, Plaintiff filed a motion to stay proceedings, arguing that a copy of ASN Slavonic's letter was never provided to Plaintiff and that, while Plaintiff was aware of the second CI, he was not aware that ASN Slavonic had authorized or convened the second investigation.  *See* ECF No. 9.  The Navy does not believe that a stay is appropriate in this matter and thus files this opposition.

## ARGUMENT

Plaintiff's motion fails to identify any legal standard to guide the Court's determination as to whether a stay of proceedings is appropriate.  The Court has broad discretion to stay a case pending the outcome of proceedings in another forum.  *See Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (citation omitted)).  But the Supreme Court has cautioned that, "if there is even a fair possibility that the stay. . .will work damage to someone else," the movant must "must make out a clear case of hardship or inequity

---

[5] Plaintiff filed his stay of proceedings on February 28, 2020 but to date has yet to file an amended complaint or supplemental motion for preliminary injunction.

in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Garcia v. Acosta*, 393 F. Supp. 3d 93, 110 (D.D.C. 2019) (J. Moss).

      A.     *Plaintiff Fails to Articulate Hardship or Inequity to Justify a Stay of Proceedings.*

Here, Plaintiff fails to articulate a clear case of hardship or inequity such that would warrant an indefinite stay of proceedings in this matter. As an initial matter, this case been driven by Plaintiff's motion for a preliminary injunction. The Navy agreed, in the interests of having the preliminary injunction resolved within a defined period of time, to stay the second CI. Following that agreement, the Navy anticipated the filing of a supplemental pleading to cure the defects that currently plague the complaint. Resolving the preliminary injunction ensures that the Navy would be able to continue to litigate this case in an efficient and just manner. Staying the case indefinitely, however, would require the Navy to prolong the second CI and also preclude the Navy from judicial resolution on the underlying merits of this case. Instead, the stay would likely provide Plaintiff the benefit of an indefinite suspension on the second CI without having to meet the heavy burden required under the preliminary injunction standard. Plaintiff argues that the stay would only take place for a defined period of time (i.e., 90 days for the Secretary of Defense to issue a decision), but that argument fails to address the underlying need for Plaintiff to file a supplemental pleading to correct the rampant errors in the complaint and the motion for preliminary injunction. Plaintiff's motion is silent on the hardship he would face if he were required to continue litigating this matter. As such, the request for a stay must be denied.

      B.     *Plaintiff's Argument that He Just Became Aware of the December 16, 2019 Letter is Not Credibly Supported by the Record.*

While Plaintiff's motion fails to articulate any hardship or inequity that would result if the Court didn't stay the proceedings, Defendants must address Plaintiff's rationale for seeking

6

the stay.  Plaintiff's motion argues that a stay is appropriate so that he may exhaust his administrative remedies by appealing the second CI to the Secretary of Defense.  *See* ECF No. 9 at 4.  Plaintiff states that at the time he filed this lawsuit, he was "still unaware that ASN Slavonic had authorized the second command directed investigation."  Pl's Mot. Stay at 4.  He further goes on to state that "Lt. Shaw was under the belief and understanding that the only action directed by ASN (M&RA) was the setting aside of the retaliatory investigation, and all follow-on adverse actions.  Lt. Shaw *did not know* that ASN (M&RA) had authorized the second command investigation."  Pl's Mot. Stay at 5.  Plaintiff attaches several emails in support of his motion that he claims demonstrate his lack of awareness of the December 16, 2019 letter.

Yet, the *very first* paragraph of Plaintiff's motion for a preliminary injunction makes an *explicit* reference to the December 16, 2019 letter and its contents:

> Lieutenant Shaw requests that: (1) the retaliatory command directed investigation (CDI) initiated by Commander, United States Fleet Forces Command, Admiral (Adm.) Christopher Grady be stayed; and (2) that Mr. Parlatore be enjoined from further publishing the defamatory statements about Lt. Shaw. Lieutenant Shaw requests an expedited oral hearing pursuant to LCvR 65.1.(d), and *prior to February 14, 2020*, *which is the date the final report in the CDI is due* (as well as all final remedial action pursuant to the Secretary of the Navy's order, *via the Assistant Secretary of the Navy (Manpower and Reserve Affairs), of December 16, 2019*.

