**Timothy Parlatore**
___

| | |
|---|---|
| **From:** | Eric Montalvo <emontalvo@fedpractice.com> |
| **Sent:** | Thursday, February 20, 2020 1:01 PM |
| **To:** | Timothy Parlatore |
| **Cc:** | wcowden@cowdenllc.com; Bethany Davison; Carol Thompson; Ji-Eun Lee; Gonzalez Horowitz, Brenda (USADC) |
| **Subject:** | RE: Shaw v. Motly, 20-cv-410 |

Mr. Palatore,

In the words of the pirate Barbossa, "I'm disinclined to acquiesce to your request."  Have a good day.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Timothy Parlatore [mailto:timothy.parlatore@parlatorelawgroup.com]
**Sent:** Thursday, February 20, 2020 10:53 AM
**To:** Eric Montalvo; Carol Thompson; Ji-Eun Lee; Gonzalez Horowitz, Brenda (USADC)
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

Mr. Montalvo,

I have a separate issue that I wanted to discuss with you.  During last week's appearance, I think I heard you telling the judge about the proceedings before the FNAEB and, specifically, that you cross-examined LtCol Nesbitt and told a story about how the cross showed that the dates in his notes, which he said were taken contemporaneously, did not match up.

This statement stuck out to me because my understanding is that attorneys are not permitted to participate in cross-examination during a FNAEB.  Although I have never participated in a FNAEB, I had recently researched the issue in

1

comparing the FNAEB procedures to the Trident Review Board procedures and found that the aviators get a lot more due process rights than the SEALs do.  I went back and checked the instruction and COMNAVAIRFORINST 5420.1H states: "The FNAEB respondent has no right to be represented by a military lawyer before the board. The respondent may bring a lawyer or non-lawyer advisor and may confer with the advisor during the course of the hearing. The respondent's advisor may testify before the board, just as any other witness; however, the advisor may not take an active part in the hearing. Specifically, an advisor may not: a. challenge board members, b. question board members or witnesses, and c. make objections, arguments or opening and closing statements."

I am writing to you because your representations to Judge Moss about your cross-examination of LtCol Nesbitt seems to be explicitly prohibited by the FNAEB instruction.  This is obviously an important issue, as you have accused me of knowingly making a false statement about your client based on my knowledge of your cross-examination.  If you intentionally misrepresented your cross-examination to the Court, that would obviously be a big deal.  In the alternative, if the Navy permitted you to cross-examine LtCol Nesbitt, that would demonstrate that they went out of their way to provide your client with more due process than he was entitled to.

As you have the FNAEB report, this can be cleared up very quickly.  Please send me a copy of the FNAEB, along with enclosures, to corroborate the representations that you made to the Court.  As you know, the FNAEB will have to be turned over shortly in discovery anyway, so there's no value in withholding it at this time.  Additionally, you mentioned that LT Shaw received Navy Achievement Medals for the training techniques that I said were dangerous.  I can't imagine this to be true, but I would like to give you the benefit of the doubt and verify this dubious claim.  As I believe you told the judge that you would supplement the record, please send me these citations now so that I can review them.

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918  Direct: 212.679.6312  Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.




CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.

**From:** Timothy Parlatore
**Sent:** Wednesday, February 19, 2020 9:25 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>; Ji-Eun Lee <jlee@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

So, just to be clear, you are refusing to engage in a 26(f) conference "as soon as practicable," as required by the rules and refusing to provide any justification for that refusal?

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 19, 2020 9:21 AM
**To:** Timothy Parlatore <timothy.parlatore@parlatorelawgroup.com>; Carol Thompson <CThompson@fedpractice.com>; Ji-Eun Lee <jlee@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

Nothing more on our end to discuss at this time.  Have a good day.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Timothy Parlatore [mailto:timothy.parlatore@parlatorelawgroup.com]
**Sent:** Wednesday, February 19, 2020 9:17 AM
**To:** Carol Thompson; Eric Montalvo; Ji-Eun Lee; Gonzalez Horowitz, Brenda (USADC)
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

When do you think that a 26(f) conference would be appropriate?  The rule provides that "the parties must confer as soon as practicable."  I recognize that your client probably wants to avoid the discovery process, but you have filed frivolous libel claims against me that have to be litigated expeditiously.

It is no secret that we believe that this lawsuit was filed for an "improper purpose, such as to harass [and] cause unnecessary delay."  Is there a legitimate reason to avoid conferring "as soon as practicable," other than to cause unnecessary delay?  What exactly do you want to wait for?

**From:** Carol Thompson <CThompson@fedpractice.com>
**Sent:** Wednesday, February 19, 2020 9:05 AM
**To:** Timothy Parlatore <timothy.parlatore@parlatorelawgroup.com>; Eric Montalvo <emontalvo@fedpractice.com>; Ji-Eun Lee <jlee@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

Mr. Parlatore,

We will voluntarily dismiss the 6th Cause of Action (Privacy Act against you as a defendant). That filing will be submitted today. We will conduct the Rule 26(f) conference when it is appropriate for all respective parties; conducting the conference now is premature.

