| | |
|---|---|
| From: | Timothy Parlatore |
| To: | Eric Montalvo; Carol Thompson; Gonzalez Horowitz, Brenda (USADC) |
| Cc: | Cella, John |
| Subject: | RE: Activity in Case 1:20-cv-00410-RDM SHAW v. MODLY et al Order |
| Date: | Saturday, March 14, 2020 5:47:03 PM |
| Attachments: | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image019.png |
| | image020.png |
| | image021.png |
| | image022.png |
| | image004.png |
| | image005.png |
| | image006.png |

Mr. Montalvo,

This is probably one of the most outrageous forms of projection that I have seen. I have a transcript of you telling Judge Moss that you cross-examined LtCol Nesbitt at the FNAEB, the FNAEB instruction saying that attorneys are prohibited from cross-examining witnesses at FNAEBs and a transcript of LtCol Nesbitt not being cross-examined by you or asked any questions about his notebook. I also have a transcript of you claiming that LT Shaw got a NAM for his velocity vector training method and the citation showing that not to be true. Why would you feel it appropriate to remind me of the exact disciplinary rule that you are persistently violating. Although I look forward to reading your Reply, I can't imagine how you will credibly justify your false statements or attempt to project that misconduct onto me.

As to your claims about my conversation with John Cella, I did call to see why he was copied on the exhibits. I made no efforts to "solicit information" from him beyond identifying the fact that Arnold & Porter is representing LT Shaw. I am CCing him here so that he can respond if he feels that our communications were inappropriate. Though, I'm not sure what you find so disturbing about communicating with another attorney who represents a client. Perhaps you could cite a rule that says that a pro se party is prohibited from communicating with the legal counsel for a represented party?

However, all of your false ad hominem attacks are distracting from the point of this communication, which is to ascertain your position, as it relates to the joint status report that the judge has ordered us to prepare and file. What is your position regarding the preliminary injunction, as well as whether the stay applies to the libel actions and whether we can proceed with discovery on that libel action?

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918  Direct: 212.679.6312  Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.

 

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Saturday, March 14, 2020 4:01 PM
**To:** Timothy Parlatore <timothy.parlatore@parlatorelawgroup.com>; Carol Thompson <CThompson@fedpractice.com>; Gonzalez Horowitz, Brenda (USADC) <Brenda.Gonzalez.Horowitz@usdoj.gov>
**Subject:** RE: Activity in Case 1:20-cv-00410-RDM SHAW v. MODLY et al Order

Mr. Palatore,

I take your email below to indicate your objection to any continued stay. If want to indicate an amount of money to be paid by you or your firm to resolve this for yourself you can always submit that for consideration. I will let our impending response address your other comments. Your continued false statements in pleadings and to counsel reflect poorly on your integrity and will become apparent shortly. As an officer of the court I would remind you of your obligation to be truthful in pleadings As a fellow New Jersey barred attorney the following is an instructive rule of professional responsibility:

**RPC 4.1 Truthfulness in Statements to Others (a) In representing a client a lawyer shall not knowingly: (1) make a false statement of material fact or law to a third person; or (2) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client. (b) The duties stated in this Rule apply even if compliance requires disclosure of information otherwise protected by RPC 1.6.**

I would expect after your review of the impending response to be filed in accordance with the rules

you will reflect upon this rule and other applicable rules as you move forward in this litigation. I will also remind you that attempting to solicit information from Shaw's counsel, Arnold Porter, in the guise of your previous professional dealings with that counsel is quite disturbing and your record thus far indicative of a complete disregard for your professional obligations. I believe a curative email is the required first course to take and you should consider this email as such.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Timothy Parlatore [mailto:timothy.parlatore@parlatorelawgroup.com]
**Sent:** Saturday, March 14, 2020 1:10 PM
**To:** Eric Montalvo; Carol Thompson; Gonzalez Horowitz, Brenda (USADC)
**Subject:** RE: Activity in Case 1:20-cv-00410-RDM SHAW v. MODLY et al Order

Mr. Montalvo,

As the judge has ordered us to confer and submit a joint status report, what is your position? It seems to me that if your stay motion is not granted, you'll have no choice but to dismiss the action as to the Government defendants and proceed on the libel causes alone. In any event, you can't proceed with the preliminary injunction and that should therefore be withdrawn.

It is clear that, even in the unlikely event that the judge grants your motion to stay, it will not apply to the libel action and we should proceed with discovery on that now. If you are still resistant to having a 26(f) phone conference, I can just send you a draft 26(f) report any you can provide your position in writing instead. Otherwise, if your client wants to avoid discovery, I can send you a settlement offer to resolve this, the Rule 11 sanctions, as well as the claims that I intend to file after I win summary judgment.

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner

Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut



One World Trade Center, Suite 8500, New York, NY 10007
Main: 212.603.9918   Direct: 212.679.6312   Fax: 212.202.4787
NEW YORK N.Y. | WASHINGTON D.C. | SAN DIEGO C.A. | DALLAS T.X. | ARLINGTON V.A. | FORT LEE N.J. | STAMFORD C.T. | BOZEMAN M.T.
www.parlatorelawgroup.com/

Schedule a phone call by clicking here.

 

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error and then delete it. Thank you.

**From:** DCD_ECFNotice@dcd.uscourts.gov <DCD_ECFNotice@dcd.uscourts.gov>
**Sent:** Thursday, March 12, 2020 3:57 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:20-cv-00410-RDM SHAW v. MODLY et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 3/12/2020 at 3:57 PM and filed on 3/12/2020
**Case Name:**          SHAW v. MODLY et al

Case Number:     1:20-cv-00410-RDM
Filer:
Document Number: No document attached

Docket Text:
**MINUTE ORDER: Upon consideration of Plaintiff's motion to stay proceedings, Dkt. [9], and Defendants' opposition to that motion, Dkt. [11]; Dkt. [12], as well as the present briefing schedule for the motion for preliminary injunction, *see* Minute Entry (Feb. 13, 2020), and the upcoming motion hearing, Minute Order (Mar. 12, 2020), it is hereby ORDERED that the parties shall submit, on or before March 20, 2020, a joint status report setting forth the parties' views on whether the briefing on Plaintiff's motion for a preliminary injunction should be stayed pending the Court's resolution of Plaintiffs motion to stay proceedings. Signed by Judge Randolph D. Moss on 3/12/20. (lcrdm1)**

**1:20-cv-00410-RDM Notice has been electronically mailed to:**

Eric Sebastian Montalvo     emontalvo@fedpractice.com, ALockwood@fedpractice.com, JHooshmand@fedpractice.com, cthompson@fedpractice.com, docketclerk@fedpractice.com

Brenda A. Gonzalez     brenda.gonzalez.horowitz@usdoj.gov, CaseView.ECF@usdoj.gov

TIMOTHY C. PARLATORE     timothy.parlatore@parlatorelawgroup.com

**1:20-cv-00410-RDM Notice will be delivered by other means to::**