Gmail

Courtland Sav <c███████████████████>

---

# RE: EO COMPLAINT STATUS UPDATE

---

**Colberg, Barbara J LCDR USN COMNAVAIRLANT NOR VA (USA)**
<barbara.j.colberg@navy.mil>
To: "courtlandsavage@gmail.com" ███████████████████

Wed, Oct 16, 2019 at 3:11
PM

LT Savage:

Thank you for your time on the phone this afternoon. As discussed, ==RADM Kelley has reviewed your complaints against CDR Weyenberg and CDR Huddleston and determined that they are unsubstantiated.==

Attached you will find four documents:

(1)  NAVPERS 5354/2 for complaint against CDR Weyenberg

(2)  COMNAVAIRLANT ltr 5354 Ser N01L/306 of 11 Oct 19 (Subj: Determination of Equal Opportunity Complaint against CDR Weyenberg)

(3)  NAVPERS 5354/2 for complaint against CDR Huddleston

(4)  COMNAVAIRLANT ltr 5354 Ser N01L/307 of 11 Oct 19 (Subj: Determination of Equal Opportunity Complaint against CDR Huddleston)

Please review the documents and sign the 5354/2 forms in Part IV, Formal Notification Review, to acknowledge that you have been notified of this result and informed of your right to appeal to U.S. Fleet Forces Command. Once signed, please return the 5354/2 forms to me. Should you plan to submit an appeal, any statement or appeal request must be submitted within 7 days (23 October 2019). If you do appeal these findings, your appeal will be expeditiously forwarded to Fleet Forces Command.

Thank you again for your time.

Very respectfully,

Barbara J. Colberg

LCDR, JAGC, USN

Deputy Force Judge Advocate (N01L1)

Commander, Naval Air Force Atlantic

1562 Mitscher Avenue, Suite 300

Norfolk, VA 23551-2427

**Plaintiff's Exhibit 14**                    **1 of 21**

██████████
████████████████

CAUTION:  Information contained in this message may be protected by the attorney/client, attorney work product, deliberative process, or other privileges.  Additionally, the information contained in this message and any accompanying attachments may contain personally identifiable information, protected healthcare information, sensitive and pre-decisional information that is protected from mandatory disclosure under the Freedom of Information Act.  Do not disseminate further without approval from the sender.  If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.

---

**From:** Colberg, Barbara J LCDR USN COMNAVAIRLANT NOR VA (USA)
**Sent:** Wednesday, October 16, 2019 1:32 PM
**To:** ██████████████████████████████
**Subject:** RE: EO COMPLAINT STATUS UPDATE

Good afternoon, LT Savage:

CNAL has completed review and processing of your Equal Opportunity complaints in accordance with the 9 September 2019 CNAF memorandum.

Please give me a call at your convenience to discuss. I will be in the office today until 1630 Eastern time, and will be in tomorrow from approximately 0800-1630. I will be out on Friday. If we are unable to connect this week, I will be the office next week generally from 0800-1630.

I can be reached at ███████████.  Thank you very much.

Very respectfully,

Barbara J. Colberg

LCDR, JAGC, USN

Deputy Force Judge Advocate (N01L1)

Commander, Naval Air Force Atlantic

1562 Mitscher Avenue, Suite 300

Norfolk, VA 23551-2427

██████████████████
████████████████

CAUTION:  Information contained in this message may be protected by the attorney/client, attorney work product, deliberative process, or other privileges.  Additionally, the information contained in this message and any accompanying attachments may contain personally identifiable information, protected healthcare information, sensitive and pre-decisional information that is protected from mandatory disclosure under the Freedom of Information Act.  Do not disseminate further without approval from the sender.  If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.

---

**From:** Colberg, Barbara J LCDR USN COMNAVAIRLANT NOR VA (USA)
**Sent:** Thursday, September 12, 2019 1:39 PM
**To:** █████████████████████
**Subject:** EO COMPLAINT STATUS UPDATE

Good afternoon, LT Savage:

My name is LCDR Barbara Colberg and I am the Deputy Force Judge Advocate for Commander, Naval Air Force Atlantic (CNAL). I am writing in regard to the equal opportunity complaints that you filed while assigned to VFA-106 and your subsequent request for higher level review of those complaints.

In accordance with the attached memorandum from Commander, Naval Air Forces, CNAL must take additional action to complete the EO processing on the case which includes making independent determinations on the merits of the complaints and amending existing NAVPERS 5354/2 forms, if required. In practical effect, this means that CNAL will be reviewing your EO complaints against each particular alleged offender in order to make an independent determination as to whether those complaints are substantiated or unsubstantiated based on the findings of the investigation. This may or may not warrant further investigation. Also this this may, but does not necessarily, mean that complaints which were previously marked as substantiated could be determined to be unsubstantiated. Accordingly, your request for higher level review is premature at this time.

Once CNAL completes the EO processing, you will still have the right to request higher level review of your case to Commander, U.S. Fleet Forces Command. At that time, you will have the opportunity to either resubmit the appeal letter that you previously submitted, or submit any revised or additional documents. I understand that the processing of your complaint has taken a significant amount of time and I regret that this will add further delay to the process. However, CNAL will complete the processing of this case as expeditiously as possible.

I will be your primary point of contact for CNAL's processing of this matter.

Very respectfully,

Barbara J. Colberg

LCDR, JAGC, USN

Deputy Force Judge Advocate (N01L1)

Commander, Naval Air Force Atlantic

1562 Mitscher Avenue, Suite 300

Norfolk, VA 23551-2427

CAUTION:  Information contained in this message may be protected by the attorney/client, attorney work product, deliberative process, or other privileges.  Additionally, the information contained in this message and any accompanying attachments may contain personally identifiable information, protected healthcare information, sensitive and pre-decisional information that is protected from mandatory disclosure under the Freedom of Information Act.  Do not disseminate further without approval from the sender.  If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.



**4 attachments**

**NAVPERS 53542 - LT Savage.CDR Weyenberg 11 Oct 19_Signed.pdf**
1499K

**306-DETERMINATION OF EO COMPLAINT AGAINST CDR MARTIN L. WEYENBERG, USN.pdf**
1803K

**NAVPERS 53542 - LT Savage.LCDR Huddleston - 11 Oct 19 Huddleston signed.pdf**
318K

**307-DETERMINATION OF EO COMPLAINT AGAINST CDR JAMES D. HUDDLESTON, USN_Redacted.pdf**
1379K



**DEPARTMENT OF THE NAVY**
COMMANDER NAVAL AIR FORCE ATLANTIC
1562 MITSCHER AVENUE SUITE 300
NORFOLK VA 23551-2427

5354
Ser N01L/ 306
11 Oct 19

From:   Commander, Naval Air Force Atlantic
To:     File

Subj:   DETERMINATION OF EQUAL OPPORTUNITY COMPLAINT AGAINST CDR
        MARTIN L. WEYENBERG, USN

Ref:    (a) COMNAVAIRFOR ltr 5354 Ser N00/389 of 9 Sep 19
        (b) NAVPERS 5354/2 of 28 Mar 18 (w/LT Savage ltr to Hon. Mark Warner of 23 Jul 17)
        (c) CAPT Ryan T. Keys, USN, ltr of 16 Aug 18 (w/encls)
        (d) COMNAVAIRFOR ltr 5354 Ser N00/097 of 13 May 19
        (e) OPNAVINST 5354.1G
        (f) COMNAVAIRFORINST 5420.1F

1. In accordance with reference (a), I have reviewed the equal opportunity (EO) complaint filed by LT Courtland A. Savage, USN, against CDR Martin L. Weyenberg, USN, which is contained in reference (b). Reference (c) is the command investigation that inquired into various allegations of racial discrimination at Strike Fighter Squadron ONE ZERO SIX (VFA-106), and reference (d) is the final endorsement on the investigation.

