

**DEPARTMENT OF THE NAVY**
COMMANDER NAVAL AIR FORCE ATLANTIC
1562 MITSCHER AVENUE SUITE 300
NORFOLK VA 23551-2427

5354
Ser N01L/035
27 Jan 20

FIRST ENDORSEMENT on Capt Jason Ashley, USMC, ltr of 11 Jun 19

From:   Commander, Naval Air Force Atlantic
To:     Commander, U.S. Fleet Forces Command

Subj:   APPEAL TO VADM DEWOLFE MILLER'S FINAL ENDORSEMENT

Ref:    (c) COMNAVAIRFOR ltr 5354 Ser N00/097 of 13 May 19

Encl:   (4) COMNAVAIRFOR ltr 5354 Ser N00/389 of 9 Sep 19
        (5) NAVPERS 5354/2 of 6 Dec 17 (w/Capt Ashley Memorandum for the Record to USFFC IG of 21 Nov 17)
        (6) COMNAVAIRLANT ltr 5354 Ser N01L/398 of 26 Dec 19
        (7) COMNAVAIRLANT ltr 5354 Ser N01L/399 of 26 Dec 19
        (8) COMNAVAIRLANT ltr 5354 Ser N01L/400 of 26 Dec 19
        (9) COMNAVAIRLANT ltr 5354 Ser N01L/401 of 26 Dec 19
        (10) COMNAVAIRLANT ltr 5354 Ser N01L/402 of 26 Dec 19

1. Forwarded for higher level review in accordance with reference (a), recommending denial of Capt Ashley's appeal and of his request to remove the record of his Field Flight Performance Board (FFPB) from his flying record.

2. In accordance with enclosure (4), I was directed to make independent determinations on the equal opportunity (EO) complaints filed by Capt Jason Ashley, USMC, against CAPT John P. Greene, USN, Maj Erik T. Sprague, USMC, LCDR Ryan E. Kimmel, USNR, LCDR John P. Lyles, USNR, and LCDR Adam C. Kyle, USNR, which are contained in enclosure (5). Enclosures (6) through (10) document my findings and determinations on Capt Ashley's EO complaints.

3. In response to enclosures (4) through (10), Capt Ashley resubmitted a request for higher level review dated 11 June 2019, which he originally submitted in response to reference (c). Capt Ashley opines that reference (a) does not provide authority for the direction contained in enclosure (4). His appeal does not address the merits of my findings and determinations except to question my authority to make them as a matter of process. Capt Ashley's appeal does challenge the merits of reference (c), on which I relied in part.

4. In his letter, Capt Ashley appeals Commander, Naval Air Forces (CNAF)'s decision to uphold the conclusions of the FFPB because, he asserts, CNAF repeated the same discriminatory decision-making process as the FFPB. The crux of his appeal is that evaluation standards for replacement pilots (RPs) should be objective, and that his FFPB results are invalid because the board utilized racially discriminatory subjective standards.

   a. The evidence in reference (b) does not support Capt Ashley's conclusion. In references (b) and (c), neither the Investigating Officer nor CNAF made any findings of fact, opinions, or recommendations that substantiated Capt Ashley's specific complaints of race discrimination against the five alleged offenders. More precisely, although the Investigating Officer and CNAF acknowledged discrepancies in Capt Ashley's FFPB process, neither the Investigating Officer nor CNAF concluded that Capt Ashley received

**Encl. (24), 1 of 2**

Subj:   APPEAL TO VADM DEWOLFE MILLER'S FINAL ENDORSEMENT

unfavorable treatment on the basis of his race. Paragraph 2.t. of reference (c) explicitly finds that Capt Ashley's complaint that his FFPB process was "predicated upon racial discrimination" is unsubstantiated.

5. Capt Ashley further argues that the NAVPERS 5354/2 forms that were originally issued to him indicate that his complaint was "substantiated" and that it does not make sense to uphold the FFPB results based on a substantiated complaint.

   a. Paragraph 4 of enclosure (4) directed me to "take action to complete EO processing, as necessary, for the subject EO complaints, which includes making independent determinations on the merits and amending existing NAVPERS 5354/2 forms, if required, to reflect the facts of the investigation." This language makes it clear that the NAVPERS 5354/2 forms that were issued to Capt Ashley on 4 June 2019 did not necessarily reflect the findings of the investigation as approved by reference (c). Based on my independent review, it is clear that the previously issued NAVPERS 5354/2 forms were erroneously marked "substantiated."

6. In his letter, Capt Ashley raises concerns about larger enterprise and Department of the Navy-wide issues related to implicit bias, recruiting and retention of minorities, and the methods used to evaluate performance of RPs in the Fleet Replacement Squadrons. The information provided in Capt Ashley's appeal letter and the enclosures thereto, however, does not substantiate the specific EO complaints that Capt Ashley filed against CAPT Greene, Maj Sprague, LCDR Kimmel, LCDR Lyles, and LCDR Kyle.

7. As relief, Capt Ashley's requests that the FFPB's conclusions be invalidated. He has already received the requested relief, in part, inasmuch as the Deputy Commandant for Aviation (DCA HQMC) afforded him a second opportunity to complete F/A-18 training at Marine Fighter Attack Training Squadron ONE ZERO ONE (VMFAT-101). As explained by reference (c), Capt Ashley is a U.S. Marine Corps aviator, and the decision to invalidate his original FFPB results is within the purview of the DCA HQMC. Even if his request were within USFFC purview, I would recommend denial. There is no evidence to support Capt Ashley's assertion that the outcome of his FFPB is the result of race discrimination. Capt Ashley's performance record at VFA-106 and the record of his FFPB demonstrate that he could not successfully complete the Category 1 F/A-18E/F training pipeline in March 2016. Even assuming that he successfully completes the syllabus at VMFAT-101, it does not necessarily follow that the FFPB's conclusion was incorrect at the time it was rendered.

8. For the foregoing reasons, I recommend denial of Capt Ashley's appeal and of his request to invalidate the FFPB results.

9. My point of contact for this matter is LCDR Barbara Colberg, JAGC, USN. She can be reached at (757) 836-9920 or barbara.j.colberg@navy.mil.

R. J. KELLEY

Copy to:
Capt Ashley

2

**Encl. (24), 2 of 2**