

**DEPARTMENT OF THE NAVY**
U.S. FLEET FORCES COMMAND
1562 MITSCHER AVENUE SUITE 250
NORFOLK VA 23551-2487

5354
Ser N01L/027
28 Feb 20

FIRST ENDORSEMENT on Ms. Carol Thompson ltr of 31 Jan 20

From: Commander, U.S. Fleet Forces Command
To:   Secretary of the Navy
Via:  Office of the Judge Advocate General, Administrative Law (Code 13)

Subj: APPEAL OF FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST CDR MARTIN L. WEYENBERG, USN, AND CDR JAMES D. HUDDLESTON, USN

Ref:  (f) JAGINST 5800.7F
      (g) CNAL 5354 Ser N01L/330 ltr of 31 Oct 19

Encl: (6) USFF 5354 Ser N01L/103 ltr of 9 Dec 19
      (7) First Endorsement on LT Savage ltr of 22 Oct 19
      (8) Final Endorsement on Command Investigation of 16 Aug 18
      (9) NAVPERS 5354/2 Forms of 28 Mar 18
      (10) USFF CCS Higher Level Review of 7 Nov 19
      (11) Legal Sufficiency Review of 4 Dec 18
      (12) CNAF CCS Sufficiency Review of 6 Sep 18

1. In accordance with references (a) and (f), enclosures (1) through (12) are readdressed and forwarded for higher level review. Ms. Carol Thompson is an attorney who represents LT Courtland Savage, USN, and has submitted an appeal on LT Savage's behalf. LT Savage has made three claims in this appeal, none of which have been made before.

2. First, he is requesting a stay of your final review of this matter until he either receives a full copy of the investigation, or the pending Freedom of Information Act/Privacy Act lawsuit has been litigated to completion. LT Savage is claiming that his ability to thoroughly and adequately respond to the unsubstantiated findings has been significantly hindered because he has not received a full copy of the investigation.

3. This is the first time LT Savage has made this argument. He filed two prior appeals on this matter, one on 24 June 2019 and the second on 22 October 2019, neither of which claimed that he was unable to file a thorough and adequate appeal due to not receiving an unredacted copy of the investigation. Further, in accordance with reference (a), LT Savage was provided a redacted copy of the investigation by Commander, Naval Air Forces (CNAF) before submitting his first appeal. Lastly, if LT Savage had requested to review an unredacted copy of the investigation for the limited purpose of preparing for this appeal, he would have been afforded that opportunity. Arrangements would have been made to coordinate a convenient location at the nearest naval installation to review, but not retain due to Privacy Act restrictions, the unredacted investigation.

Subj:  APPEAL OF FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST CDR MARTIN L. WEYENBERG, USN, AND CDR JAMES D. HUDDLESTON, USN

To date, neither he nor his attorney requested to review an unredacted copy of the investigation for the limited purpose of preparing for this appeal.

4. Second, LT Savage is claiming that the findings changed from substantiated to unsubstantiated in retaliation for the DOD IG's findings of whistleblower reprisal in the case of LT Steven Shaw. That is factually incorrect. Not only are these two cases completely separate and independent from each other, but also the command investigation which supports the unsubstantiated findings in LT Savage's case was completed on 16 August 2018, well before the DOD IG investigation into LT Shaw's case was completed on 12 June 2019. The investigation found that the allegations made by LT Savage were unsubstantiated. These findings were affirmed by the chain of command and never changed.

5. As Commander, Naval Air Force Atlantic (CNAL) stated in reference (g), to the extent LT Savage was informed that his complaints were substantiated, such notifications were in error and not in accordance with the findings of the command investigation. Further, and in concurrence with reference (g), neither the Investigating Officer, nor CNAF made any findings of fact, opinions, or recommendations that substantiated LT Savage's specific equal opportunity complaints against CDR Weyenberg or CDR Huddleston. The modifications made to the NAVPERS forms by CNAL from substantiated to unsubstantiated were made to correct mistakes on the forms, and to correct misinterpretations of the command investigation.

6. Third, LT Savage is claiming that a staff judge advocate from CNAF told him via telephone that the command investigation substantiated the allegations of discrimination based on race. Before adjudicating LT Savage's 31 January 2020 appeal, I was unaware that LT Savage allegedly recorded a 15 May 2019 phone conversation with the CNAF legal office and unaware of the contents of that discussion. Although we cannot verify the authenticity or accuracy of the phone conversation transcript, the staff judge advocate's purported comments, if true, were incorrect. As discussed above, the findings of the command investigation do not support and have never supported a substantiated determination of discrimination based on race. Accordingly, the phone conversation transcript would not have altered my original decision.

7. My point of contact for this matter is LCDR Ingrid E. Paige, Assistant Fleet Judge Advocate, who can be reached at commercial (757) 836-5957, or by e-mail at ingrid.e.paige@navy.mil.

