

Timothy C. Parlatore, Esq.
Founder & Managing Partner

March 20, 2020

The Honorable Randolph D. Moss
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

  Re: *Shaw v. Modly, et. al.* 20-cv-410

Your Honor:

  I am a defendant, *pro se*, in the above referenced matter and am writing, pursuant to Your Honor's Orders, dated March 12, 2020 and March 17, 2020 for the parties to confer and submit a joint status report regarding scheduling, in light of the motion for a stay, as well as the motion to seal. Although, I have communicated my positions on these issues to Mr. Montalvo, counsel for the Plaintiff, he has inexplicably refused to include my position on the joint status report, forcing me to file a separate submission.[1]

### A. Effects of Stay Motion on Scheduling

  Regarding the scheduling, I agree with the Navy Defendants that the briefing should continue or, alternatively, Plaintiff should withdraw his motion for a preliminary injunction. Additionally, pursuant to Fed.R.Civ.P. 26(f)(1) and 16(b)(2), the parties are required to conduct a 26(f) conference "as soon as practicable – and in any event" on or before April 23, 2020. Because the result of any appeal to the Secretary of Defense will have no effect on the libel claims, Defendant Parlatore believes that a 26(f) conference should go forward, as required, before that date. However, as Plaintiff has refused to engage in any discussions on this point, the Court will likely have to address this scheduling matter.

### B. Sealing of LCDR Len's Affidavit

  Regarding the sealing issues, I oppose the motion, as written. However, I do not object to keeping an unredacted copy of the document, ECF No. 14-1, under seal, as long as a redacted form of the document must be placed on the public docket. The only portions of the document that should be sealed are those which describe technical aspects of military technology and therefore

---

[1] In the filed Joint Status Report, Plaintiff claims that this is because "Plaintiff and Defendant Parlatore could not reach an agreed upon position to the two orders." However, it is my understanding that a joint status report does not require the parties to agree on a position, but rather for the parties to put out their separate positions in a single document for the convenience of the Court. Despite my efforts to explain this to Mr. Montalvo, he unilaterally decided that I should be excluded from the report.



One World Trade Center, Ste 8500
New York, NY 10007

timothy.parlatore@parlatorelawgroup.com
www.parlatorelawgroup.com

212.679.6312 direct
212.202.4787 fax

those sentences should be redacted, pursuant to 10 U.S.C. §130. My proposal is that the Navy Defendants should identify those specific portions of the document and provide a proposed redacted form that, if agreed upon by all parties, can be placed on the public docket. I have spoken with AUSA Gonzalez Horowitz regarding this and she indicated that, although the Navy Defendants do not object to Plaintiff's sealing motion, they also agree that if those portions are redacted, it can be filed on the public record.

  I recognize that the purpose behind LCvR 7(m), (and the order for a joint status report, given Plaintiff's failure to follow this rule) is for the Court to ascertain whether the motion to seal is opposed or unopposed. However, despite my efforts to communicate with Mr. Montalvo on this issue, he refuses to state whether Plaintiff is amenable to this compromise or not. I therefore do not know whether opposition papers will be necessary to litigate Plaintiff's motion to seal. I am presuming, based on Plaintiff's identification of LCDR Len by name in the "Joint Status Report," that the concerns over his identity are no longer applicable, in which case the only ground remaining is the sensitivity of the technology. However, absent communications by counsel for the Plaintiff, it is impossible to know whether the parties can agree on a resolution of this motion.

  In any event, I intend to file a separate motion shortly for a protective order that will permit me to share the conditionally sealed copy of this document with potential witnesses, who already possess knowledge of the military technology discussed, to properly rebut the false claims made in this document. Although this will primarily impact us as we proceed to litigating the merits of this case, it may also be necessary to file an opposition to the motion to seal, as well as to properly evaluate whether to seek leave of the Court to file a limited sur-reply, pursuant to Standing Order 8.c. Despite having communicated this to counsel for the Plaintiff, I have been unable to get any response as to their position on this matter either.

            Respectfully Submitted,

            Timothy C. Parlatore, Esq.