| | |
|---|---|
| From: | Timothy Parlatore |
| To: | Eric Montalvo; Carol Thompson; Gonzalez Horowitz, Brenda (USADC) |
| Cc: | Cella, John |
| Subject: | RE: Activity in Case 1:20-cv-00410-RDM SHAW v. MODLY et al Order |
| Date: | Saturday, March 14, 2020 5:47:03 PM |
| Attachments: | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image019.png |
| | image020.png |
| | image021.png |
| | image022.png |
| | image004.png |
| | image005.png |
| | image006.png |

Mr. Montalvo,

This is probably one of the most outrageous forms of projection that I have seen. I have a transcript of you telling Judge Moss that you cross-examined LtCol Nesbitt at the FNAEB, the FNAEB instruction saying that attorneys are prohibited from cross-examining witnesses at FNAEBs and a transcript of LtCol Nesbitt not being cross-examined by you or asked any questions about his notebook. I also have a transcript of you claiming that LT Shaw got a NAM for his velocity vector training method and the citation showing that not to be true. Why would you feel it appropriate to remind me of the exact disciplinary rule that you are persistently violating. Although I look forward to reading your Reply, I can't imagine how you will credibly justify your false statements or attempt to project that misconduct onto me.

As to your claims about my conversation with John Cella, I did call to see why he was copied on the exhibits. I made no efforts to "solicit information" from him beyond identifying the fact that Arnold & Porter is representing LT Shaw. I am CCing him here so that he can respond if he feels that our communications were inappropriate. Though, I'm not sure what you find so disturbing about communicating with another attorney who represents a client. Perhaps you could cite a rule that says that a pro se party is prohibited from communicating with the legal counsel for a represented party?

However, all of your false ad hominem attacks are distracting from the point of this communication, which is to ascertain your position, as it relates to the joint status report that the judge has ordered us to prepare and file. What is your position regarding the preliminary injunction, as well as whether the stay applies to the libel actions and whether we can proceed with discovery on that libel action?

**Timothy C. Parlatore, Esq.**
Founder and Managing Partner
Admitted to practice in New York, New Jersey and Federal Courts in Texas and Connecticut