UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------------X
STEVEN SHAW,

                Plaintiff,                              Docket No.: 20-cv-410

   -against-

THE HONORABLE THOMAS B. MODLY and
TIMOTHY C. PARLATORE, ESQ.

                Defendants.
-----------------------------------------------------------------------X

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT**

Defendant Parlatore, *pro se*, submits this Response to Plaintiff's Motion for Leave to File First Supplemental Complaint. While Defendant generally does not oppose reasonable requests to file amended or supplemental pleadings, Defendant respectfully submits that this Court should deny Plaintiff's motion and direct Plaintiff to instead file an amended complaint, if the Court deems it appropriate.

    **A.    Plaintiff's Proposed Pleading is not a Supplemental Complaint, but Rather an Amended Complaint, Which Could Have Been Filed Without Motion, had Plaintiff's Counsel Engaged in the Communications with Opposing Parties, Required under LCvR 7(m) and preferred under Fed.R.Civ.P. 15(a)(2)**

Plaintiff's application once again completely ignores the basics of federal practice and shows flagrant disregard for the Standards of Civility by Plaintiff and his counsel. This avoidable application should have been resolved between the parties, rather than needlessly involving the Court.

While presented as a motion to file a supplemental pleading, the proposed pleading is clearly an amended complaint, not a supplemental complaint. An amended complaint is a document which rewrites and supplants the originally filed complaint, whereas a supplemental

1

complaint is a more limited document, which only sets out transactions, occurrences, or events "that happened after the date of the pleading to be supplemented." Plaintiff's proposed pleading is evidently written to supplant the original compliant, not supplement it.

While a seemingly minor difference, the practical distinction is that a supplemental pleading requires a motion under Fed.R.Civ.P. 15(d), whereas an amended complaint does not. Plaintiff has multiple opportunities to potentially file an amended complaint without a motion, as Defendant Modly has not yet filed a responsive pleading or motion, pursuant to Fed.R.Civ.P. 12(b), (e), or (f). More importantly, Plaintiff could have filed an amended complaint now, pursuant to Fed.R.Civ.P. 15(a)(2), which provides that a party may amend its pleading "with the opposing party's written consent."

Defendant Parlatore has repeatedly attempted to confer with Plaintiff's counsel on this matter in an effort to reach an agreement that will allow for an amended complaint to be filed without judicial intervention, but counsel for the Plaintiff has refused to engage in any communications on the matter.[1] Most bizarrely, in my final attempt to discuss this matter, Mr. Montalvo, counsel for the Plaintiff, stated that he would provide "a fulsome response by [Friday, April 3, 2020]." However, that date came and passed and there was zero communications from Mr. Montalvo.

This is now the second motion that Mr. Montalvo has filed in derogation of LCvR 7(m), which requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." This, in combination with his peculiar refusal to permit an opposing party's views to be included

---

[1] A copy of the email communications between the parties is annexed hereto at Exhibit "A."

in a Court-Ordered Joint Status Report (Docket #15, 16), does not bode well for the ability of the parties to efficiently litigate this case.

**B.    While Permission for Amended Pleadings Should be Liberally Granted, Plaintiff Should be Directed to File an Amended Pleading that is Facially Sufficient**

Additionally, while many of the proposed amendments can be made without objection, Plaintiff is seeking to add an additional element to their Privacy Act claim, which is obviously facially insufficient. Specifically, Plaintiff seeks to add a claim based on the allegation that Defendant Parlatore has access to a transcript of his own client's testimony before Plaintiff's Field Naval Aviator Evaluation Board ("FNAEB"). However, Plaintiff's application, and the attached exhibit, which is being presented to "prove" this claim, is facially without merit.

Setting aside for a moment whether the Privacy Act permits military members who are lawfully in possession of certain documents to share those documents with their attorneys or use those documents in their own defense, which would likely dispose of all of Plaintiff's Privacy Act Claims on a Fed.R.Civ.P. 12(b)(6) motion, Plaintiff's proposed pleading omits any allegations of damages. In order to succeed on a Privacy Act claim, Plaintiff must demonstrate that he suffered actual pecuniary harm from the alleged disclosure. Here, Plaintiff has not, and cannot.

As this Court is aware, at the initial appearance, Mr. Montalvo argued that:

> So what all this means is that the executive officer, during 2018, came in to testify. I cross-examined him on that testimony. He then said he had notes that reflected the situation. He then -- it was demonstrated that the notes that he said that were taken contemporaneous could not have been accurate because the dates that he was providing, Lieutenant Shaw was either on leave or not even in the command. And so the investigation ultimately determined -- and we have this and will supplement the record -- that their testimony of both the commanding officer and the executive officer was incredible or not reliable.

This statement was an outright falsehood, as Mr. Montalvo never cross-examined the executive officer. Neither he, nor Plaintiff ever asked him about his notes and there were never

3

any claims that notes were taken contemporaneously.

As Exhibit 1 to Plaintiff's motion demonstrates, Defendant Parlatore reminded Mr. Montalvo, who had refused to admit his dishonesty, that a transcript exists which proves his statements to be false.  As a direct result of this email, Mr. Montalvo was forced to admit in his Reply (Docket #13) that he had not been permitted to cross-examine the executive officer, as he had falsely told the Court.  Oddly, Plaintiff also filed a heavily redacted copy of the transcript of that testimony (Docket #13-1), further demonstrating the falsity of his argument to this Court about that proceeding, as well as a copy of the FNAEB report itself which demonstrated that the board made no credibility determinations about the commanding officer and executive officer, as Mr. Montalvo deceptively claimed, but rather relied primarily on the testimony of Plaintiff's peers who also provided damning testimony against Plaintiff.

As the proposed pleading alleges no use of this transcript, other than Defendant Parlatore's successful efforts to stop Mr. Montalvo from continuing to lie to the Court, it is impossible to see how LT Shaw suffered any pecuniary harm.  A party enjoys no right to have their attorney commit unethical or dishonest acts.  As the email exchange demonstrates, Defendant Parlatore attempted to discuss this matter with counsel for the Plaintiff and received no response.

Plaintiff hastily filed a lawsuit along with a preliminary injunction, forcing the Defendants to appear physically before the Court on only six-hours' notice.  Since that time, Plaintiff has engaged in a persistent pattern to delay this matter from proceeding.  While amended pleadings should be liberally granted, allowing Plaintiff to file such an obviously defective document will only serve to further delay these proceedings.  Defendant Parlatore respectfully submits that this Court should deny Plaintiff's motion and instead issue an Order that Plaintiff file an appropriate amended complaint, after making a good faith effort to confer with opposing parties.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's motion, together with such other and further relief as the Court deems appropriate.

Dated: April 9, 2020
       Falls Church, Virginia

                                  Respectfully submitted,

                                  Timothy C. Parlatore, Esq.