UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN E. SHAW,

        *Plaintiff,*

    v.

JAMES E. MCPHERSON, Acting Secretary of the United States Navy and

TIMOTHY C. PARLATORE,

        *Defendants*.

Civil Action No. 20-0410 (RDM)

## ANSWER

Defendant James E. McPherson,[1] Acting Secretary of the United States Navy ("Defendant"), hereby responds to Plaintiff's First "Supplemental" Complaint, as filed on April 17, 2020 as follows:

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials:  (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

---

[1] The captioned defendant James E. McPherson has served as Acting Secretary of the Navy since April 8, 2020.  Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary McPherson has been automatically substituted for his predecessor.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Supplemental Complaint become known to it through the course of the litigation.

## PARTIES

1. Admit.

2. Deny. Mr. Modly is no longer the Secretary. The remainder of the paragraph consists of conclusions of law to which no response is required.

3. Admit, based on Defendant Parlatore's Answer (ECF No. 7), that Mr. Parlatore represents Commander Martin Weyenberg, Commander Bryan Roberts, and Lieutenant Colonel Michael Nesbitt, U.S. Marine Corps. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

## JURISDICTION AND VENUE

4. This paragraph contains Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

5. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction and venue, to which no response is required.

6. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction and venue, to which no response is required.

7. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction and venue, to which no response is required.

8. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction and venue, to which no response is required.

## INTRODUCTION

9. Admit that Plaintiff participated in communications alleging racial discrimination and unlawful gambling later determined by the Department of Defense Inspector General's Office to be protected under 10 U.S.C. § 1034, commonly referred to as the Military Whistleblower's Protection Act. Deny the remainder of the paragraph and refer the Court to the Department of Defense Inspector General ("DoDIG") report dated June 12, 2019 (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

10. Admit that the Assistant Secretary of the Navy (Manpower and Reserve Affairs) took action on the DoDIG Report of Investigation by letter dated December 16, 2019, which speaks for itself and is the best evidence of its contents. Plaintiff administratively appealed that action under 10 U.S.C. § 1034(h) to the Secretary of Defense on March 16, 2020. Deny the remainder of the paragraph.

## FACTUAL BACKGROUND[2]

11. Plaintiff's record indicates that he transferred in September 2016 not October 2016. Admit the remainder of the paragraph.

12. Defendant admits that Plaintiff assisted in the filing of a congressional complaint alleging racial bias and discrimination as described in the DoDIG Report of Investigation dated June 12, 2019 (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

13. Admit to the definition of "bottle bet wagers" which is a quote from the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its

---

[2] Plaintiff's Complaint headings contain descriptions for the underlying grounds for his claims. *See e.g.*, "whistleblower reprisal," Compl. at 5; *see also* Compl. at 19, 22. These headings contain Plaintiff's characterization of his lawsuit and conclusions of law, to which no response is required.

contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

14. Defendant admits that Plaintiff filed a complaint with the U.S. Fleet Forces Investigator General alleging improper "bottle bet wagers" as described in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents. The remainder of this paragraph contains Plaintiff's conclusions of law and characterization of its lawsuit, to which no response is required.

15. Defendant admits the part of the last sentence that Plaintiff communicated with Senator Warner's Office on December 19, 2017. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

16. Admit that Senator Warner's Office forwarded the bottle bets complaint to the Naval Inspector General. Plaintiff's assertions regarding the "impassioned response" are quotes from page 11 of the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

17. Admit that Vice Admiral Miller released a message to all Naval Air forces on February 24, 2018, terminating the practice of bottle bets. That message speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

18. Plaintiff's description of the email quotes from page 12 of the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

19. Admit that the quoted text appears in an email described in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

20. Admit that an article appeared on "military.com." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

22. Admit that Plaintiff's command expressed concern about Plaintiff's mental state. The remainder of this paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required.

