UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN SHAW, <br><br> Plaintiff, <br><br> v. <br><br> JAMES E. MCPHERSON, <br> Acting Secretary, <br> United States Navy, Et Al., <br><br> Defendants. | Civil Action No. 20-0410 (RDM) |

## JOINT RULE 16.3 MEET AND CONFER STATEMENT

Per the Court's Order, dated April 23, 2020, and pursuant to Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3, counsel for the parties met and conferred using electronic mail and telephonically on April 28, 2020 and between May 5, 2020 and May 7, 2020 with respect to the matters required by the foregoing authorities. Mr. Eric S. Montalvo participated in the parties' meet and confer on behalf of Plaintiff Steven Shaw. Assistant United States Attorney Brenda González Horowitz, participated on behalf of Defendant James E. McPherson, Acting Secretary of the United States Navy (herein after referred to as "Defendant Navy"). Defendant Mr. Parlatore participated in some of the email communications, but was not included in any telephonic settlement communications that took place Plaintiff and Defendant Navy. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A. BRIEF STATEMENT OF THE CASE

Plaintiff's Position: Plaintiff maintains Defendant Navy unlawfully provided information to Defendant Mr. Parlatore, in violation of the Privacy Act. *See* 10 U.S.C. § 8013(a). Plaintiff alleges Defendant Mr. Parlatore thereafter engaged in *per se* libel by falsely alleging Plaintiff engaged in criminal misconduct.

Defendant Navy's Position: The Navy maintains that it did not violate the Privacy Act; that Plaintiff's amended complaint fails to state a claim upon which relief can be granted, and Plaintiff fails to plead actual damages caused by an alleged privacy act violation as required by *FAA v. Cooper*, 566 U.S. 284 (2012) (loss of reputation is general damage rather than actual damage).

Defendant Parlatore's Position: Defendant Parlatore maintains that Plaintiff is a limited-purpose public figure, requiring the heightened libel threshold and that, in any event, the statement complained of was substantially accurate. Moreover, the complaint contains a long and detailed statement of facts, which are largely false. The truth behind that narrative demonstrates that Plaintiff's reputation generally, and specifically within the Naval Aviation community, is so completely damaged through his own misconduct that he is libel-proof. Finally, Defendant Parlatore maintains that this entire case was frivolously filed, in violation of Fed.R.Civ.P. 11 and is potentially actionable under malicious prosecution, abuse of process, and defamation under the exception to the litigation privilege under *Williams v. Williams*, 23 N.Y.2d 592, 599 (1969).

B. MATTERS DISCUSSED BY THE PARTIES PURSUANT TO LCVR 16.3

1. *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

    Plaintiff: Plaintiff does not believe this matter can be resolved by a pre-discovery dispositive motion. It anticipates filing a post-discovery dispositive motion as to liability.

<u>Defendant Navy</u>: Defendant Navy intends to move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and requests that the Court stay discovery as it relates to Defendant Navy pending the outcome of the motion. Should the Court wish to proceed entering a discovery schedule, Defendant Navy proposes that the schedule set forth by Defendant Navy in Paragraphs 4 and 8 be adopted. Should this case proceed through discovery, Defendant Navy believes that this case may be resolved in its favor by post-discovery motions.

<u>Defendant Parlatore</u>: Defendant believes this matter could be resolved by a post-discovery dispositive motion and objects to discovery being stayed while Defendant Navy litigates a 12(c) motion.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

<u>Plaintiff</u>: Plaintiff does not anticipate amending its pleadings at this time.

<u>Defendant Navy</u>: Defendant Navy does not anticipate amending its pleadings at this time, but reserves the right to do so.

<u>Defendant Parlatore</u>: Defendant does not anticipate amending its pleadings at this time, as a portion of the potential counterclaims will not become ripe until after dismissal of this action but reserves the right to do so.

3. *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assignment to a magistrate judge for all purposes, including trial.

4. *Whether there is a realistic possibility of settling the case.*

<u>Plaintiff</u>: Plaintiff and Defendant Navy are engaged in settlement discussions. Discovery will proceed unless agreed to otherwise by the respective parties. Pursuant to the Court's April 23, 2020 Order, discovery will progress on a single scheduling track. Settlement with Defendant Parlatore seems unlikely. Although Plaintiff and the government have discussed staying the case for thirty days to continue settlement efforts, Defendant Parlatore has indicated he is opposed to any stay of discovery. For this reason, Plaintiff is proposing that discovery commence with an agreement not to propound discovery to the government for 30 days following issuance of a scheduling order.

