UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH BRAITHWAITE,<br>Secretary, United States Navy, *et al.*,<br><br>*Defendants.* | Civil Action No.: 20-0410 (RDM) |

**DEFENDANT KENNETH BRAITHWAITE'S MEMORANDUM
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

June 16, 2020

## **TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

STANDARD OF REVIEW ...........................................................................................................2

ARGUMENT .................................................................................................................................3

I.    Requirements For A Privacy Act Claim ..........................................................................3

II.   Shaw's Failure To Plead Facts Plausibly Establishing Actual Damages
Is Fatal To His Privacy Act Claim ...................................................................................5

III.  Shaw's Failure To Plead Facts Plausibly Establishing Causation Is
Fatal To His Privacy Act Claim .......................................................................................7

IV.  Shaw's Failure To Plead Facts Plausibly Establishing A Violation of
the Privacy Claim Is Fatal To His Claim .........................................................................8

CONCLUSION ............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**

*Albright v. United States*,
   732 F.2d 181 (D.C. Cir. 1984) ................................................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... 2, 3, 6, 7, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 2, 5, 6, 8, 9

*Browning v. Clinton*,
   293 F.3d 235 (D.C. Cir. 2002) ................................................................................................4

*Dickson v. Office of Pers. Mgmt.*,
   828 F.2d 32 (D.C. Cir. 1987) .......................................................................................... 4, 7, 8

*Doe v. Dep't of Justice*,
   660 F. Supp. 2d 31 (D.D.C. 2009) .......................................................................................3, 9

*Earle v. Holder*,
   No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) ...................................................5

*Fed. Aviation Admin. v. Cooper*,
   566 U.S. 284 (2012) ........................................................................................................ 4, 5, 6

*Fowler v. Curtis Publ'g Co.*,
   182 F.2d 377 (D.C. Cir. 1950) ................................................................................................4

*In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*,
   928 F.3d 42 (D.C. Cir. 2019) ................................................................................. 3, 4, 5, 6, 9

*Kowal v. MCI Commc'ns Corp.*,
  16 F.3d 1271 (D.C. Cir. 1994) ................................................................................................3

*Maydak v. United States*,
  630 F.3d 166 (D.C. Cir. 2010) ............................................................................................3, 9

*McNamara v. Picken*,
  866 F. Supp. 2d 10 (D.D.C. 2012) ...........................................................................................2

*Owens v. Republic of Sudan*,
  864 F.3d 751 (D.C. Cir. 2017) ..................................................................................................5

*Richardson v. Bd. of Governors of Fed. Reserve Sys.*,
  288 F. Supp. 3d 231 (D.D.C. 2018) .........................................................................................7

*Welborn v. Internal Revenue Serv.*,
  218 F. Supp. 3d 64 (D.D.C. 2016) .......................................................................................4, 5

**Statutes**

5 U.S.C. § 552a .................................................................................................... 3, 4, 5, 8, 9

**Other Authorities**

2 Moore's Fed. Practice (1948) .......................................................................................................4

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................................6

Fed. R. Civ. P. 9(g) .....................................................................................................................4, 6

Fed. R. Civ. P. 12(c) .......................................................................................................................2

For the purposes of this Motion, Defendant Kenneth Braithwaite, Secretary of the United States Navy ("Navy"), addresses only Plaintiff Steven Shaw's ("Shaw") Privacy Act claim. *See* Am. Compl. ¶¶ 67-75. For the reasons discussed herein, the Court should enter judgment in the Navy's favor on that claim. In his only other claim (a claim for libel), Shaw seeks relief exclusively against Defendant Timothy Parlatore, who represents himself in this action. *See id.* ¶¶ 76-80.

## BACKGROUND

Shaw is an active duty officer in the Navy. During 2018, Shaw's command, Strike Fighter Squadron One Zero Six (VFA-106), conducted a command directed investigation ("CDI") into allegations that Shaw committed misconduct. *See id.* ¶¶ 27-35. While investigating Shaw, the Navy suspended his security clearance beginning on July 3, 2018. *Id.* ¶ 34. Before the CDI was concluded, the Navy convened an administrative Field Naval Aviator Evaluation Board ("FNAEB") during October 2018 regarding Shaw's status as a Naval aviator. *Id.* ¶¶ 41-44. The FNAEB recommended that Shaw's flight status be terminated, which, pursuant to the FNAEB instruction, resulted in the loss of "flight pay." *Id.* ¶¶ 44, 51. On October 11, 2018, before the FNAEB issued its report, Shaw was notified that his promotion to Lieutenant Commander was being withheld. *See id.* ¶ 43.

