**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEVEN E. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-410 (RDM) |
| v. | ) | |
| | ) | |
| THE HONORABLE KENNETH | ) | |
| BRAITHWAITE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT BRAITHWAITE'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Pursuant to LCvR 7(b), Plaintiff, Lieutenant (Lt.) Steven E. Shaw, respectfully submits this memorandum in opposition to Defendant Braithwaite's Motion for Judgment on the Pleadings. Defendant purports to bring his motion under Fed. R. Civ. P. 12(c), but his motion is actually noting but an untimely, post-answer, motion to dismiss that should have been brought, if at all, under Rule 12(b)(6). This this Court should deny Defendant Braithwaite's motion because he fails to show both: (1) that there is no material dispute of fact, and (2) that the law is such that the movant is entitled to judgment as a matter of law.

**BACKGROUND**

This lawsuit was commenced on February 12, 2020, following Defendant Braithwaite's violation of the Privacy Act, 5 U.S.C. § 552a. Plaintiff filed an Amended Complaint on April 13, 2020. (ECF No. 23.) Defendant Braithwaite filed an Answer to the Amended Complaint on April 27, 2020. (ECF No. 27.) Defendant Braithwaite then filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on June 16, 2020. (ECF No. 33.)

Defendant's Motion for Judgment on the Pleadings alleges that: (1) Plaintiff failed to plead facts plausibly establishing actual damages, the failure of which is fatal to the Privacy Act claim; (2) Plaintiff failed to plead facts plausibly establishing causation, the failure of which is fatal to the Privacy Act claim; and (3) Plaintiff failed to plead facts establishing that the distribution of the protected documents was either intentional  or willful, or that the protected documents were stored in a system of records, the failure of which is fatal to the Privacy Act claim. (ECF No. 33-1 at 5-9.) The crux of Defendant Braithwaite's entire motion is that Defendant is entitled to judgement as a matter of law because Plaintiff has failed to state a sufficient claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## AUTHORITY AND ARGUMENT

Defendant's motion is improperly styled as a motion to dismiss for failure to state a claim; because Defendant's motion fails to address any material undisputed facts and how those facts entitle Defendant to judgment as a matter of law, this Court must dismiss the motion. Federal Rules of Civil Procedure 12(b)(6) and 12(c) are distinctly different in both form and relief. Rule (12)(b)(6) is a "method of testing the sufficiency of the statement of claim for relief," and must be "filed *before* any responsive pleading." *Murphy v. Dept. of Air Force*, 326 F.R.D. 27, 48 (D.D.C. 2018) (citing 5B Wright & Miller, § 1349; Fed. R. Civ. P. 12(b)) (emphasis in original). Such a motion is "focused solely on the *insufficiency* of the complaint's allegations–as opposed to their accuracy–[and] the defendant must accept the allegations of the complaint as true as a prerequisite to sustaining his contention that the complaint's allegations are unavailing nonetheless." *Id.* (citing 5B Wright & Miller, § 1357) (emphasis in original).

By contrast, Rule 12(c) focuses on the "*merits*" of the plaintiff's claims, and is "thus filed *after* the defendant has submitted an answer." *Id.* (citing 5C Wright & Miller, § 1367) (emphasis

in original). "[A] Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complainant's claims are ripe to be resolved at this very early stage in the litigation." *Id.* at 49. Accordingly, "when considering a motion brought under Rule 12(c), the court *must make a different finding* than the mere determination that the plaintiff's complaint is too deficient to proceed." *Id.* (emphasis in original).

To prevail on a Rule 12(c) motion the movant has the burden to "show *both* that there is no material dispute of fact (as reflected in the parties' pleadings) *and* that the law is such that the movant is entitled to judgment as a matter of law." *Id.* (emphasis in original). If the movant fails to establish both, then "the pleadings *must* be denied." *Id.* (emphasis added); *See also Tapp v. Washington Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 391 (D.D.C. 2016) ("To prevail on a Rule 12(c) motion, the moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law.").

The facts of this case are nearly identical to *Murphy*, a lawsuit brought against the Department of the Air Force ("Air Force") for a Privacy Act violation. After filing its answer, the Air Force moved to dismiss for failure to state a claim under Rule 12(b)(6), "arguing solely that the complaint fail[ed] to state a claim for various violations under the Privacy Act." *Murphy*, 326 F.R.D. at 48, 50. Upon notice of the impropriety of this maneuver, the Air Force asked this Court instead to recognize its motion as one for judgment on the pleadings under Rule 12(c). *Id.* at 48. This Court dismissed the government's motion, finding that the Air Force's motion, which focused on nothing more than the insufficiency of the claims, had failed to address either the existence or absence of disputed material facts, or the merits of the claims in light of existing law. *Id.* at 50. Apparently, memories are short because the government is attempting again what

3

this Court disallowed in *Murphy* in 2018. Here, as in *Murphy*, Defendant Braithwaite has filed,

post-answer, a motion that does nothing more than argue how Plaintiff has failed sufficiently to

plead his claim for violation under the Privacy Act. Defendant Braithwaite has not fulfilled his

burden of showing that no material issue of fact remains to be resolved and that he is entitled to

judgment based on the facts he alleges in his Motion.[1]

## CONCLUSION

Wherefore, Lt. Shaw respectfully asks this Court to deny Defendant's motion and allow

the parties to proceed to discovery. Alternatively, if this Court finds that Plaintiff has failed to

sufficiently plead a violation of the Privacy Act, then Plaintiff respectfully requests this Court

grant Plaintiff leave to file an Amended Complaint that sets forth the additional specificity that

Defendant Braithwaite purports is needed for him to defend Plaintiff's Privacy Act claim.

Respectfully submitted,

*/s/ Eric S. Montalvo*
Eric S. Montalvo
DC Bar No. 993206
THE FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com

/s/ *William R. Cowden*
William R. Cowden
DC Bar #426301

---

[1] Indeed, Defendant Braithwaite cannot satisfy this burden because facts remain contested, thereby rendering any motion for judgment unripe. For example, Defendant Braithwaite appears to dispute Plaintiff's assertion that Plaintiff has suffered pecuniary damages as a result of the unlawful disclosures, and further disputes that all of the unlawfully disclosed records were ever maintained in a system of records that would qualify those records for protection under The Privacy Act. (ECF No. 33-1 at 7-9.) Because the government's allegations of fact, at this stage, remain disputed, the government must have known this was another improper effort to shoehorn an untimely Rule 12(b)(6) motion into a Rule 12(c) motion.

WILLIAM COWDEN LLC
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 808-3140 (office) / (888) 899-6053 (fax)
wcowden@cowdenllc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I filed the foregoing via the Court's Electronic

Filing System which effected service on all parties.

/s/ *William R. Cowden*
William R. Cowden
DC Bar #426301
WILLIAM COWDEN LLC
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 808-3140 (office) / (888) 899-6053 (fax)
wcowden@cowdenllc.com