UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br><br>   *Plaintiff,*<br><br>  v.<br><br>KENNETH BRAITHWAITE,<br>Secretary, United States Navy, *et al.*,<br><br>   *Defendants*. | Civil Action No.: 20-0410 (RDM) |

### DEFENDANT KENNETH BRAITHWAITE'S
### REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

July 6, 2020

# **TABLE OF CONTENTS**

ARGUMENT..........................................................................................................................2
   I.   Shaw Misapprehends Rule 12(c) ..................................................................2
   II.  It Is Uncontested That Shaw Fails To State A Claim Under The Privacy Act ...................5
CONCLUSION.......................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................2, 3, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................................2, 3, 4, 6

*Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*,
   243 F. Supp. 3d 91 (D.D.C. 2017) ................................................................................4

*Dickson v. Office of Pers. Mgmt.*,
   828 F.2d 32 (D.C. Cir. 1987) .........................................................................................7

*Fed. Aviation Admin. v. Cooper*,
   566 U.S. 284 (2012) ...................................................................................................5, 6

*Jimenez v. McAleenan*,
   395 F. Supp. 3d 22 (D.D.C. 2019) .......................................................................3, 5, 9

*Lightfoot v. District of Columbia*,
   No. 04-cv-1280 (RBW), 2006 WL 54430 (D.D.C. Jan. 10, 2006) ...........................4

*Maydak v. United States*,
   630 F.3d 166 (D.C. Cir. 2010) .......................................................................................8

*Murphy v. Dep't of the Air Force*,
   326 F.R.D. 27 (D.D.C. 2018) ................................................................................1, 4, 5

*Nichols v. Young*,
   248 F. Supp. 3d 1 (D.D.C. 2017) .........................................................................2, 4, 5, 9

*Rollins v. Wackenhurt Servs.*,
   703 F.3d 122 (D.C. Cir. 2012) .......................................................................................3

*Rollins v. Wackenhut Servs.*,
   802 F. Supp. 2d 111 (D.D.C. 2011) ..............................................................................4

*Tolton v. Day*,
   No. 19-cv-0945 (RDM), 2020 WL 2542129 (D.D.C. May 19, 2020) ...............2, 3, 5

*United States v. All Assets Held at Bank Julius*,
   25 F. Supp. 3d 82 (D.D.C. 2017) ..............................................................................3, 6

*Welborn v. Internal Revenue Serv.*,
  218 F. Supp. 3d 64 (D.D.C. 2016) ........................................................................................6

**Statutes**

5 U.S.C. § 552a ............................................................................................................... 5, 7, 8

**Other Authorities**

5C WRIGHT & MILLER, FED. PRAC. & PROC. (3d ed. 2019) .........................................................3

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................................ 3, 4

Fed. R. Civ. P. 12(c) ........................................................................................................ 2, 3, 4, 5

Fed. R. Civ. P. 12(h) ................................................................................................................ 3, 5

Fed. R. Civ. P. 56 ...........................................................................................................................3

Relying on Federal Rule of Civil Procedure ("Rule") 12(c), Defendant Kenneth Braithwaite, Secretary of the United States Navy ("Navy"), filed a Motion for Judgment on the Pleadings with respect to Plaintiff Steven Shaw's ("Shaw") Privacy Act claim. *See* Def.'s Mot. (ECF No. 33) ("Mot."). In it, the Navy argued that Shaw's Privacy Claim suffered from at least three fatal flaws: (i) Shaw failed to plead facts plausibly establishing actual damages, *see id.* at 5-6; (ii) Shaw failed to plead facts plausibly establishing causation, *see id.* at 7-8; and (iii) Shaw failed to plead facts plausibly establishing a violation of the Privacy Act, *see id.* at 8-9. For each of these reasons, the Court should enter judgment for the Navy on Shaw's Privacy Act claim.

With the exception of a brief footnote, Shaw elects not to respond to these arguments in his Opposition. *See* Opp. to Mot. for Judgment on the Pleadings at 4 n.1 (ECF No. 35) ("Opp."). Rather, Shaw responds with the singular (and flawed) argument that a Rule 12(c) motion may not challenge the adequacy of a complaint's factual allegations. *See id.* at 3 (suggesting that a Rule 12(c) motion may not be focused on "the insufficiency of the claims") (discussing *Murphy v. Dep't of the Air Force*, 326 F.R.D. 27, 48 (D.D.C. 2018)). According to Shaw, a defendant may only challenge the adequacy of a complaint's allegations through a Rule 12(b)(6) motion to dismiss. *See id.* Shaw is mistaken, and once this faulty argument is set aside, there is nothing left of his Opposition. As discussed below, the Federal Rules expressly provide that a Rule 12(c) motion may challenge the adequacy of a complaint's allegations. Unsurprisingly, courts throughout this District (including this Court) routinely hold as much.

Thus, given Shaw's decision not to rebut the substance of the Navy's Motion, it now stands uncontested that the Amended Complaint failed to plead facts plausibly establishing (i) actual damages; (ii) causation; or (iii) a Privacy Act violation. Accordingly, the Court should grant the Navy's Motion.

**ARGUMENT**

**I.      Shaw Misapprehends Rule 12(c)**

According to Shaw, the Court should deny the Navy's Motion because it "does nothing more than argue how Plaintiff has failed sufficiently to plead his claim for violation under the Privacy Act." Opp. at 4. According to Shaw, this is not a valid argument for a Rule 12(c) motion. Yet, courts in this District routinely hold precisely the opposite and grant Rule 12(c) motions for judgment on the pleadings where a defendant has argued that the complaint fails to plead sufficient facts to state a plausible claim.

As this Court explained previously, "[t]he standard of review under both rules [Rule 12(b)(6) and Rule 12(c)] is identical; the *sole difference* is that a Rule 12(b)(6) motion is the proper vehicle for challenging the legal sufficiency of a complaint before the defendant has answered, and a Rule 12(c) motion is the proper vehicle to raise such a challenge after the defendant has answered." *Nichols v. Young*, 248 F. Supp. 3d 1, 6 (D.D.C. 2017) (Moss, J.) (emphasis added). In other words, the motions raise the same "challenge"—addressing the "legal sufficiency of a complaint"—just at different times. *Id.* Indeed, as this Court went on to explain, "[u]nder both rules, the Court must decide whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks and internal citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Applying this standard, this Court granted a Rule 12(c) motion based on the complaint's failure to allege facts sufficient to state a claim. *See id.*

This Court did likewise in *Tolton v. Day*, No. 19-cv-0945 (RDM), 2020 WL 2542129 (D.D.C. May 19, 2020). In *Tolton*, this Court explained once again that "[w]hen evaluating a motion for judgment on the pleadings under [Rule] 12(c), courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss." *Id.* at *16 (quotation marks omitted) (noting that to

2

survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). In *Tolton*, this Court applied this standard and granted the defendant's Rule 12(c) motion in part, concluding that the complaint failed to include facts sufficient to state a hostile work environment claim. *See id.* \*16.

The same is true of many other decisions within this District. In *Jimenez v. McAleenan*, 395 F. Supp. 3d 22 (D.D.C. 2019) (Cooper, J.), the Court granted a Rule 12(c) motion after concluding that the complaint failed to include sufficient allegations to state a plausible hostile work environment claim. *See id.* at 30. Of note, the *Jimenez* court addressed the parties' dispute over whether the standard for a Rule 12(c) motion "is more like that for a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56." *Id.* The *Jimenez* Court explained that "Rule 12(h)(2)(B) expressly authorizes a party to file a motion to dismiss for failure to state a claim pursuant to Rule 12(c)." *Id.* Thus, "Rule 12(c) may serve as an 'auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further.'" *Id.* (quoting 5C WRIGHT & MILLER, FED. PRAC. & PROC. § 1367 (3d ed. 2019)). For such motions (like the Navy's Motion here), "the standard of review is 'functionally equivalent' to that for a Rule 12(b)(6) motion." *Id.* (quoting *Rollins v. Wackenhurt Servs.*, 703 F.3d 122, 130 (D.C. Cir. 2012)). Thus, as this Court explained in *Nichols*, the *Jimenez* court explained that when evaluating a Rule 12(c) motion, it "must decide whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Jimenez*, 395 F. Supp. 3d at 30 (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570)).

As noted, courts throughout this District have reached similar conclusions. In *United States v. All Assets Held at Bank Julius*, 25 F. Supp. 3d 82 (D.D.C. 2017) (Kollar-Kotelly, J.), the court

3

explained that under Rule 12(c), the court "may grant judgment on the pleadings only if the facts alleged in the claim and answer do not 'raise a right to relief above the speculative level,' or fail to 'state a claim to relief that is plausible on its face.'" *Id.* at 88 (quoting *Twombly*, 550 U.S. at 570). Similarly, in *Rollins v. Wackenhut Services*, 802 F. Supp. 2d 111 (D.D.C. 2011) (Howell, C.J.), the court granted a Rule 12(c) motion, concluding that "the plaintiff [had] failed to plead sufficient facts to state a plausible products liability claim." *Id.* at 121; *see also Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 243 F. Supp. 3d 91, 103 (D.D.C. 2017) (Howell, C.J.) (noting that "[b]ecause … the standards for a Rule 12(b)(6) motion and a Rule 12(c) motion … are identical, courts routinely construe motions to dismiss that are filed after a responsive pleading as motions for judgment on the pleadings, and this Court will do likewise."); *Lightfoot v. District of Columbia*, No. 04-cv-1280 (RBW), 2006 WL 54430, at *9 (D.D.C. Jan. 10, 2006) (granting a Rule 12(c) motion due to the complaint's failure to allege facts sufficient to state a claim for relief).

As the foregoing makes clear, a Rule 12(c) motion requires the Court to assess "whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nichols*, 248 F. Supp. 3d at 6. Shaw's argument to the contrary must be rejected. Rather than discuss any of the foregoing authority, Shaw relies exclusively on *Murphy*, which he seriously overreads. *Murphy* made the uncontroversial observation that Rule 12(c) is a distinct vehicle from Rule 12(b)(6). *See* Opp. at 2 (quoting *Murphy*, 326 F.R.D. at 48). That much is obvious from the fact that Rule 12(b)(6) and Rule 12(c) are separate provisions of the Federal Rules. But this is not in tension with the various holdings discussed above or with the Navy's Motion. Rather, *Murphy*'s decision to reject the Government's motion was based on a very narrow question of whether it was proper to convert the Government's Rule 12(b)(6) motion into a

4

Rule 12(c) motion. *See Murphy*, 326 F.R.D. at 48-50. After reviewing the specific content of the Government's Rule 12(b)(6, the *Murphy* court held that it would not convert the motion into a Rule 12(c) motion. *See id.* at 50. But this highly specific holding (which was based entirely on the content of the Government's Rule 12(b)(6) motion in that case) does not change the fact that a Rule 12(c) motion may attack the sufficiency of a complaint's allegations. *See Nichols*, 248 F. Supp. 3d at 6. Rather, under Rule 12(c), the question is simply whether the complaint sufficiently states a claim for relief, accepting the factual allegations as true. In fact, as the *Jimenez* court explained, the Federal Rules expressly provide that such arguments may be made under Rule 12(c). *See Jimenez*, 395 F. Supp. 3d at 30 (discussing Rule 12(h)(2)(B)).

Thus, Shaw is mistaken when he suggests that Rule 12(c) does not allow this Court to assess the sufficiency of the Amended Complaint's factual allegations. *See generally* Opp. Quite the contrary—that is precisely the Court's role. *See Nichols*, 248 F. Supp. 3d at 6; *Tolton*, 2020 WL 2542129, at *16.

## II. It Is Uncontested That Shaw Fails To State A Claim Under The Privacy Act

There can be no dispute about the fact that Shaw's Amended Complaint fails to allege facts plausibly stating a Privacy Act claim. This is so for at least three reasons. First, Shaw fails to plead any facts plausibly establishing "actual damages." Mot. at 5-6. Yet, this is a required element of a Privacy Act claim. *See* 5 U.S.C. § 552a(g)(4); *see also Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 299 (2012) (holding that the Privacy Act's "actual damages" requirement is "limited to proven pecuniary or economic harm"). As noted, the Court assesses the adequacy of the Amended Complaint's allegations, accepting its factual allegations as true, to determine if Shaw sufficiently "state[s] a claim to relief that is plausible on its face." *Tolton*, 2020 WL 2542129, at *16 (citing *Iqbal*, 556 U.S. at 678). However, "[a] pleading that offers [only] labels

5

and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (alterations in original and quotation marks omitted) (citing *Twombly*, 550 U.S. at 555).

Here, Shaw relies in the main on the bald "conclusion[ ]" that he "suffered actual pecuniary harm[.]" Am. Compl. ¶ 74. But that clearly "will not do." *Twombly*, 550 U.S. at 55. And the lone factual allegation Shaw includes in his Amended Complaint to address damages is equally deficient. According to Shaw, he "suffered grave reputational harm[.]" Am. Compl. ¶ 65. Reputational harm, however, is not a basis for "actual damages" under the Privacy Act. *Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 82 (D.D.C. 2016). Similarly, Shaw's suggestion that he has "been placed on legal hold, which has precluded him voluntarily leaving the Navy" fares no better (to the extent he intended this to support an allegation of "actual damages"), as Shaw makes no effort to connect this to any "pecuniary or economic harm," as required for a Privacy Act claim. *Cooper*, 366 U.S. at 299. Thus, even when the Court accepts as true the factual allegations—that Shaw has suffered reputational damage and has been placed on legal hold—Shaw's Privacy Act claim fails because neither of these facts supports the "actual damages" requirement for a Privacy Act claim. Thus, the Amended Complaint lacks a single fact alleging the Shaw suffered "actual damages," and the Court should thus grant the Navy's Motion.[1]

---

[1] Of note, Shaw devotes a passing footnote in his Opposition to the substance of the Navy's Motion. *See* Opp. at 4 n.1. In doing so, Shaw highlights the glaring failures of his Amended Complaint. For instance, he suggests that the Court must deny the Navy's Motion because, in his estimation, there is a dispute about whether he alleged sufficient facts to satisfy the "actual damages" requirement. *Id.* But Shaw points exclusively to the statement that he "has suffered pecuniary damages as a result of the unlawful disclosures." *Id.* This is merely a legal conclusion rather than an allegation of fact and it does nothing to help Shaw. *See All Assets Held*, 251 F. Supp. 3d at 88. Accordingly, this statement from the Amended Complaint cannot be used to satisfy Shaw's requirement to allege *facts* that, if true, demonstrate "actual damages." Rather, Shaw confirms that there are no such facts in the Amended Complaint. *See* Opp. at 4 n.1.

6

Second, Shaw fails to plead any facts plausibly establishing causation. *See* Mot. at 7-8. Yet, to maintain a Privacy Act claim, Shaw must allege sufficient facts plausibly showing that the release of the records was the "proximate cause" of the damages. *Dickson v. Office of Pers. Mgmt.*, 828 F.2d 32, 37 (D.C. Cir. 1987). Once again, Shaw failed to include sufficient facts in his Amended Complaint that, when taken as true, plausibly show that the release was the "proximate cause" of Shaw's claimed damages. Rather, Shaw discusses his security clearance and the notice of a withheld promotion. *See* Am. Compl. ¶¶ 34, 43. But both events predate the creation of the records that Shaw claims the Navy unlawfully released. *See id.* ¶¶ 49, 68; *see also* Mot. at 7. Thus, the records at issue (and their alleged release) could not plausibly have had anything to do with the security clearance or promotion issues Shaw raises in his Amended Complaint. *See* Mot. at 7. Similarly, with respect to Shaw's statements about feeling "ostracized" "[s]ince the inception of the original [command directed investigation ('CDI')]," Am. Compl. ¶ 65, the only plausible inference is that the CDI itself was the proximate cause of Shaw being ostracized, not the allegedly unlawful release of records at an indeterminate time in the future. *See* Mot. at 7-8. Thus, even taking every relevant allegation as true and undisputed, the Amended Complaint fails to include sufficient factual allegations to demonstrate causation.[2] As such, the Court should grant the Navy's Motion. *See* Mot. at 7-8.

Third, Shaw fails to plead any facts plausibly establishing a Privacy Act violation. *See* Mot. at 8-9. To state a claim under the Privacy Act, Shaw must allege facts demonstrating that the Navy acted "intentional[ly]" or "willful[ly]." 5 U.S.C. § 552a(g)(4). Yet, Shaw relies exclusively on the "formulaic recitation of [this] element," when he alleges that the record "was intentionally

---

[2] Of note, Shaw's lone footnote purporting to address the substance of the Navy's Motion does not address this argument. *See* Opp. at 4 n.1.

7

provided to Defendant Mr. Partlatore." Am. Compl. ¶ 69. Of course, that "will not do" and this allegation may be cast aside. *Twombly*, 550 U.S. at 55. As such, there is no allegation of fact in the Amended Complaint that, if true, demonstrates that the Navy "intentional[ly]" or "willful[ly]" released a record. Indeed, the Amended Complaint fails to allege *any* action on the Navy's part. *See generally* Am. Compl.; *see also* Mot. at 8-9. This is fatal to Shaw's Privacy Act claim. *See* 5 U.S.C. § 552a(g)(4).

Finally, Shaw's failure to plead facts plausibly establishing a Privacy Act claim is also clear from his failure to allege that any of the three records was maintained in a system of records. Again, this is required for a Privacy Act claim. *See* 5 U.S.C. § 552a(e); Mot. at 9. Yet, Shaw does not even include the conclusory statement that the records were held in a system of records. *See generally* Opp. Instead, the Amended Complaint is silent on this point. As such, Shaw fails to satisfy this requirement to allege plausible facts showing that the records at issue were contained in a system of records.[3] *See Maydak v. United States*, 630 F.3d 166, 178 (D.C. Cir. 2010).

---

[3] In his Opposition, Shaw does not dispute this point. *See* Opp. at 4 n.1. Rather, Shaw merely observes that the Navy argued that the records were not in a system of records. *See id.* But merely restating the Navy's argument does not respond to it, let alone explain where in the Amended Complaint Shaw alleged facts that, when accepted as true and undisputed, establish that the records were contained in a system of records.

**CONCLUSION**

At bottom, Shaw has effectively conceded that the Court should grant the Navy's Motion. Shaw relies exclusively on a misunderstanding of the standard applicable to a Rule 12(c) motion. The Navy's Motion makes precisely the type of argument that Rule 12(c) contemplates. *See Nichols*, 248 F. Supp. 3d at 6; *Jimenez*, 395 F. Supp. 3d at 30. Thus, the Court may cast aside Shaw's flawed argument about the propriety of the Navy's reliance on Rule 12(c). Once that argument is cast aside, nothing is left of Shaw's Opposition or Privacy Act claim. Indeed, as discussed above, the Amended Complaint does not include any factual allegations that, when accepted as true and undisputed, satisfy Shaw's obligation to show: (i) actual damages; (ii) causation; or (iii) a Privacy Act violation. As such, the Court should grant the Navy's Motion and enter judgment in the Navy's favor on the pleadings.

July 6, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By: */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov