IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN E. SHAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-00410-RDM |
| | ) | |
| THE HONORABLE KENNETH BRAITHWAITE, *et al.*, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff respectfully moves this Court for leave to file a second amended complaint. Both Defendants were consulted prior to filing this motion. Defendant Braithwaite opposes this motion; Defendant Parlatore has no stance on the motion. For the reasons addressed herein, this Court should grant Plaintiff leave to file the Second Amended Complaint.

**STANDARD AND LEGAL PRINCIPLES**

When filed outside of a statutorily required time, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Commodore-Mensah v. Delta Air Lines*, *Inc.*, 842 F.Supp.2d 50, 52 (the court should "determine the propriety of amendment on a case by case basis, using a generous standard."). "It is appropriate for a Court to grant leave to amend unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure [deficiencies] by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility amendment.'" *Utterback v. Geithner*, 754 F.Supp.2d 52, 56 (D.D.C. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "The defendant bears the burden of showing why leave to file an amended complaint should not be granted." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 8 (D.D.C. 2013). "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

## ARGUMENT

It is in the best interest of justice to grant Plaintiff leave to file his Second Amended Complaint.

**A.    This amendment is in direct response to Defendant Braithwaite's pending motion, and is therefore not unduly delayed.**

On June 16, 2020, Defendant Braithwaite filed a Motion for Judgment on the Pleadings styled as a Post-Answer Motion to Dismiss for Failure to State a Claim. ECF No. 33. This motion addressed several areas of alleged deficiencies in Plaintiff's complaint, namely that: (1) Plaintiff failed to plead facts plausibly establishing actual damages, the failure of which is fatal to the Privacy Act claim; (2) Plaintiff failed to plead facts plausibly establishing causation, the failure of which is fatal to the Privacy Act claim; and (3) Plaintiff failed to plead facts establishing that the distribution of the protected documents was either intentional or willful, or that the protected documents were stored in a system of records, the failure of which is fatal to the Privacy Act claim. ECF No. 33-1 at 5-9.

Plaintiff disagreed with not only the timing of that motion, but the averments itself. Notwithstanding, Plaintiff did request of this Court the opportunity to file an amended complaint

addressing these deficiencies should this Court find Plaintiff had failed to state a claim upon which relief could be granted. ECF No. 35 at 4. To date, no opinion on Defendant Braithwaite's motion has been granted.  Given the Plaintiff's position that of Defendant Braithwaite's motion was an untimely filed 12(b)(6)  after Defendant Braithwaite already answered the complaint these amendments are appropriate to resolve any pleading deficiencies.

**B.     Plaintiff has not previously moved to amend the Privacy Act cause of action, the sole claim which forms the basis for the current amendments.**

These amendments are not the result of repeated failures to adequately cure any deficiencies. While the current pleading is titled "Second Amended Complaint," it is the functional equivalent of a first amendment on the Privacy Act cause of action–the only cause of action remaining against Defendant Braithwaite. The previous amendment was made to address newly learned facts surrounding the contents of the Assistant Secretary of the Navy's letter of December 16, 2019 on the substantiated findings of Whistleblower Reprisal against Plaintiff Shaw. ECF No. 20, et seq. Thus, these amendments are being filed for the first time and in direct response to Defendant Braithwaite's pending motion.

**C.     The amendments are not futile.**

The amendments in the Second Amended Complaint cure each one of the deficiencies alleged by Defendant Braithwaite. Specifically, the complaint has been amended to: (1) reflect specific monetary damages; (2) explain the causation between the damages and the unlawful disclosure; and (3) explain how each one of the disclosed documents and stored and how they are searchable–specific requirements for a document to fall under the scope of protection provided by the Privacy Act. Each of the three alleged deficiencies is cured by the amendments; thus, it

would render moot any current argument that the claim has not been sufficiently plead. For this reason alone, the amendments are not futile.

Furthermore, the burden to prove these failures would be futile rests with Defendant Braithwaite. Because the amendments address these deficiencies, it is highly unlikely Defendant Braithwaite will be able to satisfy this burden.

**D.** **Granting Plaintiff leave to file the Second Amended Complaint would be in the best interest of both Plaintiff and Defendant Braithwaite.**

These amendments provide greater clarity to Defendant Braithwaite of the claims against him, and would enable Defendant Braithwaite greater ease in proceeding with discovery–which has only been underway for less than one month and is not due to close until April 20, 2021. Thus, granting Plaintiff leave to file an amended complaint that provides Defendant Braithwaite greater clarity as he embarks on this lengthy discovery process is of benefit, and not prejudice.

## CONCLUSION

Therefore, and for the equitable reasons shown, Plaintiff requests this Court grant his motion for leave to file the supplemental complaint.

    Respectfully submitted,

    /s/  Eric S. Montalvo
    Eric S. Montalvo, D.C. Bar No. 993206
    THE FEDERAL PRACTICE GROUP
    1750 K Street, N.W., Suite 900
    Washington, D.C.  20006
    Telephone:  202-862-4360
    Facsimile:  888-899-6053
    emontalvo@fedpractice.com

/s/ *William R. Cowden*
William R. Cowden
DC Bar #426301
WILLIAM COWDEN LLC
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 808-3140 (office) / (888) 899-6053 (fax)
wcowden@cowdenllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, a copy of the foregoing filing was filed electronically via this Court's Electronic Court Filing system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Eric S. Montalvo*
>Eric S. Montalvo