# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH BRAITHWAITE,<br>Secretary, United States Navy, *et al.*,<br><br>*Defendants.* | Civil Action No.: 20-0410 (RDM) |

### DEFENDANT KENNETH BRAITHWAITE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

August 3, 2020

## **TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

STANDARD OF REVIEW ...........................................................................................................3

ARGUMENT .................................................................................................................................4

I.  Plaintiff's Proposed Amendments Are Futile ..................................................................4

   A.  Plaintiff fails to plead facts plausibly establishing actual damages .......................4

   B.  Plaintiff fails to plead facts plausibly establishing causation ...............................6

   C.  Plaintiff fails to plead facts plausibly establishing a violation
       of the Privacy Act ..................................................................................................8

II. Plaintiff's Motion Fails Due To His Undue Delay ........................................................10

CONCLUSION ............................................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................7

*Atchinson v. District of Columbia*,
   73 F.3d 418 (D.C. Cir. 1996) ................................................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 5, 8, 9, 10

*Chichakli v. Kerry*,
   203 F. Supp. 3d 48 (D.D.C. 2016) ..........................................................................................5

*Chitimacha Tribe of La. v. Harry Laws Co.*,
   690 F.2d 1157 (5th Cir. 1982) ..............................................................................................12

*Dickson v. Office of Pers. Mgmt.*,
   828 F.2d 32 (D.C. Cir. 1987) .............................................................................................6, 8

*Doe v. United States*,
   No. 16-cv-0071, 2017 WL 3996416 (W.D. Mo. Sept. 11, 2017) ...........................................6

*Earle v. Holder*,
   No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) ...................................................4

*FAA v. Cooper*,
   566 U.S. 284 (2012) ..................................................................................................1, 4, 5, 11

*Firestone v. Firestone*,
   76 F.3d 1205 (D.C. Cir. 1996) ................................................................................................3

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................... 3, 10

*Howard v. Pritzker*,
   775 F.3d 430 (D.C. Cir. 2015) ......................................................................................... 10

*In re Interbank Funding Corp. Sec. Litig.*,
   629 F.3d 213 (D.C. Cir. 2010) ................................................................................ 4, 6, 8, 9

*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ............................................................................................ 7

*Maydak v. United States*,
   630 F.3d. 166 (D.C. Cir. 2010) ..................................................................................... 9, 10

*Minter v. Prime Equip. Co.*,
   451 F.3d 1196 (10th Cir. 2006) .......................................................................................... 3

*Moldea v. N.Y. Times Co.*,
   793 F. Supp. 338 (D.D.C. 1992) ...................................................................................... 12

*Nat'l Sec. Counselors v. CIA*,
   960 F. Supp. 2d 101 (D.D.C. 2013) .................................................................................... 3

*Nichols v. Young*,
   248 F. Supp. 3d 1 (D.D.C. 2017) ........................................................................................ 2

*Richardson v. Bd. of Governors of Fed. Reserve Sys.*,
   288 F. Supp. 3d 231 (D.D.C. 2018) ................................................................................ 5, 6

*Welborn v. Internal Rev. Serv.*,
   218 F. Supp. 3d 64 (D.D.C. 2016) .................................................................................. 5, 6

*Wilderness Society v. Griles*,
   824 F.2d 4 (D.C. Cir. 1987) .............................................................................................. 12

**Statutes**

5 U.S.C. § 552a ........................................................................................................... 4, 8, 10

**Other Authorities**

6 Charles Alan Wright, et al., Federal Practice & Procedure (3d ed. 2013) ........................ 4, 12

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................. 1, 3

Fed. R. Civ. P. 15 .................................................................................................................. 3

The Court should deny Plaintiff's request to file yet another Amended Complaint in this action. The proposed amendments are futile and Plaintiff has not provided any explanation for why he delayed in seeking to amend his claims again. Accordingly, the Court should deny Plaintiff's Motion for Leave and instead grant Defendant Braithwaite's Motion for Judgment on the Pleadings.

## BACKGROUND

Plaintiff purports to bring Privacy Act claims against Defendant Braithwaite (hereinafter, "Defendant"). *See* Compl. ¶¶ 98-104 (ECF No. 1); Am. Compl. ¶¶ 67-75 (ECF No. 23). After filing an initial Complaint in February 2020, Plaintiff filed his First Amended Complaint on April 13, 2020. *See* 1st Am. Compl. (ECF No. 23). Defendant filed its Answer on April 27, 2020. *See* Answer (ECF No. 27). In its Answer, Defendant asserted as an affirmative defense that "Plaintiff fails to plead actual damages caused by an alleged Privacy Act violation as required by *FAA v. Cooper*, 566 U.S. 284 (2012) (loss of reputation is general damage rather than actual damage)." Answer at 13. Additionally, Defendant included as an affirmative defense that "Plaintiff fails to allege facts that constitute a violation of the Privacy Act." *Id.* at 14. Yet, Plaintiff did not respond to Defendant's Answer by proposing any further amendments to his First Amended Complaint to cure these deficiencies.

On May 7, 2020, the Parties filed their Joint Meet and Confer Statement pursuant to Local Civil Rule 16.3. *See* Joint Meet & Confer Stmt. (ECF No. 28) ("Stmt."). In it, Defendant stated that it "intends to move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Id.* at 3. Here again, Plaintiff did not respond with any proposed changes to his First Amended Complaint, stating instead that he "does not anticipate amending [his] pleadings at this time." *Id.* The discovery process began shortly thereafter, with Plaintiff issuing his first set of discovery requests on June 5, 2020. *See* Min. Order (May 12, 2020).

On June 16, 2020, Defendant filed a Motion for Judgment on the Pleadings. *See* Memo. in Supp. of Mot. for Judgment on the Pleadings (ECF No. 33-1) ("Def.'s Mot."). In that Motion, Defendant identified three ways in which the First Amended Complaint failed. First, Plaintiff failed to plead facts plausibly establishing actual damages, as required by the Privacy Act. *See id.* at 5-6. Second, Plaintiff failed to plead facts plausibly establishing causation, as required by the Privacy Act. *See id.* at 7-8. Finally, Plaintiff failed to plead facts plausibly establishing a violation of the Privacy Act. *See id.* at 8-9.

Plaintiff did not respond to that Motion by proposing to amend his Complaint further to cure these deficiencies.[1] Instead, Plaintiff field an Opposition that ignored Defendant's arguments. *See* Pl.'s Opp. to Mot. for Judgment on the Pleadings (ECF No. 35). Specifically, Plaintiff elected only to make the (mistaken) argument that a Rule 12(c) motion may not be used to challenge the adequacy of a complaint's allegations. *See id.* at 2 (arguing that "Defendant's motion is improperly styled as a motion to dismiss for failure to state a claim").

On July 6, 2020, Defendant filed its Reply in Support of Motion for Judgment on the Pleadings. *See* Def.'s Reply (ECF No. 36). In it, Defendant noted that Plaintiff's lone response to Defendant's Motion was squarely foreclosed by myriad decisions from within this Circuit. *See id.* For instance, Defendant noted that this Court has held "[t]he standard of review under both rules [Rule 12(b)(6) and Rule 12(c)] is identical[.]" *Nichols v. Young*, 248 F. Supp. 3d 1, 6 (D.D.C. 2017) (Moss, J.). Either Rule permits a challenge to the "legal sufficiency of a complaint." *Id.*

---

[1] Rather, Plaintiff included a generic request in the conclusion of his Opposition that he should be allowed to amend his Complaint again if the Court agrees with Defendant's Motion for Judgment on the Pleadings. *See* Opp. at 5.

2

After three weeks passed, Plaintiff filed his Motion for Leave to file a Second Amended Complaint. *See* Pl.'s Mot. (ECF No. 37) ("Pl.'s Mot."). In that Motion, Plaintiff maintains that that his First Amended Complaint is not deficient. *See id.* at 2-3 (reiterating his mistaken position that Defendant's Motion "was an untimely 12(b)(6) motion" and stating that Plaintiff still disagrees with the "averments" Defendant included in the Motion). Yet, he nonetheless seeks leave to file another Amended Complaint.

## STANDARD OF REVIEW

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint as of right within 21 days "after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Thereafter, "a party may amend its [complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," leave to amend is not always appropriate. *Id.* "In deciding whether to grant leave to file an amended complaint, the court may consider 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Although leave to amend a complaint is freely given when justice requires, "'[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal.'" *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133 (D.D.C. 2013) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (citations and quotation marks omitted)). Rather, a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent; a party who

delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. *See* 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1488 (3d ed. 2013).

## ARGUMENT

Plaintiff's request to file another Amended Complaint fails because his proposed amendments would be futile and because he has not explained his delay.

### I. Plaintiff's Proposed Amendments Are Futile

The Court should deny Plaintiff's Motion because the proposed amendments would be futile—that is, they would be subject to immediate dismissal. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (holding that a district court may properly deny a motion to amend if "the amended pleading would not survive a motion to dismiss"). As noted, Defendant's Motion for Judgment on the Pleadings identified three ways in which Plaintiff's First Amended Complaint was deficient. Plaintiff's proposed amendments do not cure these failures.

#### A. Plaintiff fails to plead facts plausibly establishing actual damages

To state a claim for money damages under the Privacy Act, Plaintiff must plead facts plausibly showing, among other things, that he suffered "actual damages" as a result of the alleged Privacy Act violation 5 U.S.C. § 552a(g)(4); *see also* Def.'s Mot. at 5-6. As the Supreme Court stated, this is "limited to proven pecuniary or economic harm." *Cooper*, 566 U.S. at 299. The failure to establish such "actual damages" is fatal to a Privacy Act claim. *See Earle v. Holder*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012).

As Defendant explained in its Motion, Plaintiff's First Amended Complaint falls far short of satisfying this requirement. Specifically, Plaintiff baldly alleges that he has "suffered actual pecuniary harm as a result of these disclosures." 1st Am. Compl. ¶ 74. Such a "formulaic recitation of the elements of a cause of action … will not do." *Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 555 (2007). Further, those allegations do not come close to satisfying the heightened pleading standard for such harm under Rule 9(g). *See Cooper*, 366 U.S. at 298; *see also* Def.'s Mot. at 6 & n.3.

Plaintiff's proposed amendments do not cure this failure. Plaintiff proposes to add just two allegations, neither of which satisfies his burden to plead facts demonstrating "actual damages." First, Plaintiff, who presently remains in the Navy, alleges that he "has engaged in preliminary discussions with commercial airlines for employment once he is able to leave the Navy." Proposed 2d Am. Compl. ¶ 66. According to Plaintiff, "[b]ecause of the content of" the allegedly released documents, he "has been told he will not be eligible for employment." *Id.* Such speculative statements about potential future employment opportunities do not satisfy Plaintiff's obligation to allege "actual damages." Indeed, this additional allegation does nothing to "demonstrate that [Plaintiff] *has sustained* concrete and quantifiable damages." *Chichakli v. Kerry*, 203 F. Supp. 3d 48, 58 (D.D.C. 2016) (emphasis added); *see also Richardson v. Bd. of Governors of Fed. Reserve Sys.*, 288 F. Supp. 3d 231, 237 (D.D.C. 2018) ("injury based on 'hypothetical future harm' could not support the allegations of harm under the Privacy Act") (quoting *Welborn v. Internal Rev. Serv.*, 218 F. Supp. 3d 64, 82 n.2 (D.D.C. 2016)). Rather, Plaintiff suggests only that at some point in the future, he may (or may not) suffer economic harm. This does not support an allegation of "actual harm" under the Privacy Act.

Second, Plaintiff alleges that he has received "numerous threats" and thus "purchase[d] an enhanced security system for his home; then, when the security system was insufficient to protect his family, he had to relocate his family to his state of residence." Proposed 2d Am. Compl. ¶ 67. According to Plaintiff, he paid for this through his "personal finances." *Id.* Here again, this does not carry Plaintiff's burden to plead "actual damages." Rather, Plaintiff's allegation here is similar

5

to the allegation found deficient in *Welborn*, where the court held that "the fact that plaintiffs chose to spend money on credit monitoring services to prevent potential future harm does not allege actual damages attributable to the [defendant]" for a Privacy Act claim. *Welborn*, 218 F. Supp. 3d at 82 n.2. Like the decision to "spend money on credit monitoring services," Plaintiff's alleged decisions to purchase a security system and to relocate are aimed at preventing "potential future harm." *Id.* Once again, such "hypothetical future harm" does not support an allegation of "actual damages" under the Privacy Act. *Richardson*, 288 F. Supp. 3d at 237; *see also Doe v. United States*, No. 16-cv-0071, 2017 WL 3996416, at *4 (W.D. Mo. Sept. 11, 2017) (noting that allegations of threats of physical harm are insufficient to establish "actual damages" under the Privacy Act").

At bottom, even with these allegations, Plaintiff's Second Amended Complaint would be subject to immediate dismissal for failing to plead actual damages adequately. As such, the proposed amendments are futile and the Court should deny Plaintiff's Motion. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218.

### B. Plaintiff fails to plead facts plausibly establishing causation

Even if the Court concludes that Plaintiff's references to future employment opportunities or expenditures on a security system and relocation satisfy the "actual damages" requirement, he still fails to plead any facts demonstrating the requisite causal connection between the alleged Privacy Act violations and those alleged harms. In order to maintain a Privacy Act claim, the complaint must allege that the release of the records was the "proximate cause" of the damages. *Dickson v. Office of Pers. Mgmt.*, 828 F.2d 32, 37 (D.C. Cir. 1987). For both of Plaintiff's proposed additional allegations, he fails to satisfy the "proximate cause" requirement.

First, with respect to the potential employment opportunities that Plaintiff alleges may not be available to him at an indeterminate point in the future, he fails to include anything connecting

6

the allegation that he "has been told he will not be eligible for employment" to the allegedly unlawful release of records. Proposed 2d Am. Compl. ¶ 66. Indeed, Plaintiff does not allege that anyone in these "preliminary discussions" stated that he would "not be eligible for employment" *due to* the records release. *Id.* Rather, Plaintiff attempts to bridge the causal gap with rank speculation—inserting his own insinuation that it was "[b]ecause of the content of these documents" that he was "told he will not be eligible for employment." *Id.* But Plaintiff does not include any facts support that conjecture. While a court assumes the truth of factual allegations in a complaint, it need not accept such inferences that a plaintiff draws. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Second, Plaintiff does not allege any facts suggesting a "proximate cause" when he alludes to threats he has received. He does not connect those threats to an allegedly unlawful release of records or even to the acquisition of a security system and relocation. Proposed 2d Am. Compl. ¶ 67. Plaintiff's proposed amendments do not discuss the types or the degree of the threats he has allegedly received, how they necessitated such expenditures, and, most importantly, how they are connected in any way to the alleged disclosure of records rather than anything else in his background. *See id.* Rather, Plaintiff again attempts to bridge the causal gap by including his own inference that the threats occurred "because [of] the disclosures[.]" *Id.* Yet, Plaintiff leaves it to the Court to speculate and infer that the two must be connected. That is not the Court's role, and that is not how one satisfies his pleading obligations. *See Iqbal*, 556 U.S. at 678; *Kowal*, 16 F.3d at 1276.

Thus, even if the Court concludes that Plaintiff's proposed amendments satisfy his obligation to plead "actual damages," they fail to demonstrate any causal connection to the alleged Privacy Act violation. Plaintiff's Second Amended Complaint would therefore be subject to

7

immediate dismissal for failing to adequately plead actual damages. As such, the proposed amendments are futile and the Court should deny Plaintiff's Motion. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218.

### C. Plaintiff fails to plead facts plausibly establishing a violation of the Privacy Act

As Defendant explained previously, Plaintiff also failed to allege facts sufficient to state a Privacy Act claim in two additional ways. First, he failed to allege any facts suggesting that the release was the result of a willful or intentional act on the Navy's part, as required by the Privacy Act. *See* Def.'s Mot. at 8-9; *see also* 5 U.S.C. § 552a(g)(4). Second, although he now pleads facts that two of the three records[2] were housed in a "system of records," as required by the Privacy Act, the command survey conducted in August 2019 remains outside the definition of a record in a system of records. Def.'s Mot. at 9; *see also* 5 U.S.C. § 552a(e).

First, Plaintiff bases his Privacy Act claim on the belief that if Defendant Parlatore has copies of the records in question, the Navy must have violated the Privacy Act. *See* Def.'s Mot. at 8 (citing 1st Am. Compl. ¶¶ 67-75). In other words, Plaintiff believes that the Privacy Act imposes strict liability. Yet, for a Privacy Act claim to proceed, a plaintiff must allege facts demonstrating that the defendant acted "intentional[ly]" or "willful[ly]." 5 U.S.C. § 552a(g)(4). In his First Amended Complaint, the lone attempt to satisfy this requirement was to recite the legal standard. *See* 1st Am. Compl. ¶ 69 (alleging that the record "was intentionally provided to Defendant Mr. Parlatore"); ¶ 71 (same). Such "formulaic recitation[s] of the elements of a cause of action … will not do." *Twombly*, 550 U.S. at 555; *see also* Def.'s Mot. at 8. In fact, Plaintiff did not even allege *any* action on Defendant's part. *See* Def.'s Mot. at 8-9; Am. Compl. ¶ 69. However, such allegations are required for a Privacy Act claim. *See Dickson*, 928 F.3d at 62.

---

[2] Defendant does not contest that the proposed amendments plead facts to show a system of records for the command investigation and Field Naval Aviator Evaluation Board ("FNAEB") report.

8

In his Proposed Second Amended Complaint, Plaintiff fails to cure this failure. Rather, he still relies exclusively on the conclusory statement that "[t]he record, … *without notice to* and the consent of [Plaintiff], was intentionally provided to Defendant Mr. Partlatore *for the purpose of defaming [Plaintiff].*" Proposed 2d Am. Compl. ¶ 71 (Plaintiff's proposed additions in italics); *see also id.* ¶ 73 (same). These proposed amendments do nothing to satisfy Plaintiff's obligation to allege willful or intentional actions on Defendant's part. Rather, Plaintiff continues to rely exclusively on his "formulaic recitation" of the Privacy Act's willful and intentional requirement, which "will not do." *Twombly*, 550 U.S at 555. As such, the proposed amendments are futile and the Court should deny Plaintiff's Motion. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218.

Second, Plaintiff fails to include sufficient factual allegations to demonstrate that the command survey conducted in August 2019 was maintained in a system of records as defined by the Privacy Act. "A system of records exists only if the information contained within the body of material is both retrievable by personal identifier and actually retrieved by personal identifier." *Maydak v. United States*, 630 F.3d. 166, 178 (D.C. Cir. 2010) (quotation marks omitted). As a review of the survey confirms, however, that it is not a document that may be retrieved "by personal identifier[s]." *Id.* As noted, Plaintiff previously filed a copy of the command climate survey. *See* Pl.'s Mot. for Prelim. Inj., Ex. 3 (ECF No. 2-4 at 11-65). The online survey is titled with the command name and date rather than any individual's information. *See id.* Plaintiff's name appears only in responses to questions. *See id.* And Plaintiff does not allege, nor is it plausible to infer, that the command survey is retrievable by personal identifier and actually retrieved by personal identifier. As such, Plaintiff fails to satisfy the requirement to allege plausible facts showing that the command survey is part of a system of records, and therefore Shaw

fails to support a Privacy Act claim based on this record. *See Maydak*, 630 F.3d. at 178; *Twombly*, 550 U.S. at 570.

## II.     Plaintiff's Motion Fails Due To His Undue Delay

Plaintiff has been on notice for more than five months that his Privacy Act claims are deficient—it has been clear since he filed his initial Complaint that he was required to allege actual damages, causation, willful and intentional acts by Defendant, and that the records were released from a system of records. However, despite having several opportunities to cure those deficiencies, he failed to do so. The D.C. Circuit has emphasized that "undue delay is a sufficient reason for denying leave to amend." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 182). This is particularly true when a plaintiff has previously known the facts and legal theories that it belatedly seeks to add. *See Howard v. Pritzker*, 775 F.3d 430, 446 (D.C. Cir. 2015) (citation omitted). As discussed below, Plaintiff does not claim to be adding new factual allegations of which he has just become aware. *See generally* Pl.'s Mot. In fact, Plaintiff does not provide any explanation for only now seeking to amend his claims again.[3]

As discussed above, the text of the Privacy Act makes clear that Plaintiff was required to allege facts demonstrating that any release was the result of willful and intentional acts on Defendant's part. *See* 5 U.S.C. § 552a(g)(4). Further, the Supreme Court made clear in 2012 that a Privacy Act claim must include allegations that of "actual damages[,]" which for the purposes of

---

[3] In his Motion, Plaintiff argues that despite this being his second attempt to amend his claims, the Court should treat this particular request as though it were his first request to amend his Complaint, since "has not previously moved to amend the Privacy Act cause of action." Pl.'s Mot. at 3. Noticeably absent from Plaintiff's Motion is any support for the suggestion that he should be able to advance piecemeal amendments to various portions of his Complaint. But further, Plaintiff's statement is simply false. The redline comparison of Plaintiff's First Amended Complaint shows that he previously amended his Privacy Act claim. *See* Redline Comparison (ECF No. 24). Plaintiff added paragraphs 72 and 73 into the Privacy Act cause of action, which introduced a new theory of liability based on the FNAEB.

the Privacy Act "are limited to proven pecuniary or economic harm." *Cooper*, 566 U.S. at 298-99. However, Plaintiff failed to include anything in his initial Complaint beyond the perfunctory recitation of these elements. *See, e.g.*, Compl. ¶ 100, 103.

When Plaintiff filed his First Amended Complaint, the amendments to his Privacy Act allegations did not cure any defects. Rather, Plaintiff continued to rely exclusively on the deficient and conclusory statements that Plaintiff "has suffered actual pecuniary harm as a result of these disclosures," 1st Am. Compl. ¶ 74, and that the records were "intentionally" provided by someone to Defendant Partlatore, *id.* ¶ 100. And while Plaintiff should have been on notice that this was insufficient under *Cooper*, he was certainly placed on notice when Defendant identified this deficiency in the first affirmative defense listed in its Answer. *See* Answer at 13. Yet, Plaintiff again failed to cure these deficiencies at that time.

On May 7, Defendant again put Plaintiff on notice of his pleading deficiency during the Local Civil Rule 16.3 meet and confer process, when Defendant informed Plaintiff and the Court that it would be filing a motion for judgment on the pleadings. *See* Stmt. at 3. Once again, Plaintiff did not seek leave to amend at that time to add any further factual allegations.

On June 16, 2020, Defendant filed its Motion, which provided a detailed explanation of each way in which Plaintiff's First Amended Complaint was deficient. *See* Def.'s Mot. After requesting additional time to respond, Plaintiff filed an Opposition to the Motion on July 2, 2020, rather than seeking leave to amend the First Amended Complaint. *See* Pl.'s Opp. And after Defendant filed its Reply on July 6, 2020, Plaintiff waited an additional three weeks (while discovery proceeded) before seeking leave to amend.

As such, Plaintiff has had many opportunities to amend his claims to add allegations to satisfy his burden of stating a claim under the Privacy Act. At every turn, he has failed to do so.

This is fatal to his Motion, particularly where Plaintiff elected to file an Opposition to Defendant's Motion. "It is settled that where a defendant has filed a dispositive motion, as here, and plaintiff has opposed it, denial of permission to amend is proper." *Moldea v. N.Y. Times Co.*, 793 F. Supp. 338, 338 (D.D.C. 1992); *see also Wilderness Society v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (finding no abuse of discretion in denying leave to amend when plaintiff sought leave "after dispositive motions had been filed and opposed"); 6 Wright & Miller, Fed. Practice & Procedure § 1488 (3d ed.) ("a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule"). Moreover, Plaintiff does not even attempt to explain (or even acknowledge) his delay. *See generally* Pl.'s Mot.; *see also Chitimacha Tribe of La. v. Harry Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (the plaintiff has the burden to show that delay was excusable).

Accordingly, Plaintiff's delay serves as another basis on which to deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion and instead grant Defendant's Motion for Judgment on the Pleadings.

August 3, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By:     */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov