UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------------X
STEVEN SHAW,

                Plaintiff,                          Docket No.: 20-cv-410

   -against-

THE HONORABLE KENNETH BRAITHWAITE and
TIMOTHY C. PARLATORE, ESQ.

               Defendants.
-----------------------------------------------------------------------X

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Parlatore, *pro se*, submits this Response to Plaintiff's Motion for Leave to File a Second Amended Complaint.  As part of his motion, Plaintiff stated that "Defendant Parlatore has no stance on the motion."  While technically true, what I actually told Plaintiff's counsel was that "I take no position regarding the filing of this proposed amended complaint, although it does raise some interesting issues to be addressed in motions, should you choose to go forward with this filing."  While this is still true, I believe that it is important for the Court to understand the additional issues I referenced, as the Court evaluates this motion.

Specifically:

1. Plaintiff's reassertion of the same frivolous claim against me, even after the discovery that has been conducted, is a clear violation of Rule 11.

2. Plaintiff's additional allegations regarding the damages caused by the release of LT Shaw's Field Naval Aviator Review Board ("FNAEB") raises several issues, including failure to join a necessary party, because the FNAEB was released by Mr. Montalvo, counsel for the Plaintiff, not any of the Defendants.

As this Court may recall, Plaintiff's application to file the first amended complaint sought to add an additional element to their Privacy Act claim that he was damaged because I allegedly had a copy of my own client's testimony before the FNAEB.  There was no allegation that this

1

transcript itself was ever further disclosed, either publicly, or to anyone outside of the attorney-client relationship.  The only allegation, which was supported by an exhibit to Plaintiff's motion, was that I suggested to Mr. Montalvo in an email that I had a copy of this transcript.  This suggestion finally led Mr. Montalvo to correct his materially false representations to this Court that he had cross examined my client at the FNAEB administrative hearing.  Docket #13.  In filing this reply, Mr. Montalvo also filed a copy of LT Shaw's FNAEB report on ECF (Docket #13-1).  This is the only copy of LT Shaw's FNAEB that was ever disclosed and, presuming Plaintiff's new allegations are true, is the only possible source of the airlines reviewing his FNAEB and, therefore, the proximate cause of his alleged damages.

What is odd is that, at the time of filing, the inclusion of the FNAEB report did not advance any legitimate argument by Plaintiff and actually undermined his own position by demonstrating both that Mr. Montalvo had not participated in the cross-examination, as well as that the board made no credibility determinations about the commanding officer and executive officer.  The filing of this document was destructive to Plaintiff's cause in this Court because it demonstrated the falsity of Mr. Montalvo's representations at the initial appearance.  However, if the allegations in the proposed Second Amended Complaint are to be believed, it now appears that Mr. Montalvo's negligent public disclosure of these documents may have resulted in wider damage to his client's future career prospects.

Thus, it seems that Plaintiff's proposed Second Amended Complaint would face an additional motion to dismiss for failure to join a necessary party, as the damages sought against Defendant Braithwaite were actually caused by the malpractice of his own attorney, Mr. Montalvo, not any named defendant.

WHEREFORE, Defendant respectfully submits that this Court should decide Plaintiff's motion as the Court deems appropriate.

Dated: August 3, 2020
      Falls Church, Virginia

                        Respectfully submitted,

                        Timothy C. Parlatore, Esq.