IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br>　　Plaintiff,<br><br>　　v.<br><br>THE HONORABLE KENNETH<br>BRAITHWAITE, *et al.,*<br>　　Defendants.<br>_____ | )<br>)<br>)<br>)　Civil Action No. 1:20-cv-00410-RDM<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT NOTICE OF DISCOVERY DISPUTES

Pursuant to the Court's minute order of August 11, 2020, the parties hereby provide notice of unresolved discovery issues to be discussed on August 28, 2020.

**A.     Plaintiff Shaw**

1. <u>Defendant Parlatore's improper use of attorney-client privilege to withhold responsive documents and admissions.</u> Defendant Parlatore is both a witness in the Privacy Act case against Defendant Braithwaite (if discovery shows he received protected documents from naval officials), and a defendant in a libel *per se* case (wrongfully accusing Plaintiff of theft of certain notes and/or of conspiring with the Naval investigator to obtain such notes).

Of Defendant Parlatore, Plaintiff requested "all Documents between (a) you or your law firm and (b) a person you or your law firm was representing as a client when the Documents were created that concern *provision* of any of the following documents to you or to your law firm." **Attachment A at 5** (emphasis added). Plaintiff Shaw also requested of Defendant Parlatore admission that he received certain documents (Privacy Act protected). **Attachment C**. These materials are relevant to Plaintiff's claim that the Navy violated Plaintiff's Privacy Act rights by providing protected information about Plaintiff to Mr. Parlatore: a civilian.

Defendant Parlatore has asserted the attorney-client privilege to withhold documents and admissions about his receipt of documents. **Attachments A-C**. (The Navy also has withheld certain discovery responses as possibly being cloaked in this same privilege. *See* **Attachment D** at 7 ("The Navy determined that this litigation is best suited to determine legal issues regarding alleged unauthorized disclosures from client to attorney."); *Id.* at 10 (withholding production of emails between Defendant Parlatore and clients "pending resolution of any claim of privilege asserted by Mr. Parlatore.").

The attorney-client privilege is, however, inapplicable,[1] and, in any event, has been waived because Defendant Parlatore said he received certain portions of Plaintiff's Field Naval Aviator Evaluation Board report and Command Directed Investigation report.

2. <u>Defendant Parlatore is, however, also seeking irrelevant information about Plaintiff through discovery.</u> Defendant Parlatore is defending against a claim of libel *per se* for having wrongfully accused Plaintiff Shaw of committing a crime. Defendant Parlatore has sought Plaintiff Shaw's admission to having committed several other crimes and infractions – all unrelated to the claim now pending against him (Parlatore). **Attachment E**. Defendant Parlatore's discovery requests seek information that is neither relevant to the defamation *per se* claim asserted against him, nor relevant to his legitimate defenses, nor are his discovery requests

---

[1] Documents that do not themselves represent confidential communications to a lawyer do not become privileged merely by transmitting them to a lawyer, and documents provided to (and examined by) counsel are not themselves protected from discovery. *See, e.g., American Med. Sys., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Inc.*, 1999 WL 970341 (E.D. La. Oct.22, 1999) ("[l]etters that merely transmit documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to the client, are neither privileged nor attorney work-product"); *United States v. Doe*, 959 F.2d, 1158, 1165 (2d Cir. 1992) (law firm in possession of client's telephone bills must produce them to grand jury because "[d]ocuments created by and received from an unrelated third party and given by the client to his attorney in the course of seeking legal advice do not thereby become privileged"); *Fisher v. United States*, 425 U.S. 391, 403-04 (1976) ("preexisting documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice"); *Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 48 (D.D.C. 2009) ([A]ny disclosure of attorney-client material will be considered a waiver of the privilege as to all communications relating to the same subject matter.") (emphasis in original).

reasonably calculated to lead to the discovery of relevant or admissible evidence. *See Liberty Lobby*, *Inc. v. Anderson*, 746 F.2d 1563, 1569 (D.C. Cir. 1984) (declining to adopt "libel-proof" defense under D.C. law), *rev'd on other grounds*, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242 (1996).

3. <u>Defendant Parlatore's evidence of ongoing violations of The Privacy Act.</u> In his response to Requests for Admissions, Defendant Parlatore wrote, "There is no shortage of Naval Aviators willing to provide information about LT Shaw's serious and dangerous misconduct and the undersigned has received information from his former students, peers, and superior officers, in addition to several documents that were anonymously provided." **Attachment C** at 2. Plaintiff's discovery seeks to explore whether the Navy's Privacy Act violations persist.

B.     **Defendant Parlatore**

1. <u>Plaintiff's improper attempt to obtain attorney-client privileged and confidential documents and communications.</u> This case arises from Plaintiff's dangerous and illegal activities while serving as an unqualified Instructor Under Training ("IUT") and his efforts to avoid accountability by making false complaints against four senior aviators, who are represented by Defendant Parlatore. Defendant Parlatore's clients are witnesses against Plaintiff in the currently pending investigation by US Fleet Forces Command and this lawsuit attempts to not only deprive them of counsel of their choice, but also to give Plaintiff a free look into the privileged and confidential files of their attorney.

Plaintiff's Privacy Act claims are based on a theory is that if these officers were in lawful possession of documents that were necessary and relevant to their own defense, they were prohibited from sharing those documents with their attorney to defend themselves. Despite an abject lack of case law supporting this frivolous theory, Plaintiff claims, without any citation or

3

other authority, that the provision of these documents somehow waives the attorney-client privilege, allowing Plaintiff to go on a fishing expedition through counsel's file and inquire as to what derogatory information counsel has obtained and from what sources. The cases cited by Plaintiff are inapposite and there is no such exception to the privilege and confidentiality rules recognized in any jurisdiction.

2. <u>Plaintiff has violated his discovery obligations by asserting improper objections to Defendant's Request for Admissions.</u> Plaintiff has objected to the majority of Defendants Requests for Admissions ("RFAs"), claiming that they are not relevant to the claim against Defendant. However, the subject matters objected to all involve factual allegations contained in the complaint and Defendant's Answer and are particularly relevant to Defendant's affirmative defense of a libel-proof plaintiff.

The libel-proof plaintiff doctrine is well recognized in this district and has been applied "when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial." *Von Kahl v. Bureau of Nat'l Affairs, Inc.*, 934 F. Supp. 2d 204, 214 (D.D.C. 2013); *citing Lamb v. Rizzo,* 391 F.3d 1133, 1137 (10th Cir.2004); *Cardillo v. Doubleday & Co., Inc.,* 518 F.2d 638 (2d Cir.1975). An alternative definition also recognized in this district is where "true statements in a particular publication have so badly damaged a plaintiff's reputation that minor false accusations within the same publication cannot result in further meaningful injury." *Arpaio v. Zucker*, 414 F. Supp. 3d 84, 91 (D.D.C. 2019), *quoting Carpenter v. King*, 792 F. Supp. 2d 29, 34 n.2 (D.D.C. 2011); *Guccione v. Hustler Magazine, Inc*., 800 F.2d 298, 303 (2d Cir. 1986). It is unsurprising that,

given the plethora of recent cases recognizing the libel-proof plaintiff doctrine, Plaintiff has had to reach over 35 years back to find a single, overruled, case to support their untenable contention that this district does not recognize libel-proof plaintiffs. *Liberty Lobby*, *Inc. v. Anderson.*

The allegedly libelous statement at issue in this case appear in a footnote at the end of a 10-page letter which outlines in explicit detail serious misconduct by Plaintiff including the exact subject matters that Plaintiff is now objecting to as irrelevant. A copy of the allegedly defamatory letter, with annotations to all the RFAs is annexed hereto at **Attachment F.** Additionally, all of the RFAs concern factual allegations contained in Plaintiff's complaint. It is difficult for Plaintiff to credibly claim that the discovery sought is not relevant, given that it involves facts that Plaintiff himself put at issue in his complaint.

3. <u>There are no ongoing Privacy Act violations alleged.</u> Plaintiff dismay that countless witnesses have come forward to provide information about Plaintiff's unlawful activities can hardly be considered a Privacy Act violation. The passage cited by Plaintiff refers to "Naval Aviators willing to provide information about LT Shaw's serious and dangerous misconduct," not the provision of any Privacy Act protected documents. This again demonstrates Plaintiff's improper intent to go on a fishing expedition through an adverse party's attorney file in the claimed hopes that they may find a document that is subject to the Privacy Act.

**C.    Defendant Braithwaite**

Defendant Braithwaite does not take a position on the discovery disputes pending between the other Parties.

Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo
DC Bar No. 993206

5

THE FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 862-4360
(888) 899-6053 facsimile
Emontalvo@fedpractice.com

/s/ *William R. Cowden*
William R. Cowden
DC Bar No. 426301
WILLIAM COWDEN LLC
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 808-2140
(888) 899-6053 facsimile
Wcowden@cowenllc.com
*Attorneys for Plaintiff*

TIMOTHY J. SHEA
DC Bar No. 437437
United States Attorney

DANIEL F. VAN HORN
DC Bar No. 924092
Chief, Civil Division

BRENDA GONZALEZ HOROWITZ
DC Bar No. 1017243
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2512
Brenda.gonzalez.horowitz@usdoj.gov

/s/ *Brian J. Field*
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 252-2551
brian.field@usdoj.gov
*Counsel for Defendant Secretary*

*/s/ Timothy C. Palatore*

        TIMOTHY C. PARLATORE
        Defendant, *Pro Se*
        Parlatore Law Group, LLC
        One World Trade Center, Suite 8500
        New York, NY 10007
        (212) 679-6312
        (212) 202-4787 Facsimile
        Timothy.parlatore@parlatorelawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2020, a copy of the foregoing filing was filed electronically via this Court's Electronic Court Filing system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Eric S. Montalvo*
        Eric S. Montalvo