UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------X
STEVEN E. SHAW,
      Plaintiff,

    v.                                      Docket No. 1:20-cv-00410-RDM

THE HONORABLE KENNETH
BRAITHWAITE, *et al.*,
      Defendants.
-------------------------------------------------------X

## DEFENDANT TIMOTHY C. PARLATORE'S RESPONSE
## TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Timothy Parlatore, *pro se*, hereby submits his answers, pursuant to Fed.R.Civ.P. 34 to Plaintiff's First Set of Requests for Production.

## OBJECTIONS

These requests for production represent an improper attempt by Plaintiff to interfere with the attorney-client relationship between the undersigned and four of my clients, LtCol Michael Nesbitt, USMC(ret.), CDR Brandon Scott, USN(ret.), CDR Martin Weyenberg, USN(ret.) and CDR Bryan Roberts, USN. This action was initially filed with an emergency motion for a preliminary injunction to prevent the undersigned from continuing to advocate on behalf of his clients. Although this initial brazen attempt was quickly rejected and withdrawn, Plaintiff's improper actions are continuing through his misuse of discovery devices.

The majority of these document requests are an attempt to go fishing through the attorney's file in a separate matter in which Plaintiff is adverse and require the undersigned to provide information that is privileged or confidential, as those terms are defined by the New York Rules of Professional Conduct, as well as parallel provisions in virtually every other jurisdiction in the country. Specifically, Plaintiff is seeking to probe what counsel is aware of

1

and what documents are contained within his file, along with the sources of that information and documents, while counsel is still actively representing his clients in matters directly adverse to Plaintiff.

It is well known that Plaintiff, LT Steven Shaw, has been widely despised within the Naval Aviation community since well before the undersigned became involved in the case. There are no shortage of Naval Aviators willing to provide information about LT Shaw's serious and dangerous misconduct and the undersigned has received information from his former students, peers, and superior officers, in addition to several documents that were anonymously provided. All of this information was obtained within the scope of his representation on his clients. However, to use this frivolous defamation case as a vehicle to collaterally engage in a fishing expedition through counsel's file is entirely improper. It is impossible for the undersigned to answer any of these document requests without violating his ethical responsibilities and therefore objects to doing so, absent a Court Order.

For these reasons, the undersigned is unable to answer any document request which seeks the disclosure of privileged or confidential information, regardless of whether the response would be privileged or not. For example, if the undersigned answered several requests by stating that the information or documents at issue were obtained through a third-party and then only invoked the privilege as to certain requests, the invocation itself would serve as an admission that the information was obtained from the clients.

Moreover, the clearest evidence that these document requests are a completely improper effort by Plaintiff is the fact that most are not relevant to the sole claim against Defendant – defamation for a statement made in an IG Complaint.

For these reasons, Defendant objects to these requests for production.

## FIRST SET OF DOCUMENT REQUESTS

1. Produce all Documents referred to or relied upon in your Answers to Interrogatories.

**RESPONSE: Defendant has no non-privileged or confidential documents to provide.**

2. Produce all Documents referred to in the answer to the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

**RESPONSE: The following are the list of responsive, non-privileged or confidential documents, many of which have already been disclosed or were included as exhibits to the Complaint:**

    i. **The letter referred to in paragraph 13 was previously disclosed to Plaintiff.**

    ii. **The article referred to in paragraph 23 is available at https://www.military.com/daily-news/2018/04/04/naval-aviators-say-they-were-kicked-out-training-due-racial-bias.html**

    iii. **The requirement that instructors only teach within the approved syllabus, referenced in paragraph 26, OPNAVINST 3710.7U, is attached.**

    iv. **A table of rank abbreviations, referenced in footnote 1 to paragraph 26 is attached.**

    v. **The Change Requests referred to in paragraph 27 are attached.**

    vi. **The IG complaint referred to in paragraph 58 was attached as an exhibit to the complaint in this matter.**

    vii. **The Report of No Misconduct referenced in paragraph 59 was included as an exhibit to the letter to Congresswoman Luria and is already in Plaintiff's possession.**

    viii. **All information about the ACASS system referenced in paragraph 60 can be found at https://www.safetyclimatesurveys.org/.**

   ix. The IG report referenced in paragraph 62 is already in possession of Plaintiff. I believe, based on other information disclosed in this case, that Plaintiff's copy is far less redacted than any copy that ever came into Defendant's possession.

3. Produce all Documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

  **RESPONSE: Defendant has no non-privileged or confidential documents to provide.**

4. Produce all Documents relating to statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) that were previously made by Defendant to any person other than a client of Defendant relating to Plaintiff.

  **RESPONSE: Defendant has no non-privileged documents to provide, beyond those already disclosed, or attached as exhibits to the complaint.**

5. Produce all Documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and all forms of electronic communication) that relate to, describe, summarize, or make any reference to the following:

  a. the Shaw CDI;

  b. the FNAEB or the report of the FNAEB;

  c. the notes of LtCol Nesbitt submitted to the FNAEB as part of the FNAEB report;

  d. the Command Climate Survey;

  e. the ASN Letter; and/or

  f. the Second Shaw CDI

except Documents exchanged exclusively between you or your law firm and a person you or your law firm was representing as a client when the Documents were created.

**RESPONSE: Defendant has no non-privileged or confidential documents to provide.**

6.  Notwithstanding the exception in Request 5, produce all Documents between (a) you or your law firm and (b) a person you or your law firm was representing as a client when the Documents were created that concern provision of any of the following documents to you or to your law firm:

    a.    the Shaw CDI;

    b.    the FNAEB report;

    c.    the notes of LtCol Nesbitt submitted to the FNAEB as part of the FNAEB report;

    d.    the Command Climate Survey;

    e.    the ASN Letter; and/or

    f.    the Second Shaw CDI.

**RESPONSE: Defendant has no non-privileged or confidential documents to provide.**

Dated: July 20, 2020
        Falls Church, Virginia

TIMOTHY C. PARLATORE
Defendant, *Pro Se*
Parlatore Law Group, LLP
One World Trade Center, Suite 8500 New York, New York 10007
212-679-6312
212-202-4787 Facsimile
Timothy.parlatore@parlatorelawgroup.com