ECF No. 2-1 at 1 (emphasis added).  Plaintiff's own words belie his argument that he only just now became aware of the contents of the December 16 letter.[6]  Moreover, if Plaintiff was unfamiliar with the contents of the December 16, 2019 letter or that a second investigation had

---

[6] It is also worth noting that Defendant Parlatore's January 24, 2019 letter to Representative Luria, attached to Plaintiff's Motion for a Preliminary Injunction as Exhibit 4, specifically references ASN Slavonic's December 16, 2019 letter and authorization for a second CI, including setting a narrow scope for the investigation. *See* ECF No. 2-5 at 12-13 ("Finally, Assistant Secretary Slavonic has improperly restricted the scope of any inquiry that USFFC may order to "(1) Whether LT Shaw, without authorization, recorded F/A-18 TOFT training sessions; and (2) Whether LT Shaw was conducting unauthorized training (such as Velocity Vector), or was otherwise training outside of phase.").

been authorized and ordered complete within 60 days, Plaintiff has no other explanation for the immediate need to file his complaint and preliminary injunction to stop the report from being issued on February 14, 2020, exactly 60 days from the December 16 letter. Plaintiff's arguments on this point are simply unavailing and do not warrant suspension of the underlying litigation.

    C.    *Plaintiff Fails to Demonstrate that the Authorization to Conduct a Second Investigation is Ripe for Appeal Under the Military Whistleblower Protection Act, 10 U.S.C. § 1034(h).*

But even setting aside Plaintiff's argument that he just came into possession of this letter, Defendants do not believe that the authorization of a second CI is ripe for appeal at this juncture. Plaintiff argues that prior to adjudicating his APA claim in this Court, he must seek administrative review of the authorization of the second CI by the Secretary of Defense pursuant to the MWPA, 10 U.S.C. § 1034(h). Pl's Mot. Stay at 5-6. But Plaintiff's reliance on Section 1034(h) is misguided. Section 1034(h) authorizes an appeal after completion of "all administrative review under subsection (f)." Subsection (f) allows for the Secretary of the military department concerned, in this case, ASN Slavonic, to determine whether "corrective or disciplinary action" should be taken after receiving a report from the Inspector General. *See* 10 U.S.C. § 1034(f)(1).

Here, ASN Slavonic determined on December 16, 2019 that the allegations in the June 2019 DoD IG report were substantiated and ordered the following actions to be taken: (a) correction and/or removal of any adverse or derogatory material that resulted from the CDI, and (b) not later than December 18, 2019, advise the Department of Defense Consolidated Adjudications Facility that the CDI was invalidated, which formed the suspension of Lt. Shaw's security clearance. *See* Pl's Mot. Stay, Exhibit 3, ECF No. 9-3 at 2. This formed the basis for "corrective or disciplinary action" pursuant to 10 U.S.C. § 1034(f)(1). The authorization for the

second CI, which came later in ASN Slavonic's letter, does not constitute "corrective or disciplinary action" that would entitle Plaintiff to an immediate appeal to the Secretary of Defense.  Indeed, Plaintiff's request to exhaust his administrative remedies with respect to the second CI appear premature; once the CI is completed and any action is taken, only then would an appeal to the Secretary of Defense be appropriate.  Accordingly, Plaintiff's arguments that he must exhaust his administrative remedies now under 10 U.S.C. § 1034(h) are premature, and do not warrant a stay of proceedings.

Lastly, Plaintiff's reliance on *Bartko v. Department of Justice*, 102 F. Supp. 3d 342, 349 (D.D.C. 2015), for the proposition that courts "typically stay judicial proceedings pending the outcome of the administrative-appeal process," is inapposite.  *See* Pl's Mot. Stay at 6.  The *Bartko* case dealt with a claim under the Freedom of Information Act ("FOIA"), not the APA, and held the constructive-exhaustion doctrine excuses a plaintiff from exhausting administrative remedies prior to seeking judicial review where an agency does not respond to a perfected FOIA request within the statutory twenty-day time limit.  *See Bartko*, 102 F. Supp. 3d at 349.  The *Bartko* case has no bearing on the claims at issue here.  Accordingly, for all of the reasons set forth, Plaintiff's motion should be denied.

## CONCLUSION

For all of the reasons articulated above, Plaintiff's motion to stay should be denied.

Date: March 9, 2020								Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar. No. 437437
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.gonzalez.horowitz@usdoj.gov