Respectfully,

Carol A. Thompson
Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Timothy Parlatore [mailto:timothy.parlatore@parlatorelawgroup.com]
**Sent:** Tuesday, February 18, 2020 1:18 PM
**To:** Eric Montalvo; Carol Thompson; Ji-Eun Lee; Gonzalez Horowitz, Brenda (USADC)
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

Your reading of the civil rules is incorrect, as the timeline for amending the pleading as provided for under FRCP 15(a)(1), it is 21 days after service of a responsive pleading or motion under 12(b), (e), or (f).  My responsive pleadings or motion is due March 6th, presuming February 14, 2020 as the date of service, although you never complied with those requirements either.  In any event, I am not contesting service and intend to file my response well before the March 6th deadline, but wish to avoid wasting judicial resources.  That is why I am asking for your intent with regard to the 6th cause of action now.  Your "timeline" seems designed to needlessly waste my time in drafting by your refusal to extend the courtesy of letting me know your intent regarding an inarguably frivolous cause of action.  I am therefore reiterating my request that you indicate your intent now.  If you refuse to extend this courtesy, I will appropriately indicate that in my moving papers.

In any event, a 26(f) conference does not need to wait until your amended pleading and has nothing to do with judicial resources, as it is a phone conference between counsel only.  What is your availability the rest of Thursday and Friday?

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918  Direct: 212.679.6312  Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.

 

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Tuesday, February 18, 2020 12:59 PM
**To:** Timothy Parlatore <timothy.parlatore@parlatorelawgroup.com>; Carol Thompson <CThompson@fedpractice.com>; Ji-Eun Lee <jlee@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Cc:** wcowden@cowdenllc.com
**Subject:** RE: Shaw v. Motly, 20-cv-410

We have until I believe March 5th to supplement our pleading and/ or amend the complaint.  That's the timeline I am on.  I am not available at that time for a conference.  I believe it to be a waste of judicial resources.  I am sure you will proceed as you deem best.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Timothy Parlatore [mailto:timothy.parlatore@parlatorelawgroup.com]
**Sent:** Tuesday, February 18, 2020 12:11 PM
**To:** Eric Montalvo; Carol Thompson; Ji-Eun Lee; Gonzalez Horowitz, Brenda (USADC); Heather White
**Subject:** RE: Shaw v. Motly, 20-cv-410

Mr. Montalvo,

I haven't heard your response to my below email yet, but I have been doing some more research and found an additional case that you are undoubtedly already aware of.

In *Lamb v. Millennium Challenge Corp*., 228 F. Supp. 3d 28, 35 (D.D.C. 2017), Judge Moss (the same judge we are before in this case) held that "It is well-settled that no cause of action exists that would entitle a plaintiff to obtain relief from an individual under the Privacy Act." *Quoting Martinez v. Bureau of Prisons*, 444 F.3d 620, 624, 370 U.S. App. D.C. 275 (D.C. Cir. 2006) (per curiam).  Not only is this the same judge, but the motion that Judge Moss granted was filed by Heather White of your firm.  It is difficult for you to credibly argue that you were unaware of this clear bar when your firm successfully argued this point previously before Judge Moss.  I expect this cause of action to be voluntarily dismissed by close of business today.

I propose 1:30 PM EST on Thursday February 20, 2020 for the 26(f) conference.  Please let me know if that is acceptable and I will circulate a calendar invite and call in info.  Is there a standardized 26(f) form used in this district or should I put together the draft document to assist our conference?

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918  Direct: 212.679.6312  Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.

 

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.

**From:** Timothy Parlatore
**Sent:** Saturday, February 15, 2020 8:10 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>; Ji-Eun Lee <jlee@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Subject:** Shaw v. Motly, 20-cv-410

Mr. Montalvo:

As there is no longer any preliminary injunction to litigate regarding the claims you have asserted against me, I would like to move expeditiously to the substance.  In order to avoid needless and wasteful motion practice, you need to immediately voluntarily dismiss the 6th cause of action, the Privacy Act claim against me.

Without addressing your total lack of any factual basis for this claim, it is legally barred.  While I recognize that you hastily filed this complaint, it is well settled that "the Privacy Act does not authorize claims against individuals." *Earle v. Holder*, 815 F. Supp. 2d 176, 180 (D.D.C. 2011); *citing Martinez v. Bureau of Prisons*, 370 U.S. App. D.C. 275, 279, (D.C. Cir. 2006).  As this claim is completely unwarranted by existing law and there are no nonfrivolous arguments for extending, modifying, or reversing existing law or for establishing new law, you need to voluntarily dismiss this cause of action immediately, so as to avoid the needless time and expense of litigating both a 12(b)(6) motion, as well as a Rule 11 motion.

Please let me know by Tuesday, February 18, 2020 whether you will be agreeing to voluntarily withdraw the 6th Cause of Action, so that I can dispense with drafting motions and immediately file an answer to the 7th Cause of action only.  Additionally, I would like to conduct the 26(f) conference this week, so that we can move expeditiously to discovery.  I am traveling on Wednesday but am relatively available Thursday and Friday.  Let me know your availability on those days.


**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918  Direct: 212.679.6312  Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.

 

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.