2. In reference (b), LT Savage makes the following specific allegations against CDR Weyenberg:

   a. CDR Weyenberg's endorsement on LT Savage's Field Naval Aviator Evaluation Board (FNAEB) report cited LT Savage's actions during an hypoxic event as evidence that he is incapable of safely operating an aircraft. LT Savage asserted that this was the first time a pilot was held responsible for his performance while in a hypoxic state, which is evidence of implicit racial bias.

   b. VFA-106 intimated and retaliated against LT Savage for filing an informal EO complaint in April 2017. The preliminary inquiry officer, who was appointed by CDR Weyenberg, advised LT Savage his rights under the Uniform Code of Military Justice (UCMJ), Article 31(b), in a deliberate attempt to intimidate and silence LT Savage.

   c. LT Savage participated in a meeting with CDR Weyenberg and a female instructor pilot (IP) during which CDR Weyenberg asked why LT Savage believed his performance to be consistent with that of his peers. LT Savage stated that other students who had made similar mistakes as he did had received higher grades. Later that day, the female IP who was in the meeting sent an email to all VFA-106 aircrew informing them that the flight logging process was being modified and that students would be restricted from accessing other students' grade sheets. LT Savage asserts that the purpose of this change was to cover up evidence of racial bias.

   d. LT Savage asserts that he was told by two of the members of his FNAEB that he was "more than capable of safely transitioning to another platform." However, CDR Weyenberg's endorsement on the FNAEB report stated that LT Savage was too unsafe to fly any other aircraft.

3. After a thorough review of references (b) through (d) and consultation with a judge advocate, I find that the evidence does not substantiate a finding of race discrimination as defined by reference (e). The complaint is hereby unsubstantiated. Reference (d) determined that LT

Subj:   DETERMINATION OF EQUAL OPPORTUNITY COMPLAINT AGAINST CDR
MARTIN L. WEYENBERG, USN

Savage's FNAEB results were not predicated upon racial discrimination.  I further make the
following additional findings in support of this determination:

    a.  Appendix C to reference (e) defines race discrimination as "treating someone unfavorably
because he or she is of a certain race or because of personal characteristics associated with race
(such as hair texture, skin color, or certain facial features)."

    b.  Appendix C to reference (e) defines the reasonable person standard as "an objective test to
determine if behavior meets the legal test for harassment or unlawful discrimination.  The test
requires a hypothetical exposure of a reasonable person to the same set of facts and
circumstances.  If the behavior would have been offensive to a reasonable person, then the test is
met.  The reasonable person standard considers the complainant's perspective and does not rely
upon stereotyped notions of acceptable behavior within that particular work environment."

    c.  The Senior Member of LT Savage's FNAEB did not recall anyone on the board telling LT
Savage that he was capable of successfully transitioning to another platform.  Reference (c),
findings of fact (FFs) 54-55 pertain.  Assuming such a statement was made, however, the
FNAEB's final written report concluded that LT Savage "is not capable of completing the VFA-
106 FRS syllabus and has no potential as a Naval Aviator."  Enclosure (4) to LT Savage's letter
to the Honorable Mark Warner in reference (b) pertains.  There is no evidence to suggest that
CDR Weyenberg, as the Convening Authority for the FNAEB, somehow improperly influenced
the FNAEB to change its recommendation in its final report.

    d.  Reference (f), the instruction governing FNAEB procedures that was in effect at the time
of LT Savage's FNAEB, requires Convening Authorities to provide an assessment of the
respondent's past performance and future potential as a Naval Aviator.  CDR Weyenberg's
mention of LT Savage's hypoxic event was merely one of a number of concerns that CDR
Weyenberg addressed in his endorsement while recommending that LT Savage permanently
discontinue flight training and receive a (b)(1) classification.  The evidence does not support a
finding that CDR Weyenberg's mention of the hypoxic event amounted to race discrimination.

    e.  When CDR Weyenberg was informed that LT Savage expressed concerns that he was
being targeted for attrition, CDR Weyenberg directed a preliminary inquiry.  The preliminary
inquiry officer (PIO) received legal advisement from the VFA-106 legal officer prior to
conducting the preliminary inquiry.  The PIO was told by the legal officer to advise LT Savage
of his UCMJ, Article 31(b) rights but to also inform LT Savage that he was not suspected of
having committed any offenses under the UCMJ.  Reference (c), FFs 70-75 and Enclosure (36)
pertain.  The evidence in the record demonstrates that CDR Weyenberg acted in good faith to
investigate LT Savage's informal EO complaint in April 2017.  Considering the evidence of
record under the reasonable person standard, the fact that LT Savage was erroneously and
unnecessarily advised of his UCMJ, Article 31(b) rights is more likely attributed to the legal
officer and PIO's misunderstanding of the purpose and application of UCMJ, Article 31(b),
rather than a concerted effort to intimidate and retaliate against LT Savage.

    f.  VFA-106's process to modify submission of SHARP gradesheets had been underway for
several weeks.  The process change was intended to streamline submission of gradesheets and
limit students' sharing of personal information with others.  Under privacy laws, students should
have never been able to access each other's grade sheets.  VFA-106's action to restrict
replacement pilots (RPs) from accessing other RPs' gradesheets was in accordance with privacy
laws and was not an attempt to cover up for racial bias.  Reference (c), FFs 107-111 and Opinion
7 pertain.

**Plaintiff's Exhibit 14**                                          **6 of 21**

Subj:   DETERMINATION OF EQUAL OPPORTUNITY COMPLAINT AGAINST CDR
        MARTIN L. WEYENBERG, USN

4.  I further find that CDR Weyenberg's actions were well within the scope of his duties and responsibilities as the VFA-106 Commanding Officer.  The evidence demonstrates that CDR Weyenberg's actions with respect to the FNAEB were motivated by LT Savage's sustained substandard performance rather than unfavorable treatment because of LT Savage's race.  CDR Weyenberg acted in good faith to investigate LT Savage's informal EO complaint.  Although errors occurred in the processing and investigation of LT Savage's informal complaint, those errors are not attributable to race discrimination.

5.  By copy of this letter, Commander, Naval Air Force Atlantic (N01L) shall cause the appropriate entries to be made on reference (b), and ensure that the parties are debriefed on this determination and informed of their right to request higher level review by Commander, U.S. Fleet Forces Command, in accordance with reference (e).

6.  My point of contact for this matter is LCDR Barbara Colberg, JAGC, USN.  She can be reached at (757) 836-9920 or barbara.j.colberg@navy.mil.

                                        R. J. KELLEY

Copy to:
CDR Weyenberg
LT Savage

**Plaintiff's Exhibit 14**                                    **7 of 21**



**DEPARTMENT OF THE NAVY**
COMMANDER NAVAL AIR FORCE ATLANTIC
1562 MITSCHER AVENUE SUITE 300
NORFOLK VA 23551-2427

5354
Ser N01L/ 307
11 Oct 19

From: Commander, Naval Air Force Atlantic
To:   File

Subj: DETERMINATION OF EQUAL OPPORTUNITY COMPLAINT AGAINST CDR
JAMES D. HUDDLESTON, USN

Ref:  (a) COMNAVAIRFOR ltr 5354 Ser N00/389 of 9 Sep 19
      (b) NAVPERS 5354/2 of 28 Mar 18
      (c) **(b) (6)**                , USN, ltr of 16 Aug 18 (w/encls)
      (d) COMNAVAIRFOR ltr 5354 Ser N00/097 of 13 May 19
      (e) OPNAVINST 5354.1G

1. In accordance with reference (a), I have reviewed the equal opportunity complaint filed by LT
Courtland A. Savage, USN, against CDR James D. Huddleston, USN, which is contained in
reference (b). Reference (c) is the command investigation that inquired into various allegations
of racial discrimination at Strike Fighter Squadron ONE ZERO SIX, and reference (d) is the final
endorsement on the investigation.

2. In reference (b), LT Savage makes the following specific allegations against CDR Huddleston:

   a. CDR Huddleston awarded LT Savage his eighth Signal of Difficulty (SOD) on LT
Savage's FSTK-117 flight. LT Savage asserts that during the flight, he was instructed to execute
a roll-in strafe attack that was not included in the syllabus guide and was not discussed in the
brief. LT Savage asserts that this deviation was a deliberate attempt to set him up to fail and
award him his eighth SOD, thereby initiating his Field Naval Aviator Evaluation Board
(FNAEB).

   b. CDR Huddleston was the "single most active person" in LT Savage's removal from
F/A-18 training. LT Savage was notified of the FNAEB in CDR Huddleston's office, and when
LT Savage arrived, CDR Huddleston had been speaking with the FNAEB Senior Member. **(b) (6)**
**(b) (6)**, Commander, Naval Air Force Atlantic (CNAL) N40, who oversaw the FNAEB
process for CNAL, was CDR Huddleston's former Commanding Officer. LT Savage asserts that
**(b) (6)** informed him that he had discussed LT Savage's performance with CDR
Huddleston and **(b) (6)** "aggressively pressured" LT Savage to admit he was incapable of
flying F/A-18s.

   c. "Due to the aggressive nature with which [CDR Huddleston] sought [LT Savage's]
removal from training, and his apparent affiliation with the senior member of [LT Savage's]
FNAEB and senior member of [CNAL's] staff," LT Savage asserts that he did not receive a fair
and impartial review.

3. After a thorough review of references (b) through (d) and consultation with a judge advocate,
I find that the evidence does not substantiate a finding of race discrimination as defined by
reference (e). The complaint is hereby unsubstantiated. Reference (d) determined that LT
Savage's FNAEB results were not predicated upon racial discrimination. I further make the
following additional findings in support of this determination:

**Plaintiff's Exhibit 14**                                                **8 of 21**

Subj:  DETERMINATION OF EQUAL OPPORTUNITY COMPLAINT AGAINST CDR
       JAMES D. HUDDLESTON, USN

a.  Appendix C to reference (e) defines race discrimination as "treating someone unfavorably because he or she is of a certain race or because of personal characteristics associated with race (such as hair texture, skin color, or certain facial features)."

b.  Appendix C to reference (e) defines the reasonable person standard as "an objective test to determine if behavior meets the legal test for harassment or unlawful discrimination. The test requires a hypothetical exposure of a reasonable person to the same set of facts and circumstances. If the behavior would have been offensive to a reasonable person, then the test is met. The reasonable person standard considers the complainant's perspective and does not rely upon stereotyped notions of acceptable behavior within that particular work environment."

c.  **(b) (6)**          , USN, was the instructor who directed LT Savage to execute the strafing run on his FSTK-117 flight. **(b) (6)**          directed this because LT Savage had failed to execute the required syllabus actions, but had successfully strafed numerous times in previous events. **(b) (6)**          hoped that LT Savage would be able to complete the strafing task. Reference (c), finding of fact (FF) 68 pertains.

d.  LT Savage received significantly more training opportunities than other VFA-106 replacement pilots (RPs) who were subjected to FNAEBs. LT Savage received eight SODs up through the Strike syllabus. The average number of RP SODs through end of Strike is 0.83. Reference (c), FFs 80-82 pertain.

e.  CDR Huddleston assigned a mentor to LT Savage following his Performance Review Board. LT Savage's mentor devised a remediation plan for LT Savage. Reference (c), FFs 84-90 and enclosure (28) pertain.

4.  I further find that CDR Huddleston's actions were well within the scope of his duties and responsibilities as the VFA-106 Training Officer. The evidence demonstrates that CDR Huddleston's actions were motivated by LT Savage's sustained substandard performance rather than unfavorable treatment because of LT Savage's race.

5.  By copy of this letter, Commander, Naval Air Force Atlantic (N01L) shall cause the appropriate entries to be made on reference (b), and ensure that the parties are debriefed on this determination and informed of their right to request higher level review by Commander, U.S. Fleet Forces Command, in accordance with reference (e).

6.  My point of contact for this matter is LCDR Barbara Colberg, JAGC, USN. She can be reached at (757) 836-9920 or barbara.j.colberg@navy.mil.

R. J. KELLEY

Copy to:
CDR Huddleston
LT Savage



**DEPARTMENT OF THE NAVY**
U.S. FLEET FORCES COMMAND
1562 MITSCHER AVENUE SUITE 250
NORFOLK VA 23551-2487

5354
Ser N01L/103
9 Dec 19

From:  Commander, U.S. Fleet Forces Command
To:    LT Courtland A. Savage, USN

Subj:  FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST
       CDR MARTIN L. WEYENBERG, USN, AND CDR JAMES D. HUDDLESTON, USN

Ref:   (a) OPNAVINST 5354.1G
       (b) Your ltrs of 22 Oct 19 and 24 Jun 19
       (c) COMNAVAIRLANT 5354 ltr Ser N01L/306 of 11 Oct 19
       (d) COMNAVAIRLANT 5354 ltr Ser N01L/307 of 11 Oct 19

1.  In accordance with reference (a), I reviewed references (b) through (d), as well as the
command investigation and correspondence relating to your appeal.  A judge advocate also
reviewed your appeal prior to my decision.

2.  On 2 April 2018, you made two complaints of discrimination based on race, as noted on
separate NAVPERS 5354/2 forms – one against CDR Martin Weyenberg, your former
Commanding Officer at VFA-106, and one against CDR James Huddleston, your former
Training Officer at VFA-106.  In support of your complaints, you referenced a letter you wrote
to the Honorable Mark Warner (D-VA), U.S. Senate, dated 23 July 2017.  You make a number
of allegations in that letter, many of which were not complaints against CDR Weyenberg or CDR
Huddleston, specifically.  Per reference (a), the complaint must be made against an individual
offender, not against a group or "the chain of command."  Because this process is governed by
reference (a), I will confine my response to your allegations of race discrimination against CDR
Weyenberg and CDR Huddleston, as noted on the NAVPERS 5354/2 forms.

3.  Race discrimination, as defined by reference (a), is "treating someone unfavorably because
he or she is of a certain race or because of personal characteristics associated with race…"  You
allege that CDR Weyenberg's actions with regard to the Field Naval Aviator Evaluation Board
(FNAEB) was discriminatory based on race.  You separately allege that CDR Huddleston's
actions regarding your final event in the strike syllabus, and his recommendation of a FNAEB,
were discriminatory based on race.

4.  For the reasons set forth in reference (c), I concur that CDR Weyenberg's actions with regard
to the FNAEB were based on your sustained substandard performance, rather than unfavorable
treatment based on your race.  Further, for the reasons set forth in reference (d), I concur that
CDR Huddleston's actions regarding your final event in your strike syllabus, and his
recommendation of a FNAEB, were based on your sustained substandard performance rather
than unfavorable treatment based on race.  Therefore, after careful review of your appeal and the
underlying investigation, I have determined that your allegations against CDR Weyenberg and
CDR Huddleston are not substantiated.

Subj:  FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINT AGAINST
       CDR MARTIN L. WEYENBERG, USN, AND CDR JAMES D. HUDDLESTON, USN

5.  I do note, however, that the general behavior you described, which was not attributed to CDR
Weyenberg or CDR Huddleston – e.g., referring to you with the call sign, "Radio," making racial
jokes, and discussing racist topics – is completely unacceptable and we have taken a number of
actions, including accountability actions, where appropriate.  Specifically, at the direction of
Commander, Naval Air Forces (CNAF), Chief of Naval Air Training (CNATRA) instituted a
Call Signs Policy on 25 July 2019, prohibiting assignment of call signs based on race, ethnicity,
national origin, sex, sexual orientation, gender identity, or religion.  Further, at the direction of
CNAF, CNATRA directed that Commanding Officers must approve all call signs in writing.

6.  In addition, in the aviation community, training on unconscious bias is included in the
Aviation Flag Officer Training Symposium, Commander's Training Symposium, and
Prospective Commanding Officer/Prospective Executive Officer/Spouse course.  Additionally,
the Navy's Leadership and Ethics Center train on unconscious bias in their Prospective
Commanding Officer and Prospective Executive Officer courses.

7.  Your appeal is hereby denied.  This correspondence constitutes final action by me in this
matter.  If you desire, you may appeal this decision further in writing to the Secretary of the
Navy.

8.  My point of contact for this matter is LCDR Ingrid E. Paige, Assistant Fleet Judge Advocate,
who can be reached at commercial (757) 836-5957, or by e-mail at ingrid.e.paige@navy.mil.

C. W. GRADY

Copy to:
CNAF
CNAL
VFA-106

2

NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT
NAVPERS 5354/2 (Rev. 08-2017)          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PRIVACY ACT STATEMENT**

**AUTHORITY:** 10 U.S.C. 5013 (g).
**PRINCIPAL PURPOSE:** Filing of allegations of unlawful discrimination and harassment based on race, color, religion, sex (including gender identity) or sexual orientation, national origin, and incidents of sexual harassment against military personnel. For Equal Employment Opportunity reports against civilian employees, see Equal Employment Opportunity Commission Management Directive 715.
**ROUTINE USES:** Information provided on this form may be used: (a) as a data source for report information, statistics, reports, and analysis; (b) to respond to requests from appropriate outside individuals or agencies *(e.g. Members of Congress; the White House)* regarding the status of a report; (c) to adjudicate the report or appeal; or (d) any other properly established routine use. May use addendum as necessary.
**DISCLOSURE:** Disclosure is voluntary; however, failure to fully complete all portions of this form may result in rejection of the report on the basis of inadequate data to assess report.

PROTECT PRIVACY: Protect individual privacy (both complainant and alleged offender) throughout the process. (SECNAVINST 5211.5 Series)

**PART I. COMPLAINANT INFORMATION & RESOURCES**

| 1. Complainant Name *(Full First Name, MI, Last Name)*:  COURTLAND A. SAVAGE | 2. Rank/Rate:  LT/O3 | 3. DoD ID Number:  1374374261 |
|---|---|---|

| 4. Command Name/UIC:  VFA-106/N09679 | 5 Race/Ethnic Group:  Black or African American | 6. Sex:  Male | 7. Date:  28 Mar 18 |
|---|---|---|---|

8. Report Processing Options:

(a) Informal Resolution System (IRS). *(see OPNAVINST 5354.1 Series or OPNAVINST 5300.13 Series)*

(b) U.S. Navy Sexual Harassment Prevention and Equal Opportunity Advice Line.
Call Toll Free: (800) 253-0931, DSN 882-2507, COMM (901) 874-2507. Line manned Monday - Friday, 0830-1630 Central Standard Time.
E-Mail: Mill_NavyEOAdvice@Navy.mil.

(c) Authorized command or local resources. The following are available *(insert local name, organization, and phone number)*

| | | | |
|---|---|---|---|
| Equal Employment Opportunity (EEO) Official: | Local Name | Organization | Phone Number |
| Fleet Family Support Center (FFSC): | Local Name | Organization | Phone Number |
| Command Climate Specialist (CCS): | Local Name | Organization | Phone Number |
| Health Treatment Facilities (HTF): | Local Name | Organization | Phone Number |
| Chaplain: | Local Name | Organization | Phone Number |
| Legal: | Local Name | Organization | Phone Number |

(d) NAVREGS 1151 Request mast with the Commanding Officer (CO)/Officer-in-Charge (OIC).
Your right to communicate with the CO/OIC in a proper manner, time, and place shall not be denied or restricted.
Such requests shall be acted upon promptly and forwarded without delay.
*(Attach local procedures as a separate document and additional information if necessary.)*

(e) Communications with Inspector Generals. Any person whose chain of command does not take effective action on reports or who does not feel comfortable filing reports locally or in person can lodge reports (anonymously if desired) via one or more of the available hot lines:
Naval Inspector General: Toll free (800) 522-3451; DSN 288-6743, COMM (202) 433-6743.
Marine Corps Inspector General: DSN 224-1349, COMM (703) 614-1349
Local TYCOM, ISIC, or local Commander's hot lines:        TYCOM Hot line        ISIC Hot line        CO Hot line

(f) NAVREGS 1155. A Service member may always communicate individually with members of Congress.

(g) UCMJ Article 138. A Service member who believes himself or herself wronged by his or her CO may file a report as provided in JAGMAN Chapter III.

(h) NAVREGS 1150. A Service member who believes himself or herself wronged by his or her superior in rank or command (to include enlisted personnel) other than his or her CO may file a report as provided in JAGMAN Chapter III.

(i) Anonymous Report Process. *(see OPNAVINST 5354.1 Series or OPNAVINST 5300.13 Series)*

Complainant was advised of counseling/support services and provided a copy of this form.

| 9. Representative Receiving Report:  AZCS JOSEPH SOUZA | 10. Rank/Rate:  AZCS/E-8 | 11. Position:  VFA-106 CMEO |
|---|---|---|

| 12. Command Name/UIC:  VFA-106/N09679 | 13. Representative Signature:  SOUZA JOSEPH PAUL.1173093 922  Digitally signed by SOUZA JOSEPH PAUL.1173093922 Date: 2018.04 02 12:58:44 -04'00' | 14. Date:  02 Apr 18 |
|---|---|---|

| 15. Complainant Name:  COURTLAND A. SAVAGE | 16. Complainant Signature:  *Courtland A. Savage* | 17. Date:  02 Apr 18 |
|---|---|---|

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE                        Print Form                        Page 1 of 5

**Plaintiff's Exhibit 14**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART II. ALLEGED OFFENDER INFORMATION & NATURE OF REPORT.**

Filing Deadline: I understand that a formal report shall be made within 60 calendar days of the offending incident, or in the case of a series of incidents, within 60 calendar days of the most recent incident. This EO filing deadline does not affect alternative remedies that might apply.

| 1. Alleged Offender Name *(Full First Name, MI, Last Name)*: | 2. Rank/Rate: | 3. Command Name/UIC: |
|---|---|---|
| MARTIN L. WEYENBERG | CDR/O5 | VFA-106/N09679 |

**4. Location of Incident:**   Complainant & Alleged Offender On Duty

**5. Relationship to Complainant :**   Chain of Command

**6. Race/Ethnic Group *(obtain from FLTMPS):*  White**

**7. Sex:**  Male

**8. NATURE OF REPORT:** *(State, in as much detail as possible, the basis for your report. Describe the behaviors / conduct under objection, date(s) of any occurrence, names of involved parties, witnesses, others to or from whom previous reports may have been made or received, other evidence available, and any additional information which may be helpful in resolving your report. Attach additional sheets as needed. Check the blocks for all that apply. If a Service Member, uniformed witness, or first responder perceives subsequent retaliation related to the report of sexual harassment, they may seek support from a Command Climate Specialist (CCS). Individuals can also report to the Inspector General (IG), a Military Criminal Investigative Organization (MCIO) or to command for investigation, or other appropriate command action.)*

☒ Discrimination          ☐ Harassment                        ☒ Sexual Harassment

☒ Race            ☐ National Origin        ☐ Religion                ☐ Crude Offensive Behavior

☐ Color           ☐ Sexual Orientation     ☐ Sex *(including gender identity)*   ☐ Unwanted Sexual Attention

                                                                               ☐ Sexual Coercion

SEE ATTACHED MESSAGE FROM LT SAVAGE TO HONORABLE MARK WARNER DATED 23JUL17.

**9. Report Type:**

☒ Formal                                    ☐ Informal

Acknowledgment of Receipt of Report *(by Representative identified in Part I, Number 9)*:
I acknowledge receipt of this unlawful discrimination/harassment/sexual harassment report.
I understand that I have one calendar day *(24 hours)* to refer the report to the appropriate authority and to inform that authority of any interim action that is taken.

| 10. Representative Receiving Report: | 11. Rank/Rate: | 12. Position: |
|---|---|---|
| AZCS JOSEPH SOUZA | AZCS/E-8 | VFA-106 CMEO |

| 13. Command Name/UIC: | 14. Representative Signature: | 15. Date: |
|---|---|---|
| VFA-106/N09679 | SOUZA JOSEPH PAUL.1173093 Digitally signed by 922  SOUZA.JOSEPH.PAUL.1173093922 Date: 2018.04.02 12.59:02 -04'00' | 02 Apr 18 |

**16. Complainant Acknowledgment/Signature** *(By signing, Complainant affirms the above has been read, is understood, and is correct.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| COURTLAND A. SAVAGE | *Courtland Savage* | 02 APR 18 |

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE              [ Print Form ]

**Plaintiff's Exhibit 14**

## NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT
NAVPERS 5354/2 (Rev. 08-2017)          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

### PART III. FORMAL REPORT PROCESSING/COMMAND ACTIONS

INTERIM FEEDBACK/ASSISTANCE TO COMPLAINANT. Take particular care to avoid re-victimizing complainants (and witnesses). Keep the complainant and alleged offender apprised of the status of the investigation (including any deadline extensions). Provide supplemental counseling/ support assistance/referral as warranted. Ensure that all involved are aware of the retaliation plan of action and know that retaliation against the complainant will not be tolerated. (Recommend keeping a record of such feedback/assistance. Attach record to the report form.)
RESOLUTION TIME STANDARDS/REPORTING. Resolution of case should be completed no later than 20 days from investigation commencement. Resolution includes: Completion of investigation, determination of validity of report, adjudication at non-judicial punishment or courts-martial, initiation of other appropriate action, notification to accused, and notification of complainant and submission of a close-out. If time standards cannot be met, continuation messages every 14 days through case resolution is mandatory for reports of sexual harassment. Explain the reason(s) for delay. Send all messages UNCLASSIFIED.
DOCUMENT COMMAND ACTION. The complainant's command is responsible for ensuring Parts I and II are complete and providing this to the alleged offender's Commander, Commanding Officer or Officer-in-charge (hereafter referred to as Commander) (as applicable). Upon completion of Part III, with the exception of continuation(s) and close-out Date Time Groups, Parts I through III are required to be forwarded within 72 hours (3 days) and Parts IV and V upon final disposition of report, via appropriate Echelon II CCS, CMEO program manager, or EO program manager, to Mill_NavyEOAdvice@Navy.mil via an e-mail that is not encrypted. Command records should permit reviewers to clearly ascertain/assess decisions reached. Make appropriate entries in individual personnel records, if applicable. Make any statistical reports required by the chain of command. Retain this completed form and investigation onboard at least two years, at which time the entire command investigation shall be sent to the Office of the Judge Advocate General (Code 15) Investigations Branch. Provide a copy of completed form to complainant as authorized under Freedom of Information Act (FOIA) and governing directives.

**1.** Command Climate Specialist (CCS) Consultation: OPNAVINST 5300.XX and OPNAVINST 5354.1G requires consultation of a CCS in all informal, formal, and anonymous sexual harassment, unlawful discrimination and harassment reports.

| (a) Command Climate Specialist Name: | (b) Rank/Rate: | (c) Command Name/UIC: |
|---|---|---|
| ETC TIFFANY SILKWORTH-MALLORY | ETC/E7 | COMNAVAIRLANT |
| AMCS STEPFANEY CHASE | AM/E8 | COMNAVAIRPAC |
| (d) Command Climate Specialist Phone Number: | | (e) Command Climate Specialist E-mail Address: |
| (757)836-4501    (619)545-1835 (CNAP) | | TIFFANY.SILKWORTHMAL@NAVY.MIL |

I understand that I must provide all appropriate voice reports and required message reports (e.g., OPREP) per OPNAVINST F3100.6 series within established time lines. I further understand I must initiate an appropriate investigation or ensure that one is being conducted (e.g., by NCIS) within three calendar days (72 hours) and notify complainant the same day of investigation commencement. I must ensure a retaliation plan is in place and acknowledged by all involved parties. I also understand that I am required to consult a CCS prior to making a determination of this report, as well as, consult with a judge advocate for all allegations of sexual harassment and for legal sufficiency review.

Transfer of Report: When the complainant and alleged offender are assigned to different commands or services (when all parties are not assigned to a joint military environment), the report shall be processed by the command or service of the alleged offender.

**2.** Commander Directing Investigation:

| (a) Name: CNAP ASSUMED INVESTIGATION 10JAN18 (Jeffrey J. Czerwka, CAPT)<br>Kevin McLaughlin | (b) Rank/Rate:<br>CAPT | (c) Command Name/UIC:   COMNAVAIRPAC/57025<br>CSFWL / 09103 |
|---|---|---|
| (d) Contact Information: 619-545-4390<br>757 433-9273 | (e) Signature: | (f) Date: 10JAN18<br>6 APR 18 |

**3.** Date Time Group (DTG) of OPREP Messages (Attach a copy of all messages to this form.)

| (a) Initial DTG:   0519 20Z APR 18 | (b) Close-Out DTG: |
|---|---|

**4.** Investigating Officer.

| (a) Name and Contact Information:<br>CAPT WILLIAM S. BUTLER | (b) Date Convened:<br>10JAN18 |
|---|---|

**5.** Complainant Acknowledgment/Signature. (By signing, Complainant affirms the above has been read and is understood.)

| (a) Name:<br>COURTLAND A. SAVAGE | (b) Signature: | (c) Date:<br>02 APR 18 |
|---|---|---|

**6.** Alleged Offender Acknowledgment/Signature. (By signing, Alleged Offender affirms the above has been read and is understood.)

| (a) DoD ID Number: 1159781/83 | | |
|---|---|---|
| (b) Name:<br>MARTIN L. WEYENBERG | (c) Signature: | (d) Date: 4/9/18 |

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE

Print Form          Page 3 of 5

**Plaintiff's Exhibit 14**          **14 of 21**

NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT
NAVPERS 5354/2 (Rev. 08-2017)        Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

PART IV. FORMAL NOTIFICATION REVIEW

1. Notification of Action Taken to Resolve Report. *(To concur within 20 calendar days of receipt of report.)*

| (a) Report was completed on: | (b) Report was found to be: |
|---|---|
| 13 JUL 18 | Unsubstantiated (No Corroboration) |

(c) Based on the following findings:

Refer to COMNAVAIRLANT ltr 5354 Ser N01L/306 of 11 Oct 19 (Subj: Determination of Equal Opportunity Complaint Against CDR Martin L. Weyenberg, USN). A copy of the letter with third party privacy information redacted is provided to the complainant and the alleged offender. COMNAVAIRLANT independent determination on the complaint was directed by COMNAVAIRFOR ltr 5354 Ser N00/389 of 9 Sep 19.

2. Right to review by higher authority (via an appeal): I acknowledge notice of my right to submit a statement concerning the investigative findings and command action taken, and to request review of those findings and actions by the Echelon II Commander. Any statement and, or request must be submitted within 7 days of acknowledgment.

| (a) Echelon II Command: | (b) Echelon II CCS/EO Program Manager Contact Information: |
|---|---|
| U.S. FLEET FORCES COMMAND | BMCM Ford, Johnny (757-836-8326 / johnny.ford1@navy.mil) |

3. Complainant Acknowledgment/Signature. *(By signing, Complainant affirms the above has been read and is understood.)*

☑ I intend to submit a statement/appeal.          ☐ I DO NOT intend to submit a statement/appeal.

| (a) Name: | (b) Signature: | (c) Date: | (d) Seven Days: |
|---|---|---|---|
| Courtland A. Savage | *Courtland A. Savage* | 22 OCT 19 | 23 OCT 19 |

4. Alleged Offender Acknowledgment/Signature. *(By signing, Alleged Offender affirms the above has been read and is understood.)*

☐ I intend to submit a statement/appeal.          ☒ I DO NOT intend to submit a statement/appeal.

| (a) Name: | (b) Signature: | (c) Date: | (d) Seven Days: |
|---|---|---|---|
| MARTIN L. WEYENBERG | *signature* | 10/15/19 | 10/22/19 |

PART V. FORMAL APPEAL

1. First Appeal Results:

☒ CONCUR                    ☐ DO NOT CONCUR

After careful consideration and consultation with a staff judge advocate, I have determined that the allegations in the subject complaint are not substantiated. The investigation was legally sufficient and the process adequately addressed the matters of complaint. No further action is warranted.

| (a) Name of Echelon II Reviewing Authority (Commander/Designee): | (b) Rank/Rate: | (c) Command Name/UIC: |
|---|---|---|
| C. W. GRADY, Commander | ADM, O-10 | U.S. Fleet Forces Command/00060 |

| (d) Contact Information: | (e) Signature: | (f) Date: |
|---|---|---|
| 757-836-0825 | *signature* | 7 DEC 19 |

2. Complainant Acknowledgment/Signature. *(By signing, Complainant affirms the above has been read and is understood.)*

☐ I intend to submit a statement/appeal.          ☐ I DO NOT intend to submit a statement/appeal.

| (a) Name: | (b) Signature: | (c) Date: | (d) Seven Days: |
|---|---|---|---|
|  |  |  |  |

3. Alleged Offender Acknowledgment/Signature. *(By signing, Alleged Offender affirms the above has been read and is understood.)*

☐ I intend to submit a statement/appeal.          ☐ I DO NOT intend to submit a statement/appeal.

| (a) Name: | (b) Signature: | (c) Date: | (d) Seven Days: |
|---|---|---|---|
|  |  |  |  |

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART V. FORMAL APPEAL (continued)**

4. SECNAV - Final Appeal Results *(action that been taken to resolve report by reviewing authority):*

☐ CONCUR                                              ☐ DO NOT CONCUR

| (a) Name of SECNAV Reviewing Authority: | (b) Rank/Rate: | (c) Command Name/UIC: |
|---|---|---|

| (d) Contact Information: | (e) Signature: | (f) Date: |
|---|---|---|

5. Complainant Acknowledgment/Signature.  *(By signing, Complainant affirms the above has been read and is understood.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| COURTLAND A. SAVAGE | | |

6. Alleged Offender Acknowledgment/Signature.  *(By signing, Alleged Offender affirms the above has been read and is understood.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| MARTIN L. WEYENBERG | | |

**PART VI. FORMAL REPORT FOLLOW-UP**

1. Complainant Follow-Up Survey  *(Commanders shall conduct a follow-up debrief with the Complainant 30-45 days after the final action.  Command follow-up will include a determination of Complainant satisfaction with the effectiveness of corrective action, timeliness, present command climate, and a review to ensure retaliation did not occur.)*

(a) Were you subjected to any form of retaliation because of your report?

(b) Rate your level of satisfaction with the processing of your report.

(c) Rate your level of satisfaction with the resolution of your report.

(d) What could have prevented this incident?

2. Complainant Follow-Up Comments:

3. Complainant Acknowledgment/Signature.  *(By signing, Complainant affirms the above has been read and is understood.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| COURTLAND A. SAVAGE | | |

4. Commander Follow-Up Notes.  *(Indicate dates/nature of any actions prompted by Complainant debrief.  Attach additional sheets as necessary.)*

5. Commander Acknowledgment/Signature.  *(By signing, Commanding Officer affirms the above is correct and report process is complete.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE

[ Print Form ]

**Plaintiff's Exhibit 14**          **16 of 21**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

### PRIVACY ACT STATEMENT

**AUTHORITY:** 10 U.S.C. 5013 (g).
**PRINCIPAL PURPOSE:** Filing of allegations of unlawful discrimination and harassment based on race, color, religion, sex (including gender identity) or sexual orientation, national origin, and incidents of sexual harassment against military personnel. For Equal Employment Opportunity reports against civilian employees, see Equal Employment Opportunity Commission Management Directive 715.
**ROUTINE USES:** Information provided on this form may be used: (a) as a data source for report information, statistics, reports, and analysis; (b) to respond to requests from appropriate outside individuals or agencies *(e.g. Members of Congress; the White House)* regarding the status of a report; (c) to adjudicate the report or appeal; or (d) any other properly established routine use. May use addendum as necessary.
**DISCLOSURE:** Disclosure is voluntary; however, failure to fully complete all portions of this form may result in rejection of the report on the basis of inadequate data to assess report.

**PROTECT PRIVACY:** Protect individual privacy *(both complainant and alleged offender)* throughout the process. *(SECNAVINST 5211.5 Series)*

### PART I. COMPLAINANT INFORMATION & RESOURCES

| 1. Complainant Name *(Full First Name, MI, Last Name)*: COURTLAND A. SAVAGE | | 2. Rank/Rate: LT/O3 | 3 DoD ID Number: |
|---|---|---|---|
| 4. Command Name/UIC: VFA-106/N09679 | 5 Race/Ethnic Group: Black or African American | 6. Sex: Male | 7. Date: 28 Mar 18 |

**8** Report Processing Options:

(a) <u>Informal Resolution System (IRS)</u>. *(see OPNAVINST 5354.1 Series or OPNAVINST 5300.13 Series)*

(b) <u>U.S. Navy Sexual Harassment Prevention and Equal Opportunity Advice Line</u>.
Call Toll Free: (800) 253-0931, DSN 882-2507, COMM (901) 874-2507. Line manned Monday – Friday, 0830-1630 Central Standard Time.
E-Mail: Milt_NavyEOAdvice@Navy.mil.

(c) <u>Authorized command or local resources</u>. The following are available *(insert local name, organization, and phone number)*

| | | | |
|---|---|---|---|
| Equal Employment Opportunity (EEO) Official: | Local Name | Organization | Phone Number |
| Fleet Family Support Center (FFSC): | Local Name | Organization | Phone Number |
| Command Climate Specialist (CCS): | Local Name | Organization | Phone Number |
| Health Treatment Facilities (HTF): | Local Name | Organization | Phone Number |
| Chaplain: | Local Name | Organization | Phone Number |
| Legal: | Local Name | Organization | Phone Number |

(d) <u>NAVREGS 1151 Request mast with the Commanding Officer (CO)/Officer-in-Charge (OIC)</u>.
Your right to communicate with the CO/OIC in a proper manner, time, and place shall not be denied or restricted.
Such requests shall be acted upon promptly and forwarded without delay.
*(Attach local procedures as a separate document and additional information if necessary.)*

(e) <u>Communications with Inspector Generals</u>. Any person whose chain of command does not take effective action on reports or who does not feel comfortable filing reports locally or in person can lodge reports (anonymously if desired) via one or more of the available hot lines:
Naval Inspector General: Toll free (800) 522-3451; DSN 288-6743, COMM (202) 433-6743.
Marine Corps Inspector General: DSN 224-1349, COMM (703) 614-1349

| Local TYCOM, ISIC, or local Commander's hot lines: | TYCOM Hot line | ISIC Hot line | CO Hot line |
|---|---|---|---|

(f) <u>NAVREGS 1155</u>. A Service member may always communicate individually with members of Congress.

(g) <u>UCMJ Article 138</u>. A Service member who believes himself or herself wronged by his or her CO may file a report as provided in JAGMAN Chapter III.

(h) <u>NAVREGS 1150</u>. A Service member who believes himself or herself wronged by his or her superior in rank or command (to include enlisted personnel) other than his or her CO may file a report as provided in JAGMAN Chapter III.

(i) <u>Anonymous Report Process</u>. *(see OPNAVINST 5354.1 Series or OPNAVINST 5300.13 Series)*

Complainant was advised of counseling/support services and provided a copy of this form.

| 9. Representative Receiving Report: AZCS JOSEPH SOUZA | 10. Rank/Rate: AZCS/E-8 | 11. Position: VFA-106 CMEO | |
|---|---|---|---|
| 12. Command Name/UIC: VFA-106/N09679 | 13. Representative Signature: SOUZA JOSEPH.PAUL.1173093 922  Digitally signed by SOUZA JOSEPH.PAUL.1173093922 Date: 2018.04.02 12:54:14 -04'00' | | 14. Date: 02 Apr 18 |
| 15. Complainant Name: COURTLAND A. SAVAGE | 16. Complainant Signature: | | 17. Date: |

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE                    [ Print Form ]                    Page 1 of 5

**Plaintiff's Exhibit 14**                    **17 of 21**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**      Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART II. ALLEGED OFFENDER INFORMATION & NATURE OF REPORT**

Filing Deadline: I understand that a formal report shall be submitted within 60 calendar days of the offending incident, or in the case of a series of incidents, within 60 calendar days of the most recent incident. This EO filing deadline does not affect alternative remedies that might apply.

| 1. Alleged Offender Name *(Full First Name, MI, Last Name):* | 2. Rank/Rate: | 3. Command Name/UIC: |
|---|---|---|
| JAMES D. HUDDLESTON | LCDR/O4 | VFA-106/N09679 |

| 4. Location of Incident:  Complainant & Alleged Offender On Duty |
|---|

| 5. Relationship to Complainant :   Chain of Command |
|---|

| 6. Race/Ethnic Group *(obtain from FLTMPS)*:  White |
|---|

| 7. Sex:  Male |
|---|

8. NATURE OF REPORT: *(State, in as much detail as possible, the basis for your report. Describe the behaviors / conduct under objection, date(s) of any occurrence, names of involved parties, witnesses, others to or from whom previous reports may have been made or received, other evidence available, and any additional information which may be helpful in resolving your report. Attach additional sheets as needed. Check the blocks for all that apply. If a Service Member, uniformed witness, or first responder perceives subsequent retaliation related to the report of sexual harassment, they may seek support from a Command Climate Specialist (CCS). Individuals can also report to the Inspector General (IG), a Military Criminal Investigative Organization (MCIO) or to command for investigation, or other appropriate command action.)*

☒ Discrimination          ☐ Harassment                              ☐ Sexual Harassment

☒ Race          ☐ National Origin          ☐ Religion          ☐ Crude Offensive Behavior

☐ Color          ☐ Sexual Orientation          ☐ Sex *(including gender identity)*          ☐ Unwanted Sexual Attention

☐ Sexual Coercion

SEE ATTACHED COMPLAINT.

9. Report Type:

☒ Formal                              ☐ Informal

Acknowledgment of Receipt of Report *(by Representative identified in Part I, Number 9):*
I acknowledge receipt of this unlawful discrimination/harassment/sexual harassment report.
I understand that I have one calendar day *(24 hours)* to refer the report to the appropriate authority and to inform that authority of any interim action that is taken.

| 10. Representative Receiving Report: | 11. Rank/Rate: | 12. Position: | |
|---|---|---|---|
| AZCS JOSEPH SOUZA | AZCS/E-8 | VFA-106 CMEO | |
| 13. Command Name/UIC: | 14. Representative Signature: | | 15. Date: |
| VFA-106/N09679 | SOUZA.JOSEPH.PAUL.1173093922  Digitally signed by SOUZA.JOSEPH.PAUL.1173093922  Date: 2018.04.02 12.54.37 -04'00' | | 02 Apr 18 |

16. Complainant Acknowledgment/Signature. *(By signing, Complainant affirms the above has been read, is understood, and is correct.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| COURTLAND A. SAVAGE | | |

**Plaintiff's Exhibit 14**                              **18 of 21**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART III. FORMAL REPORT PROCESSING/COMMAND ACTIONS**

**INTERIM FEEDBACK/ASSISTANCE TO COMPLAINANT.** Take particular care to avoid re-victimizing complainants (and witnesses). Keep the complainant and alleged offender apprised of the status of the investigation (including any deadline extensions). Provide supplemental counseling/support assistance/referral as warranted. Ensure that all involved are aware of the retaliation plan of action and know that retaliation against the complainant will not be tolerated. *(Recommend keeping a record of such feedback/assistance. Attach record to the report form.)*
**RESOLUTION TIME STANDARDS/REPORTING.** Resolution of case should be completed no later than 20 days from investigation commencement. Resolution includes: Completion of investigation, determination of validity of report, adjudication at non-judicial punishment or courts-martial, initiation of other appropriate action, notification to accused, and notification of complainant and submission of a close-out. If time standards cannot be met, continuation messages every 14 days through case resolution is mandatory for reports of sexual harassment. Explain the reason(s) for delay. Send all messages UNCLASSIFIED.
**DOCUMENT COMMAND ACTION.** The complainant's command is responsible for ensuring Parts I and II are complete and providing this to the alleged offender's Commander, Commanding Officer or Officer-in-charge (hereafter referred to as Commander) (as applicable). Upon completion of Part III, with the exception of continuation(s) and close-out Date Time Groups, Parts I through III are required to be forwarded within 72 hours (3 days) and Parts IV and V upon final disposition of report, via appropriate Echelon II CCS, CMEO program manager, or EO program manager, to Mill_NavyEOAdvice@Navy.mil via an e-mail that is not encrypted. Command records should permit reviewers to clearly ascertain/assess decisions reached. Make appropriate entries in individual personnel records, if applicable. Make any statistical reports required by the chain of command. Retain this completed form and investigation onboard at least two years, at which time the entire command investigation shall be sent to the Office of the Judge Advocate General (Code 15) Investigations Branch. Provide a copy of completed form to complainant as authorized under Freedom of Information Act (FOIA) and governing directives.

**1. Command Climate Specialist (CCS) Consultation:** OPNAVINST 5300.XX and OPNAVINST 5354.1G requires consultation of a CCS in all informal, formal, and anonymous sexual harassment, unlawful discrimination and harassment reports.

| (a) Command Climate Specialist Name: | (b) Rank/Rate: | (c) Command Name/UIC: |
|---|---|---|
| ETC TIFFANY SILKWORTH-MALLORY | ETC/E7 | COMNAVAIRLANT |

| (d) Command Climate Specialist Phone Number: | (e) Command Climate Specialist E-mail Address: |
|---|---|
| (757)836-4501 | TIFFANY.SILKWORTHMAL@NAVY.MIL |

I understand that I must provide all appropriate voice reports and required message reports *(e.g., OPREP)* per OPNAVINST F3100.6 series within established time lines. I further understand I must initiate an appropriate investigation or ensure that one is being conducted (e.g., by NCIS) within three calendar days (72 hours) and notify complainant the same day of investigation commencement. I must ensure a retaliation plan is in place and acknowledged by all involved parties. I also understand that I am required to consult a CCS prior to making a determination of this report, as well as, consult with a judge advocate for all allegations of sexual harassment and for legal sufficiency review.

**Transfer of Report:** When the complainant and alleged offender are assigned to different commands or services *(when all parties are not assigned to a joint military environment)*, the report shall be processed by the command or service of the alleged offender.

**2. Commander Directing Investigation:**

| (a) Name: | (b) Rank/Rate: | (c) Command Name/UIC: |
|---|---|---|
| M. WEIENBERG | 05/06 | VFA 106 / 09679 |

| (d) Contact Information: | (e) Signature: | (f) Date: |
|---|---|---|
| 757. 433. 9080 | *[signature]* | 4/9/18 |

**3. Date Time Group (DTG) of OPREP Messages** *(Attach a copy of all messages to this form)*

| (a) Initial DTG: | (b) Close-Out DTG: |
|---|---|
| 042234Z APR 18 | |

**4. Investigating Officer.**

| (a) Name and Contact Information: | (b) Date Convened: |
|---|---|
| | |

**5. Complainant Acknowledgment/Signature.** *(By signing, Complainant affirms the above has been read and is understood.)*

| (a) Name: | (b) Signature: | (c) Date: |
|---|---|---|
| COURTLAND A. SAVAGE | | |

**6. Alleged Offender Acknowledgment/Signature.** *(By signing, Alleged Offender affirms the above has been read and is understood.)*

**(a) DoD ID Number:** 1065137891

| (b) Name: | (c) Signature: | (d) Date: 6APR18 |
|---|---|---|
| JAMES D. HUDDLESTON | *[signature]* | |

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE          [ Print Form ]

**Plaintiff's Exhibit 14**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
NAVPERS 5354/2 (Rev. 08-2017)          Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART IV. FORMAL NOTIFICATION REVIEW**

1. Notification of Action Taken to Resolve Report. *(To concur within 20 calendar days of receipt of report.)*

(a) Report was completed on:       (b) Report was found to be:

13 JUL 18                          **Unsubstantiated (No Corroboration)**

(c) Based on the following findings:

Refer to COMNAVAIRLANT ltr 5354 Ser N01L/307 of 11 Oct 19 (Subj: Determination of Equal Opportunity Complaint Against CDR James D. Huddleston, USN). A copy of this letter with third party privacy information redacted is provided to the complainant and the alleged offender. COMNAVAIRLANT independent determination on the complaint was directed by COMNAVAIRFOR ltr 5354 Ser N00/389 of 9 Sep 19.

2. Right to review by higher authority (via an appeal): I acknowledge notice of my right to submit a statement concerning the investigative findings and command action taken, and to request review of those findings and actions by the Echelon II Commander. Any statement and, or request must be submitted within 7 days of acknowledgment.

(a) Echelon II Command:                    (b) Echelon II CCS/EO Program Manager Contact Information:

U.S. FLEET FORCES COMMAND                  BMCM Ford, Johnny (757-836-8326 / johnny.ford1@navy.mil)

3. Complainant Acknowledgment/Signature. *(By signing, Complainant affirms the above has been read and is understood.)*

[✓] I intend to submit a statement/appeal.        [ ] I DO NOT intend to submit a statement/appeal.

(a) Name:              (b) Signature:            (c) Date:        (d) Seven Days:

COURTLAND A. SAVAGE    *Courtland A. Savage*     22 OCT 19      23 OCT 19

4. Alleged Offender Acknowledgment/Signature. *(By signing, Alleged Offender affirms the above has been read and is understood.)*

[ ] I intend to submit a statement/appeal.        [✓] I DO NOT intend to submit a statement/appeal.

(a) Name:              (b) Signature:            (c) Date:        (d) Seven Days:

JAMES D. HUDDLESTON                             11 OCT 19

**PART V. FORMAL APPEAL**

1. First Appeal Results:

[X] CONCUR                      [ ] DO NOT CONCUR

After careful consideration and consultation with a staff judge advocate, I have determined that the allegations in the subject complaint are not substantiated. The investigation was legally sufficient and the process adequately addressed the matters of complaint. No further action is warranted.

(a) Name of Echelon II Reviewing Authority    (b) Rank/Rate    (c) Command Name/UIC:
*(Commander/Designee)*:

C. W. GRADY, Commander                        ADM/O-10    U.S. Fleet Forces Command/00060

(d) Contact Information:       (e) Signature:                    (f) Date

757-836-5957                                                    9 DEC 19

2. Complainant Acknowledgment/Signature *(By signing, Complainant affirms the above has been read and is understood.)*

[ ] I intend to submit a statement/appeal.        [ ] I DO NOT intend to submit a statement/appeal.

(a) Name:              (b) Signature:            (c) Date:        (d) Seven Days:

COURTLAND A. SAVAGE

3. Alleged Offender Acknowledgment/Signature. *(By signing, Alleged Offender affirms the above has been read and is understood.)*

[ ] I intend to submit a statement/appeal.        [ ] I DO NOT intend to submit a statement/appeal.

(a) Name:              (b) Signature:            (c) Date:        (d) Seven Days

JAMES D. HUDDLESTON

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE

[ Print Form ]        Page 4 of 6
                      Enclosure (3)

**Plaintiff's Exhibit 14**        **20 of 21**

**NAVY EQUAL OPPORTUNITY (EO) AND SEXUAL HARASSMENT REPORT**
**NAVPERS 5354/2 (Rev. 08-2017)**      Supporting Directives OPNAVINST 5354.1G and OPNAVINST 5300.13

**PART V.  FORMAL APPEAL (continued)**

4.  SECNAV - Final Appeal Results *(action that been taken to resolve report by reviewing authority)*:

☐ CONCUR                                    ☐ DO NOT CONCUR

(a)  Name of SECNAV Reviewing Authority:         (b)  Rank/Rate:      (c)  Command Name/UIC:

(d)  Contact Information:          (e)  Signature:                         (f)  Date:

5.  Complainant Acknowledgment/Signature.  *(By signing, Complainant affirms the above has been read and is understood.)*
(a)  Name:                          (b)  Signature:                    (c)  Date
COURTLAND A. SAVAGE

6.  Alleged Offender Acknowledgment/Signature.  *(By signing, Alleged Offender affirms the above has been read and is understood.)*
(a)  Name:                          (b)  Signature:                    (c)  Date
JAMES D. HUDDLESTON

**PART VI.  FORMAL REPORT FOLLOW-UP**

1.  Complainant Follow-Up Survey  *(Commanders shall conduct a follow-up debrief with the Complainant 30-45 days after the final action.  Command follow-up will include a determination of Complainant satisfaction with the effectiveness of corrective action, timeliness, present command climate, and a review to ensure retaliation did not occur.)*:

(a)  Were you subjected to any form of retaliation because of your report?

(b)  Rate your level of satisfaction with the processing of your report.

(c)  Rate your level of satisfaction with the resolution of your report.

(d)  What could have prevented this incident?

2.  Complainant Follow-Up Comments:

3.  Complainant Acknowledgment/Signature.  *(By signing, Complainant affirms the above has been read and is understood.)*
(a)  Name:                          (b)  Signature:                    (c)  Date
COURTLAND A. SAVAGE

4.  Commander Follow-Up Notes.  *(Indicate dates/nature of any actions prompted by Complainant debrief.  Attach additional sheets as necessary.)*

5.  Commander Acknowledgment/Signature.  *(By signing, Commanding Officer affirms the above is correct and report process is complete.)*
(a)  Name:                          (b)  Signature:                    (c)  Date:

FOR OFFICIAL USE ONLY
PRIVACY SENSITIVE          [Print Form]          Page 5 of 5

**Plaintiff's Exhibit 14**                    **21 of 21**