C. W. GRADY

Copy to:
Ms. Thompson
LT Savage
CNAF
CNAL
VFA-106

**Federal Practice Group**
Aggressive • Innovative • Global

Carol A. Thompson
Lic: OK**
CThompson@fedpractice.com

January 31, 2020

**<u>VIA ELECTRONIC MAIL ONLY</u>**
Honorable Thomas Modly
Acting Secretary of the Navy

   Via: Christopher Grady
      Admiral, United States Navy
      Commander
      United States Fleet Forces Command

      Ingrid E. Paige
      Lieutenant Commander, United States Navy
      Assistant Fleet Judge Advocate
      United States Fleet Forces Command
      ingrid.e.paige@navy.mil

   RE: Appeal of Findings of Review of Race Discrimination Complaints Against
      CDR Martin L. Weyenberg, USN, and CDR James D. Huddleston, USN

Ref: (a) OPNAVINST 5354.1 G
   (b) Mr. Savage's ltrs of 22 Oct 19 and 24 Jun 19[1]
   (c) COMNAVAIRLANT 5354 ltr Ser NOlL/306 of 11 Oct 19
   (d) COMNAVAIRLANT 5354 ltr Ser NOlL/307 of 11 Oct 19
   (e) USFF 5354 ltr Ser NO1L/103 of 9 Dec 19

Encl: (1) POA
   (2) Mr. Savage's FOIA/PA Appeal ltrs of 17 Jan 20 and 20 Jun 19 w/o encls
   (3) Original NAVPERS 5354/2
   (4) Transcript of phone call w/ CDR Keith of 15 May 19
   (5) Transcript of RADM Kelley's comments at Tailhook

1. In accordance with references (a) and (e) and the approved extension through 31 January 2019, and subject to enclosure (1), Mr. Courtland Savage, by and through counsel, respectfully submits this appeal to the now-unsubstantiated findings of racial discrimination by Commander

---

[1] In the interest of brevity, Mr. Savage hereby incorporates his arguments and issues previously raised in these two appeals.

**1750 K Street NW, Suite 900 | Washington, DC  20006**
Office:  202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
**Practice in DC limited to matters and proceedings before Special Courts - Federal Courts – Agencies**

**Plaintiff's Exhibit 17**    **3 of 7**

SAVAGE – EO APPEAL
January 31, 2020
PAGE 2 OF 5

(CDR) Martin Weyenberg, then Commanding Officer of Strike Fighter Squadron One Zero Six (VFA-106), and CDR James Huddleston, then the training officer at VFA-106, against Mr. Savage. Mr. Savage, an African American, was the target of racial discrimination by Caucasian Instructor Pilots (IPs) at VFA-106. The discrimination bled into the subjective scorings in the various training evolutions, which in turn where used to "justify" his untimely removal from VFA-106 by CDR Weyenberg, and ultimately as an officer in the Navy. This Equal Opportunity (EO) investigation, which initially concluded in July 2018, resulted in substantiated findings of discrimination. However, and most disturbingly, these substantiated findings of racial discrimination have since been changed to unsubstantiated. It is the change in the findings, the reason for which Mr. Savage is still uncertain of, that forms the basis for this appeal.

2. As a prerequisite matter, Mr. Savage's ability to thoroughly and adequately respond to the unsubstantiated findings is significantly hindered as he has yet to receive a full copy of the investigation, despite an active lawsuit brought under the Freedom of Information Act (FOIA) and Privacy Act now pending in the United States District Court for the District of Columbia (Case No. 1-19-cv-02983-ABJ). Encl. (2). Accordingly, Mr. Savage requests a stay of the Secretary of the Navy's final review of this matter until: (1) Mr. Savage receives a full copy of the investigation; or (2) the pending FOIA lawsuit has been litigated to completion.

3. Mr. Savage's need for a full, unredacted copy of the investigation is heightened by the irregular manner in which this EO investigation has been processed. *See* Ref. (b) (letter of 22 Oct 19 which details the reopening of the matter for further investigation by a commander (Rear Admiral (RADM) Kelley) who serves *under* the EO investigation convening authority (Vice Admiral (VADM) Miller)). Given the timing of certain other events related to this this matter, to include the Department of Defense Inspector General's (DoD IG) substantiation in June 2019 of Whistleblower Reprisal against Lieutenant (LT) Steven Shaw after he made a protected communication regarding the *very same racial discrimination* experienced by Mr. Savage, as well as RADM Kelley's comments at the Tailhook convention in September 2019 regarding Navy leadership's frustration with the DoD IG office, it appears that the change from substantiated discrimination to unsubstantiated was done out of retaliation.

4. This concern of retaliation is hardly theoretical. Not only was Mr. Savage initially informed of the substantiated findings via both the original NAVPERS 5354/2 (enclosure (3) at p.4) and a phone call from CDR Keith,[2] VADM Miller's Deputy Staff Judge Advocate (SJA) on 15 May

---

[2] Upon best information and belief, CDR Keith is the individual from VADM Miller's SJA's office who called Mr. Savage; this belief is based on CDR Keith's name appearing on page 4 of the NAVPERS 5354/2, enclosure (3), as the individual who conducted the debrief. However, several individuals were on the call, so it is likely the person who conducted the debrief was another person from the SJA's office, with CDR Keith simply listening to the debrief.

SAVAGE – EO APPEAL
January 31, 2020
PAGE 3 OF 5

2019, but the change from substantiated to unsubstantiated occurred *after* the DoD IG's findings of whistle blower reprisal, and around the same time as RADM Kelley's comments at the Tailhook convention.

5. Of these corroborating facts, the most compelling is CDR Keith's phone call on 15 May 2019, just days after VADM Miller authored his endorsement on this investigation, and one month before the DoD IG investigation substantiated findings of whistleblower retaliation by CDR Weyenberg (the same individual who is the subject of this EO investigation), during which CDR Keith profusely apologizes for the discrimination Mr. Savage suffered:

> I know it's been very difficult for you, and I understand your frustration with this entire process.  So, again, my apologies, but at this point, we're going to provide you with the investigation.  And we can be open about the entire affair.  **Also, I just want to tell you that I'm sorry you had to go through everything you went through, because right up front, we are substantiating that you suffered discrimination at [unclear 00:00:42].**
>
> We believe what you and Captain Ashley [phonetic] alleged, and that will be substantiated.  **We're sorry you had to go through that.  It's inappropriate that that would be happening in this day and age in our Navy, and that also explains, though, what's been going on behind the [unclear 00:01:02] because everybody who's looking at this has been aghast at what was substantiated and what was found by our investigator.**  And in this day and age, nobody should have to go through what you guys went through.  It's just inappropriate.
>
> And what has been going on since we last contacted you, when we thought we were primed and ready to go, because of the media attention and the congressional attention that this has gotten, Air Boss owed it to his superiors to reach up and let them know it was coming.  So this was pushed all the way up to the Chief of Naval Operations.   So you know there's a very interest in this investigation, and that's why we had to hold off, because the investigation was sent up to him so he could personally review the investigation.  And he himself actually is going to be directing sweeping after actions for naval aviation as a result of this.

---

Regardless, this is the statement of the individual conducting the telephonic debrief to Mr. Savage.

SAVAGE – EO APPEAL
January 31, 2020
PAGE 4 OF 5

> So a lot of what's been going on behind the scenes, since we had four-stars, the highest level of the Navy looking at this and basically trying to say what can we do to keep this from happening again. **You know, it's just a daunting problem, racism in our country, racism within the ranks, but again, we want to attack it and see what we can do to try to make sure that the future pilots and present pilots don't go through what you went through.**
>
> So, anyway, that's just a little background. There are sweeping corrective actions that the Air Boss will be directing, starting with directing administrative actions to be taken against the CO and XO of the VFA-106—or former CO and XO and against the instructor pilots. That will happen at lower echelons. We can't direct what to do. Otherwise, we [unclear 00:02:55], but he's directed that some action be taken.

Encl. (3) (emphasis added).

6. Between VADM Miller (who helped formulate RADM Kelley's comments at Tailhook) and RADM Kelley, those "substantiated" findings discussed in the preceding paragraph were changed from substantiated to unsubstantiated. This chain of reversals not only undermines the entire purpose behind having a neutral, unbiased investigating officer look at the facts and make a decision independent of the chain of command, but is a prime example of a recent complaint brought forth by the DoD IG to Congress: that the military's commanders are not rectifying wrongs identified in certain investigations.[3] Indeed, it appears they are perpetuating them.

7. The same command (under CDR Weyenberg) that allowed and fostered the racial discrimination is the same command that had the subjective authority to disenroll Mr. Savage from flight training via a Field Naval Aviator Evaluation Board (FNAEB). An independent investigator recognized that discriminatory practices were occurring. When the investigation was turned back over to the command for endorsement, the command again turned a blind eye and began undoing the factual findings of the investigator. As addressed at the Tailhook convention, senior Navy leadership are now taking an active role to not only stymie Sailors and Marines from using the DoD IG as a potential source of relief, but to "perfect" their own internal investigations to ensure they (the leaders) come out unscathed. Such actions by senior Navy leadership amount to abdication of their roles as leaders. As a last right of appeal, Mr. Savage now implores the Secretary – serving as civilian oversight, not beholden to the uniform – to end this vicious cycle of abuse of power by the senior leaders in the Navy, and return the previously substantiated

---

[3] https://www.defenseone.com/politics/2020/01/dod-punishing-whistleblowers-more-often-and-impunity-ig-says/162735/ (last visited 29 January 2020).

1750 K Street NW, Suite 900 | Washington, DC 20006
Office: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
Plaintiff's Exhibit 17    6 of 7

SAVAGE – EO APPEAL
January 31, 2020
PAGE 5 OF 5

findings of discrimination to their original form, followed by appropriate and attendant administrative relief.

8. Point of contact for this matter is the undersigned at 202-808-3134 or cthompson@fedpractice.com. On behalf of Mr. Savage, I thank you for your time and consideration of this significant issue.

                                                  Respectfully,

                                                  Carol Thompson