23. Admit that on April 11, 2018, Strike Fighter Squadron VFA-106 conducted an All Instructor Meeting ("AIM") to discuss processes for suggesting changes to the training syllabus. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

24. Admit that on April 12, 2018, Plaintiff emailed four change requests to his command and all VFA-106 Instructor Pilots ("IP's"). Plaintiff's description of the emails quotes page 16 of the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

25. Admit that a pilot who trained with Plaintiff disqualified during Carrier Qualification on April 25, 2018, due to a cut pass (failure to waive off) and attended three Performance Review Boards. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

26. Admit that Plaintiff's command informed him on May 3, 2018, that he was no longer authorized to perform any instructional duties. Defendant lacks sufficient knowledge or

information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

27. This paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required. Insofar as a response is required, Defendant denies the allegation of insinuating or purposefully omitting a fact. The third Performance Review Board after the disqualification on April 25, 2018, did find that Plaintiff taught a non-standard carrier landing technique, "velocity vector," but that it did not play a part in that disqualification. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

28. Admit that Plaintiff's command consulted a staff judge advocate about options for a letter of instruction or a command directed investigation. Plaintiff quotes portions of page 27 in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

29. Plaintiff quotes portions of pages 29 and 30 in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

30. Plaintiff quotes portions of page 30 in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

31. Admit that on May 21, 2018, Commander Roberts sent an email, which speaks for itself and is the best evidence of its contents.

32. This paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required. Plaintiff summarizes findings on page 31 in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

33. This paragraph contains Plaintiff's characterization of its lawsuit and conclusion of law, to which no response is required. Defendant admits that Commander Roberts emailed on May 24, 2018, that email speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

34. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required. Defendant admits that Plaintiff's clearance is suspended with a status "pending reply to statement of reasons." Defendant admits that the command directed investigation by VFA-106 formed the basis for that suspension. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

35. Plaintiff quotes portions of page 33 in the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

37. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required. Defendant admits that Plaintiff is on Temporary Assigned Duty orders to Naval Air Station Oceana in a non-flight status, but denies that his assignment is a public display or warning. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

38. Admit that the DoDIG Office conducted an investigation into whistleblower retaliation against Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

39. Admit that Plaintiff's command presented him with a Report and Disposition of Offenses form for nonjudicial punishment dated August 29, 2018, which speaks for itself and is the best evidence of its contents.

40. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required. Defendant admits that Plaintiff has not been charged at court-martial. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

41. Deny the allegations, except to admit that a Field Naval Aviator Evaluation Board ("FNAEB") was convened for Plaintiff. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

43. Admit that Plaintiff was notified that his promotion to Lieutenant Commander was being withheld. Defendant lacks sufficient knowledge or information to form a belief as to the date of that notification.

44. Admit that the FNAEB report was issued on October 23, 2018. That report speaks for itself and is the best evidence of its contents.

45. Admit that Plaintiff was provided a copy of the FNAEB report, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

46. Defendant lacks sufficient knowledge or information to form a belief as to the first sentence. The second sentence consists of conclusions of law, not allegations of fact, to

which no response is required.

47.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

48.     Admit that Commander Scott routed a Report of Misconduct on October 30, 2018, with subsequent endorsements, which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

49.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the timing alleged in the remainder of this paragraph.

50.     Admit that Plaintiff's chain of command reported the incidents to the Department of Defense ("DoD") Consolidated Adjudications Facility ("CAF").  That report speaks for itself and is the best evidence of its contents.  Defendant admits that Plaintiff's clearance is suspended with a status "pending reply to statement of reasons."  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

51.     This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required.  Insofar as a response is required, Defendant admits that Plaintiff's Aviation Career Incentive Pay ("ACIP"), or "flight pay," of $650 per month was suspended.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

52.     Admit that Commander Scott authored an adverse Fitness Report for Plaintiff but deny the characterization as misconduct that had never been adjudicated. The Fitness Report speaks for itself and is the best evidence of its content.

53. Admit that Plaintiff's civilian attorney communicated with Rear Admiral Kelley's office about the FNAEB and that there were delays. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in the remainder of this paragraph.

54. Admit that Plaintiff did not select for Aviation Department Head. Deny the characterization as "necessary."

55. Plaintiff describes the DoDIG Report of Investigation (ECF No. 2-2), which speaks for itself and is the best evidence of its contents.

56. Defendant admits that Lieutenant Colonel Nesbitt was relieved of his position as the XO of VFA-106. The remainder of the paragraph contains Plaintiff's characterization of this lawsuit, to which no response is required.

57. Admit that Commander Scott convened a Command Safety Assessment on August 6, 2019, (ECF No. 2-4), which speaks for itself and is the best evidence of its contents. Defendant denies Plaintiff's characterization of that survey and refers the Court to the document for a complete and accurate description of its contents.

58. Admit that Vice Admiral DeWolfe Miller, III, Commander Naval Air Forces, and Rear Adm. Roy Kelly, Commander, Naval Air Force Atlantic, were speakers at the Tailhook Association Symposium which was held September 5-8, 2019. Plaintiff provides a transcript in pages 3-5 of ECF No. 13 as well as a time stamp and web address, 1:39:00 – 1:44:00 at https://livestream.com/wab/tailhook2019/videos/195959742, for the video recording of the question and answer. Defendant denies the characterization of the comments in this paragraph, and states that the transcript speaks for itself and is the best evidence of its contents.

59. Admit that Mr. Gregory Slavonic, Assistant Secretary of the Navy (Manpower and Reserve Affairs) took action on Plaintiff's case by letter dated December 16, 2019. That letter speaks for itself and is the best evidence of its contents.

60. Defendant admits that Assistant Secretary of the Navy (Manpower and Reserve Affairs), Mr. Gregory Slavonic, issued a letter on December 16, 2019. That letter speaks for itself and is the best evidence of its contents. As to the remainder of the paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

65. This paragraph contains Plaintiff's conclusions of law and characterization of its lawsuit, to which no response is required.

66. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

## **FIRST CAUSE OF ACTION**
**(Privacy Act)**

67. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

68. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

70. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

72. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

73. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph

74. The allegations in this paragraph constitute conclusions of law and characterization of Plaintiff's damages, to which no response is required. Insofar as a response is required, Defendant denies the allegations in this paragraph.

75. The allegations in this paragraph constitute conclusions of law and characterization of Plaintiff's damages, to which no response is required. Insofar as a response is required, Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
**(Libel per se against Defendant Parlatore)**

76. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

77. Plaintiff quotes page 10 of Plaintiff's Exhibit 3 (ECF No. 2-4), which speaks for itself and is the best evidence of its contents. Defendant lacks sufficient knowledge or

information to form a belief as to the truth of the matters alleged in this paragraph.

78. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

79. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required. Insofar as a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matters alleged in this paragraph.

80. This paragraph consists of Plaintiff's conclusions of law, not allegations of fact, to which no response is required.

## **RELIEF**

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no answer is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's complaint not expressly admitted or qualified herein.

## **DEFENSES**

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

## **FIRST DEFENSE**

Plaintiff fails to plead actual damages caused by an alleged privacy act violation as required by *FAA v. Cooper*, 566 U.S. 284 (2012) (loss of reputation is general damage rather than actual damage).

## **SECOND DEFENSE**

Plaintiff fails to allege facts that constitute a violation of the Privacy Act.

## **THIRD DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

April 27, 2020                                        Respectfully submitted,

                                                      TIMOTHY J. SHEA
                                                      D.C. Bar No. 437437
                                                      United States Attorney

                                                      DANIEL F. VAN HORN,
                                                      D.C. BAR No. 924092
                                                      Chief, Civil Division

                                                      By: */s/ Brenda Gonzalez Horowitz*
                                                      Brenda González Horowitz,
                                                      D.C. Bar No. 1017243
                                                      Assistant United States Attorney
                                                      U.S. Attorney's Office, Civil Division
                                                      555 4th Street, N.W.
                                                      Washington, D.C. 20530
                                                      Tel: (202) 252-2512
                                                      Brenda.Gonzalez.Horowitz@usdoj.gov

                                                      *Counsel for Defendant*