<u>Defendant Navy</u>: Plaintiff and Defendant Navy are engaged in settlement discussions and have agreed to stay discovery for thirty (30) days pending the

outcome of those discussions. Defendant Navy therefore proposes that the Court enter a scheduling order allowing Plaintiff and Defendant Navy time to engage in those discussions, as it will save the parties time and resources, and may eliminate the need for the Court to expend judicial resources. Should the two parties fail to resolve the issues without the need for further litigation, Defendant Navy intends to move for judgment on the pleadings as explained in response to No. 1 above. Defendant Navy requests that the Court stay discovery as it pertains to the Navy until resolution of that motion. Should the Court wish to proceed with entering an order regarding the Navy's participation in discovery, the Navy proposes that discovery commence June 8, 2020.

Defendant Parlatore: Defendant has provided to counsel for the Plaintiff a reasonable settlement offer, for which he has never received a response and suspects that counsel for the Plaintiff has not even shared with Plaintiff. Defendant's offer was for a global settlement that would cover, not only this case, but also the malicious prosecution, libel, and abuse of process claims that Defendant intends to file against Plaintiff after the successful dismissal of this case.

As to Defendant Navy's request for a 30-day stay of discovery for settlement negotiations, Defendant Parlatore partially objects. As Plaintiff is excluding Defendant Parlatore from any settlement discussions, a stay is inappropriate. However, as the discovery that Defendant Parlatore is seeking in this case is primarily from Plaintiff and certain third parties, Defendant Parlatore has no objection to giving Defendant Navy an additional 30 days to make their initial disclosures and will not serve any discovery demands on Defendant Navy during that time.

5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Plaintiff: Plaintiff believes discovery should proceed and if settlement is possible the parties can resolve it outside of ADR. Plaintiff is engaged with Defendant Navy in settlement discussions. Plaintiff's pre-discovery settlement discussions with Defendant Parlatore have not proved fruitful and Plaintiff believes no alternative resolution process will resolve the parties' positions prior to discovery.

Defendant Navy: While Plaintiff and Defendant Navy are engaged in settlement discussions, Defendant Navy does not believe that the parties will benefit from ADR at this time. Should the Navy's position change regarding ADR, it will alert the Court.

Defendant Parlatore: Defendant believes that ADR may be appropriate in this case, as all efforts at communication with counsel for the Plaintiff over even

    simple matters has proven impossible. However, Defendant is opposed to any stay of discovery while ADR is pursued. Notwithstanding this, Defendant Parlatore agrees with Plaintiff's proposal not to propound discovery to the Navy for 30 days following the issuance of the scheduling order.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

    <u>Plaintiff</u>: Plaintiff believes liability may be determined by summary judgment. Plaintiff proposed that post-discovery motions be made due 45 days after the close of discovery, that Oppositions be made due 30 days after the filing of any dispositive motions, and that Replies be made due 15 days thereafter.

    <u>Defendant Navy</u>: Defendant believes that this matter could be disposed of by either a motion for judgment on the pleadings or by summary judgment. Defendant Navy prefers that the Court set a briefing schedule for dispositive motions at a Post-Discovery Status Conference.

    <u>Defendant Parlatore</u>: Defendant believes that this matter could be disposed of by summary judgment. Defendant Parlatore agrees that the Court should set a briefing schedule for dispositive motions at a Post-Discovery Status Conference.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

    The parties propose that Rule 26(a)(1) initial disclosures occur by July 8, 2020 unless otherwise agreed to by the parties.

    Plaintiff and Defendant Navy agreed to stay discovery for thirty days pending settlement negotiations. Defendant Navy therefore proposes that initial disclosures by exchanged thirty days from the commencement of discovery (as proposed in response to No. 4 above), i.e., by July 8, 2020.

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

    <u>Plaintiff</u>: Due to ongoing Corona Virus precautions and, the parties propose fact discovery close 10 months from the exchange of initial disclosures (June 7, 2020) and close April 7, 2021. Plaintiff further proposes that each party have up to 25 interrogatories and up to a total of 10 depositions. The parties agree that a Protective Order may be necessary in this case and will seek to agree to one.

Defendant Navy: Defendant Navy proposes that discovery should begin after the Court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Should the Court wish for Defendant Navy to proceed in discovery pending the outcome of that motion, Defendant Navy proposes as follows:

Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) due by July 8, 2020. Defendant Navy proposes that discovery close 10 months from the date of initial disclosures, on May 10, 2021.

The following limits, consistent with the applicable Federal Rules of Civil Procedure, should apply:

   i. Interrogatories: 25 per side;
  ii. Requests for Production of Documents: no limit;
 iii. Depositions: 10 total per side;
  iv. Requests for Admissions: no limit.

It is understood that one or all Parties may seek leave from the Court to increase this limit at a future time, with the other party or parties preserving their right to object.

Defendant Navy states that discovery in this case should be limited to Plaintiff's sole claim against Defendant Navy, alleged violations of the Privacy Act. Defendant notes that it will object and seek all necessary redress from the Court should Plaintiff attempt to broaden the scope of discovery into his alleged claims of retaliation and discriminatory practices.

Defendant Navy further submits that a protective order may be needed in this case depending on scope of Plaintiff and Defendant Parlatore's discovery, but that the parties meet and confer on this issue as the scope of discovery becomes clearer.

Defendant Parlatore: Defendant will require extensive discovery of documents from Plaintiff including, but not limited to, emails, texts, WhatsApp messages, hard drives, cloud drives, and SD Cards. Defendant will also be issuing subpoenas for documents from several non-parties and proposes a total of up to 15 depositions.

Defendant Parlatore does anticipate a much larger scope of discovery than that proposed by the Navy because the lengthy statement of facts pleaded by Plaintiff is riddled with false statements and Defendant maintains that demonstrating the falsity of these claims is not only relevant to Plaintiff's credibility, but also the affirmative defense that Plaintiff is libel-proof. However, the discovery relevant to this issue can primarily be obtained from Plaintiff and non-parties, such as Courtland Savage and Jason Ashley, who are both also represented by counsel for

the Plaintiff. Defendant Parlatore sees very limited discovery to be sought from Defendant Navy at this time.

Although Plaintiff correctly notes that the parties agree that a Protective Order may be necessary in this case, Defendant believes that Plaintiff's claim that the parties "will seek to agree to one" is futile and will only seek to delay the case, as Defendant has already attempted on multiple occasions to discuss the matter with counsel for the Plaintiff, but is unable to get any meaningful professional response. Unfortunately, due to Plaintiff's refusal to communicate, judicial intervention will be necessary in this case. Defendant Parlatore proposes the following general outline:

1. All discovery produced by the Government, either by Defendant, or by the Department of Defense in response to a subpoena, that would normally be covered under the Privacy Act shall be subject to a protective order disallowing the dissemination of this information beyond the parties for non-litigation purposes during the pretrial phase of this lawsuit. Defendant McPherson and any non-party components of the Department of Defense (in particular the Inspector General) should produce two copies of any such document – one unredacted that is subject to the protective order and one redacted that can be used in public filings.
2. All discovery provided by Plaintiff shall be produced in unredacted form and shall not be governed by any protective order, because records within the possession or custody of plaintiff are not covered by the Privacy Act, even if a government agency houses copies of the same material. Of course, Fed.R.Civ.P. 5.2 redactions will still be required for any CM/ECF filed copies of these documents.

The above provisions are identical to those ordered in the case of *Lohrenz v. Donnelly*, 187 F.R.D. 1 (D.D.C. 1999), a case that presented substantially identical circumstances. Although counsel for the Plaintiff has stated his general objection to following *Lohrenz*, he has declined to provide any detail or engage in any discussion on this point.

Additionally, there is concern that some of the discovery sought by Plaintiff may contain classified information, as he is currently under investigation for illegally taking a camera into a secured facility, where photos may have captured classified information. *Amended Complaint* ¶34. We will certainly be seeking information about this issue, but do not want any classified materials to be mishandled. Defendant Parlatore therefore suggests that some procedure be put into place to ensure that the Navy has the ability to properly screen and redact these particular items of discovery before they are disclosed to Defendant Parlatore.

9. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

At this time, the Parties do not foresee any issues relating to electronic discovery. The Parties agree to take reasonable measures to preserve electronically stored information. The Parties agree that, unless otherwise stated, each request made under Rule 34 will be presumed to include a request for responsive Electronically Stored Information ("ESI"). A search for ESI does not waive the right to claim privilege, objection or other protection to producing responsive ESI located. Production of non-privileged ESI not subject to an objection or other protection will be in pdf format. The producing party will bear the cost of producing ESI.

The parties agree that the propounding party will propose search terms, custodians and date ranges for all searches of electronic mail records, subject to agreement by the opposing party. To the extent there is a dispute or objection to the propounding party's proposed search terms, custodians and/or date ranges, the responding party's counsel will confer with propounding party's counsel to resolve any objections and disputes. The parties agree to confer in good faith regarding any disputes corresponding to ESI prior to filing a motion to compel.

Clawback Agreement: The parties stipulate that by providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

10. Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

Plaintiff: proposes that the parties confer regarding these issues as the need arises.

Defendant Navy: At this time, Defendant Navy anticipates that there may arise issues regarding the assertion of attorney client privilege with respect to documents in the Navy's possession, but proposes that the parties confer regarding these issues as the need arises.

Defendant Parlatore: Defendant Parlatore anticipates that substantially all discovery that may be sought from him will likely be covered under the attorney client privilege. Defendant Parlatore's involvement in this case arises out of his representation as attorney for four individuals who have interests adverse to Plaintiff. The claim against the Navy is based entirely on the allegation that his clients provided him with documents that were legally in their possession and that they transmitted in furtherance of Defendant Parlatore's legal representation of them. Moreover, the sole remaining claim against Defendant Parlatore requires Plaintiff to demonstrate actual malice by establishing Defendant Parlatore's

8

knowledge based on attorney-client communications, assuming Plaintiff can even establish that it was a false statement to begin with.

Because Plaintiff has chosen to sue Defendant Parlatore while he is still actively representing these individuals with interests adverse to Plaintiff, there is no likelihood that the parties will agree on a procedure to address this, other than for the Court to severely limit the scope of discovery that Plaintiff can seek.

11. *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

    Plaintiff: Plaintiff proposes that proponent's Rule 26(a)(2)(B) & (C) disclosure be made due by February 7, 2021 and that opponent's Rule 26(a)(2)(B) & (C) disclosures be made due by March 7, 2021. Plaintiff anticipates use of one or more experts as to damages.

    Defendant Navy: Given the straightforward nature of the claims at issue in this case, Defendant does not believe there should be a need for the Parties to present expert testimony. Defendant proposes that the Parties propose that any experts be designated and provide a written report consistent with Fed. R. Civ. P. 26(a)(2)(B) no later than ninety (90) days after the discovery period begins, and that any rebuttal experts be designated and provide a written report consistent with Fed. R. Civ. P. 26(a)(2)(B) no later than sixty (60) days thereafter, absent a stipulation or Court order to the contrary. After expert reports are exchanged, Defendant Navy proposes that the parties' anticipate taking depositions at a mutually agreeable time. The Parties agree that all other requirements of Federal Rule of Civil Procedure 26 regarding experts shall apply.

    Defendant Parlatore: Defendant agrees with Defendant Navy's position.

12. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

    This case is not a class action.

13. *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

    The parties do not believe bifurcation of the trial or discovery is necessary.

14. *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

      The parties propose that the Court set a pre-trial conference hearing after the Court has resolved all dispositive motions.

15. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

    The parties propose that the Trial date be set at the Pretrial Conference.

16. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

    Plaintiff: None at this time. A proposed scheduling order is attached for the Court's convenience. No objection to service through electronic mail provided such email be sent to all counsel of record.

    Defendant Navy: Defendant Navy proposes that the Parties agree to accept discovery in electronic format in lieu of service via first class mail.

    Defendant Parlatore: Defendant agrees with Defendant Navy's proposal for electronic disclosure. Additionally, as discussed in section 8 above, judicial intervention will be required to enter an appropriate protective order in this case, for which a briefing schedule may be necessary. As Defendant does not want to delay discovery, Defendant would respectfully request a relatively quick schedule or, potentially, a conference call to see if the Court can mediate a protective order without the need for formal briefing.

                Respectfully submitted,

                                      /s/  *Eric S. Montalvo*
                        Eric S. Montalvo, D.C. Bar No. 993206
                        THE FEDERAL PRACTICE GROUP
                        1750 K Street, N.W., Suite 900
                        Washington, D.C.  20006
                        Telephone:  202-862-4360
                        Facsimile:  888-899-6053
                        emontalvo@fedpractice.com
                        *Attorney for Plaintiff*

                        TIMOTHY J. SHEA
                        D.C. Bar No. 437437
                        United States Attorney

                DANIEL F. VAN HORN
                D.C. Bar No. 924092
                Chief, Civil Division

By:    /s/ Brenda González Horowitz
        BRENDA GONZÁLEZ HOROWITZ
        D.C. Bar No. 1017243
        Assistant United States Attorney
        U.S. Attorney's Office, Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2512
        Brenda.Gonzalez.Horowitz@usdoj.gov
        *Counsel for Defendant Navy*

            */s/ Timothy C. Parlatore*
        TIMOTHY C. PARLATORE
        Defendant, *Pro Se*
        Parlatore Law Group, LLC
        One World Trade Center, Suite 8500
        New York, New York 10007
        212-679-6312
        212-202-4787 Facsimile
        Timothy.parlatore@parlatorelawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2020, a copy of the foregoing was filed electronically via this Court's Electronic Court Filing system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Eric S. Montalvo*
Eric S. Montalvo