Thereafter, the Department of Defense Inspector General concluded that several Naval service members involved with the VFA-106 investigation committed acts of reprisal against Shaw. *See id.* ¶ 55. In response, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) ordered corrective administrative action for Shaw. *See id.* ¶¶ 59, 60. Specifically, the Assistant Secretary set aside the original VFA-106 investigation and authorized a different command to conduct a new investigation into the allegations against Shaw. *Id.*

As relevant here, Shaw alleges that the Navy violated the Privacy Act by "intentionally provid[ing] to Defendant Mr. Parlatore" three records: (1) an August 2019 command climate

survey, which included comments about Shaw; (2) the VFA-106 investigation; and (3) the October 23, 2018 FNAEB report. *See id.* ¶¶ 44, 57, 68-73. With respect to the command climate survey, Shaw alleges only that Defendant Parlatore, a civilian attorney, received the command survey from one of three military officers he represents. *See id.* ¶ 62. Plaintiff does not allege a specific source of disclosure of the CDI or FNAEB to Defendant Parlatore. *Id.* ¶¶ 61-75.[1]

For the purposes of his Privacy Act claim, Shaw states that he "has suffered actual pecuniary harm as a result of these disclosures." *Id.* ¶ 74. Shaw also states: "Since the inception of the original CDI, and in addition to the various adverse personnel and administrative actions he has suffered (despite those adverse actions having been ordered to be set aside), Lt. Shaw has been ostracized, treated like a criminal, and precluded from flying. He suffered grave reputational harm; given the small environment that is the active, retired, and former Naval aviation community, this reputational harm will continue to plague him even after he is able to leave the Navy." *Id.* ¶ 65.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(c), "courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss." *McNamara v. Picken*, 866 F. Supp. 2d 10, 14 (D.D.C. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be sure, the facts alleged need not be "detailed." *Twombly*, 550 U.S. at 555. But they must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Id.* Where a pleading offers only "labels and conclusions" or "a formulaic recitation

---

[1] Additionally, Shaw has filed a copy of that same survey—a Naval Aviation Climate Assessment Survey System Summary Report—as an exhibit to an earlier motion for a preliminary injunction. *See* Pl.'s Mot. for Prelim. Inj., Ex. 3 (ECF No. 2-4 at 11-65).

2

of the elements of a cause of action," the pleading "will not do." *Id.* And while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that a plaintiff draws. *See Iqbal*, 556 U.S. at 678; *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

### I. Requirements For A Privacy Act Claim

The D.C. Circuit has explained that "[t]o unlock the Privacy Act's waiver of sovereign immunity and state a cognizable claim for damages, a plaintiff must allege that (i) the agency 'intentional[ly] or willful[ly]' violated the Act's requirements for protecting the confidentiality of personal records and information; and (2) [he] sustained 'actual damages' (iii) 'as a result of' that violation." *In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 62 (D.C. Cir. 2019) ("*OPM Litig.*") (quoting 5 U.S.C. § 552a(g)(4)) (first and second alterations in original). A plaintiff must plausibly allege facts supporting each element. *See id.*

For the first element, a plaintiff must allege that the Privacy Act itself was violated. As relevant here, that means Shaw must plausibly allege facts showing that the disclosed information is a record contained within a system of records and that it was disclosed improperly. *See Doe v. Dep't of Justice*, 660 F. Supp. 2d 31, 44-45 (D.D.C. 2009). "Of course, violating the Privacy Act is not by itself enough." *OPM Litig.*, 928 F.3d at 62. Rather, the plaintiff must also plausibly allege that the "agency's transgression" was "'intentional or willful." *Id.* (quoting 5 U.S.C. § 552a(g)(4)). This requires "more than 'gross negligence.'" *Id.* (quoting *Maydak v. United States*, 630 F.3d 166, 179 (D.C. Cir. 2010)).

3

For the second element, the complaint must plausibly "allege facts showing that [the plaintiff] suffered 'actual damages' as 'a result of'" the Privacy Act violation.[2] *Id.* at 64. "'Actual damages' within the meaning of the Privacy Act are limited to proven pecuniary or economic harm." *Id.* (quoting *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 298-99 (2012)). In contrast, "the Privacy Act does not allow a claim for damages based on reputational or emotional harm[.]" *Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 82 (D.D.C. 2016). Additionally, the Act's reference to "actual damages" is synonymous with "special damages," *Cooper*, 566 U.S. at 299, which must be pled with specificity, *Welborn*, 218 F. Supp. 3d at 82. Specifically, "[Rule] 9(g) requires that special damages be 'specifically stated,' *i.e.*, the plaintiff must allege actual damages with 'particularity' and specify 'facts showing that such special damages were the natural and direct result' of the defendant's conduct." *Browning v. Clinton*, 293 F.3d 235, 246 (D.C. Cir. 2002). "[I]t is not sufficient to allege generally that the plaintiff has suffered special damages, or that the party has been put to great costs and expenses." *Fowler v. Curtis Publ'g Co.*, 182 F.2d 377, 379 (D.C. Cir. 1950) (citing 2 Moore's Fed. Practice 1921-23 (1948)).

Finally, for the third element, the complaint must plausibly allege facts showing that the actual damages were the "result of" the Privacy Act violation. *See OPM Litig.*, 928 F.3d at 66. To satisfy this requirement, the complaint must plausibly allege facts showing that the Privacy Act violation was the "proximate cause" of the damages. *Dickson v. Office of Pers. Mgmt.*, 828 F.2d 32, 37 (D.C. Cir. 1987). In other words, the violation "must have been a 'substantial factor' in the

---

[2] Of note, where, as here, a plaintiff alleges a violation of the Privacy Act through improper disclosure, injunctive relief is unavailable. *See Cooper*, 566 U.S. at 310 n.4 (Sotomayor, J., dissenting) ("It bears noting that the Privacy Act does not authorize injunctive relief when a suit is maintained under 5 U.S.C. § 552a(g)(1)(C) and (D). Rather, injunctive relief is available under the Act only for a limited category of suits: suits to amend a record and suits for access to a record").

4

sequence of events leading to" the alleged injuries. *OPM Litig.*, 928 F.3d at 67 (quoting *Owens v. Republic of Sudan*, 864 F.3d 751, 794 (D.C. Cir. 2017)).

## II. Shaw's Failure To Plead Facts Plausibly Establishing Actual Damages Is Fatal To His Privacy Act Claim

As noted, to state a claim for money damages under the Privacy Act, Shaw must plead facts plausibly showing, among other things, that he suffered "actual damages" as a result of the alleged Privacy Act violation. 5 U.S.C. § 552a(g)(4). This is "limited to proven pecuniary or economic harm." *Cooper*, 566 U.S. at 299. The United States retains sovereign immunity for all non-economic harms, including "loss of reputation, shame, mortification, injury to the feelings and the like." *Id.* at 1441, 1451, 1453, 1456. The failure to establish monetary damages is fatal to a Privacy Act claim. *See id.* at 1450-51 (explaining that "the Privacy Act's remedial provision authorizes plaintiffs to recover … but only if they prove at least some 'actual damages'") (quoting 5 U.S.C. § 552a(g)(4)(A)); *see also Earle v. Holder*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012) (affirming dismissal of Privacy Act claim for failure to plead "actual damages" specifically). Here, Shaw fails to plead any facts showing that he has sustained monetary loss as a result of the alleged Privacy Act violation and judgment should thus be entered in the Navy's favor on the Privacy Act claim.

In his Amended Complaint, Shaw baldly alleges that he has "suffered actual pecuniary harm as a result of these disclosures." Am. Compl. ¶ 74. But such a "formulaic recitation of the elements of a cause of action … will not do." *Twombly*, 550 U.S. at 55. The only other allegations that possibly relate to "actual damages" are equally deficient. For instance, Shaw alleges elsewhere that "[h]e suffered grave reputational harm[.]" Am. Compl. ¶ 65. Yet again, this will not do for the simple fact that reputational harm is not a basis for "actual damages" under the Privacy Act. *Welborn*, 218 F. Supp. 3d at 82. Elsewhere still, Shaw alleges that he has "been

5

placed on legal hold, which has precluded him voluntarily leaving the Navy[.]" *Id.* Missing from this statement, however, is any allegation of "pecuniary or economic harm." *Cooper*, 366 U.S. at 299.

These allegations (bald and insufficient) do not come close to satisfying Shaw's obligation to plead "pecuniary or economic harm" plausibly. *See id.* And they certainly do not satisfy the heightened standard for pleading such harm under Rule 9(g).[3] *See Cooper*, 366 U.S. at 298 (stating that "we think it likely that Congress intended 'actual damages' in the Privacy Act to mean special damages for proven pecuniary loss"). Rather, the lone allegation related to "pecuniary or economic harm" is the Amended Complaint's recital of this element of the cause of action. *See* Am. Compl. ¶ 74. The remaining allegations that Shaw may have intended to support an allegation of harm do not appear to be for actual pecuniary harm at all. *See id.* ¶ 65. If anything, the allegations assert emotional or non-pecuniary harm, none of which is sufficient for a claim under the Privacy Act. *See Cooper*, 566 U.S. at 299.

This dooms Shaw's Privacy Act claim because he has failed to allege facts demonstrating a required element of such a claim.

---

[3] Even if the Court were to conclude that the heightened pleading requirements of Rule 9(g) do not apply to pleading actual damages under the Privacy Act, *see OPM Litig.*, 928 F.3d at 66 (noting that "[w]e have not yet addressed whether Rule 9(g)'s heightened pleading standard applies to Privacy Act claims, and we have no occasion to do so here"), Shaw's scant allegations about actual damages do not satisfy the general pleading standards of Rule 8. To properly state a claim under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its fact.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This requires Shaw to "articulate facts, when accepted as true, that 'show' that [he] has stated a claim entitling him to relief[.]" *Id.* Here, Shaw has not done so. Rather, the lone allegation on this point is the conclusory statement that he has suffered "actual pecuniary harm[.]" Am. Compl. ¶ 74. The Amended Complaint is silent and pleads no facts as to what pecuniary harm he has suffered.

**III. Shaw's Failure To Plead Facts Plausibly Establishing Causation Is Fatal To His Privacy Act Claim**

Even were the Court to credit Shaw's barebones allegations about damages as satisfying the "actual damages" requirement, Shaw fails to plead any facts plausibly demonstrating a causal connection between the alleged Privacy Act violations and his alleged damages. As noted, the release of the records must be the "proximate cause" of the damages. *Dickson*, 828 F.2d at 37. But a brief review of the pertinent timeline makes clear that Shaw has not (and cannot) satisfy his obligation to plead facts demonstrating causation.

For instance, Shaw discusses the suspension of his security clearance and the notice of withheld promotion. *See* Am. Compl. ¶¶ 34, 43. The security clearance revocation occurred on July 3, 2018. *See id.* ¶ 34. And Shaw received the notice that he was not being promoted on October 11, 2018. *See id.* ¶ 43. These events predate the creation of the records that Shaw claims the Navy unlawfully released. *See id.* ¶¶ 68 (alleging that the "command climate survey" was conducted in August 2019), 49 (the CDI report was endorsed on November 19, 2018), 44 (the FNAEB report was issued on October 23, 2018). As the records in question did not yet exist, the security clearance loss and the withheld promotion certainly could not have been related to an unlawful release of the yet-to-be-created records. Rather, the only plausible inference is that these decisions were based on other factors. *See Iqbal*, 556 U.S. at 678; *see also Richardson v. Bd. of Governors of Fed. Reserve Sys.*, 288 F. Supp. 3d 231, 237 (D.D.C. 2018) (dismissing Privacy Act claims, holding that "[g]iven this timing, the Court must conclude that Mr. Richardson's termination could not have been caused by the alleged acts").

Similarly, with respect to his general claims of reputational harms, Shaw's Amended Complaint confirms that the allegedly unlawful disclosure was not the proximate cause of such harms. Rather, Shaw alleges that he "has been ostracized, treated like a criminal, and precluded

7

from flying" "[s]ince the inception of the original CDI." Am. Compl. ¶ 65. But if Shaw has suffered these harms "since the inception of the original CDI," *id.*, the only plausible inference is that the CDI itself would be the proximate cause of the harms, not an allegedly unlawful release of the records at a future point. *See Iqbal*, 556 U.S. at 678.

At bottom, Shaw's Amended Complaint is woefully deficient in satisfying Shaw's obligation to "articulate facts, when accepted as true," *Iqbal*, 556 U.S. at 678, showing that the allegedly unlawful release of these records was the "proximate cause" of Shaw's alleged injuries, *Dickson*, 828 F.2d at 37.

### IV. Shaw's Failure To Plead Facts Plausibly Establishing A Violation of the Privacy Claim Is Fatal To His Claim

The logic underlying Shaw's Privacy Act claim appears to be that if Defendant Parlatore has copies of the records in question, the Navy must have violated the Privacy Act. *See* Am. Compl. ¶¶ 67-75. But strict liability is not imposed "for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984). Rather, the complaint must allege facts demonstrating that the defendant acted "intentional[ly]" or "willful[ly]." 5 U.S.C. § 552a(g)(4). Once again, Shaw attempts to satisfy this requirement by simply reciting the standard. *See* Am. Compl. ¶ 69 (alleging that the record "was intentionally provided to Defendant Mr. Parlatore"); *see also id.* ¶ 71 (same). Yet, such a "formulaic recitation of the elements of a cause of action … will not do." *Twombly*, 550 U.S. at 55.

In fact, these allegations fail for another reason beyond their "formulaic recitation of the elements of a cause of action"—they do not actually allege any action on the Navy's part. With respect to the command climate survey, for instance, Shaw alleges only that "[t]he record, in its entirety, without Lt. Shaw's name being withheld, and without the consent of Lt. Shaw, was

8

intentionally provided to Defendant Mr. Parlatore." Am. Compl. ¶ 69; *see also id.* ¶ 62 (broadly alleging that "Mr. Parlatore obtained the survey … from one of his three clients"). There is no allegation that *the Navy* "intentionally provided" the record to Defendant Partlatore. Yet, such plausible factual allegations are required for a Privacy Act claim. *OPM Litig.*, 928 F.3d at 62. Without such allegations, Shaw's Privacy Act claim fails.

Additionally, Shaw fails to allege any facts (let alone plausible facts) demonstrating that any of the three records were maintained in a system of records. Again, however, that is a required element of Shaw's claim. *See* 5 U.S.C. § 552a(e); *Maydak*, 630 F.3d at 178; *Doe*, 660 F. Supp. 2d at 44-45. By failing to include any such allegation, Shaw fails to satisfy the pleading requirements for his claim. Moreover, a review of Shaw's filings confirms that at least one record is clearly not maintained in a system of records and thus its release cannot support a Privacy Act claim.

"A system of records exists only if the information contained within the body of material is both *retrievable* by personal identifier and actually *retrieved* by personal identifier." *Maydak*, 630 F.3d. at 178 (quotation marks omitted) (emphasis in original). As noted, Shaw previously filed a copy of the command climate survey. *See* Pl.'s Mot. for Prelim. Inj., Ex. 3 (ECF No. 2-4 at 11-65). The online survey is titled with the command name and date rather than any individual's information. *See id.* Shaw's name appears only in responses to questions. *See id.* And Shaw does not allege, nor is it plausible to infer, that the command survey is retrievable by personal identifier and actually retrieved by personal identifier. As such, Shaw fails to satisfy the requirement to allege plausible facts showing that the command survey is part of a system of records, and therefore Shaw fails to support a Privacy Act claim based on this record. *See Maydak*, 630 F.3d. at 178; *Twombly*, 550 U.S. at 570.

9

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and enter judgment in the Navy's favor on Shaw's Privacy Act claim.

June 16, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By: */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov