UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------------X
STEVEN E. SHAW,
      Plaintiff,

v.                                         Docket No. 1:20-cv-00410-RDM

THE HONORABLE KENNETH
BRAITHWAITE, *et al.*,
      Defendants.
-------------------------------------------------------X

## DEFENDANT TIMOTHY C. PARLATORE'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Timothy Parlatore, *pro se*, hereby submits his answers, pursuant to Fed.R.Civ.P. 33 to Plaintiff's First Set of Interrogatories.

## OBJECTIONS

These interrogatories represent an improper attempt by Plaintiff to interfere with the attorney-client relationship between the undersigned and four of my clients, LtCol Michael Nesbitt, USMC(ret.), CDR Brandon Scott, USN(ret.), CDR Martin Weyenberg, USN(ret.) and CDR Bryan Roberts, USN. This action was initially filed with an emergency motion for a preliminary injunction to prevent the undersigned from continuing to advocate on behalf of his clients. Although this initial brazen attempt was quickly rejected and withdrawn, Plaintiff's improper actions are continuing through his misuse of discovery devices.

All of these interrogatories require the undersigned to provide information that is privileged or confidential, as those terms are defined by the New York Rules of Professional Conduct, as well as parallel provisions in virtually every other jurisdiction in the country. Specifically, Plaintiff is seeking to probe what counsel is aware of and what documents are contained within his file, along with the sources of that information and documents, while

1

counsel is still actively representing his clients in matters directly adverse to Plaintiff.

It is well known that Plaintiff, LT Steven Shaw, has been widely despised within the Naval Aviation community since well before the undersigned became involved in the case. There are no shortage of Naval Aviators willing to provide information about LT Shaw's serious and dangerous misconduct and the undersigned has received information from his former students, peers, and superior officers, in addition to several documents that were anonymously provided. All of this occurred within the scope of Defendant's representation of his clients. However, to use this frivolous defamation case as a vehicle to collaterally engage in a fishing expedition through counsel's file is entirely improper. It is impossible for the undersigned to answer any of these interrogatories without violating his ethical responsibilities and therefore objects to doing so, absent a Court Order.

For these reasons, the undersigned is unable to answer any interrogatory which seeks the disclosure of privileged or confidential information, regardless of whether the response would be privileged/confidential or not. For example, if the undersigned answered several requests by stating that the information or documents at issue were obtained through a third-party and then only invoked the privilege as to certain requests, the invocation itself would serve as an admission that the information was obtained from the clients.

Moreover, the clearest evidence that these interrogatories are a completely improper effort by Plaintiff is the fact that none of the interrogatories are relevant to the sole claim against Defendant – defamation for a statement made in an IG Complaint.

For these reasons, Defendant objects to these interrogatories.

**FIRST SET OF INTERROGATORIES**

1. Identify all persons who are likely to have personal knowledge of any fact alleged

in the operative complaint or in your answer to the operative complaint and state the subject matter of the personal knowledge possessed by each person.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to examine an attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. As the allegations in the complaint and the answer to those allegations are based solely upon information obtained through Defendant's representation of four clients who are adverse to Plaintiff in another matter, which is still active, Defendant is ethically prohibited from disclosing the entire contents of his inquiries to Plaintiff.**

2. Identify all persons with whom you communicated, directly, in writing, or through other forms of communication, regarding any fact alleged in the complaint or in your answer to the complaint, as well as the nature, content, and form of each communication.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Any persons with whom Defendant communicated regarding the facts of this case was done in the scope of his representation of his clients and is therefore prohibited from being disclosed.**

3. Identify the circumstances of how you came into possession of each copy of, and each copy of any portion of, the Shaw CDI, including from whom, how and when you were provided with each copy of, and each portion of any copy of, the Shaw CDI.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Plaintiff is asking how counsel obtained documents that were obtained in the course of representing his clients in a matter adverse to Plaintiff – a plainly improper interrogatory.**

**Moreover, it is not relevant to any claim that Plaintiff has raised against the undersigned Defendant.**

4. Identify the circumstances of how you came into possession of each copy of, and each copy of any portion of, the Command Climate Survey, including from whom, how and when you were provided with each copy of, and each portion of any portion of, the Command Climate Survey.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Plaintiff is asking how counsel obtained documents that were obtained in the course of representing his clients in a matter adverse to Plaintiff – a plainly improper interrogatory.**

**Moreover, it is not relevant to any claim that Plaintiff has raised against the undersigned Defendant.**

5. Identify the circumstances of how you came into possession of each copy of, and

each copy of any portion of, the ASN Letter, including from whom, how and when you were provided with each copy of, and each portion of any portion of, the ASN Letter.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Plaintiff is asking how counsel obtained documents that were obtained in the course of representing his clients in a matter adverse to Plaintiff – a plainly improper interrogatory.**

**Moreover, it is not relevant to any claim that Plaintiff has raised in this case. Plaintiff is asking about the origin of an appropriately redacted copy of the letter, which we believe that Plaintiff had prior to filing the initial complaint,[1] but foolishly drafted a complaint containing knowingly frivolous allegations against several defendants that had to be dismissed after Mr. Montalvo was confronted with his dishonest and/or incompetent pleadings.**

6.  Identify the circumstances of how you came into possession of each copy of, and each copy of any portion of, the FNAEB report, including each copy of, and each copy of any portion of the FNAEB report.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are**

---

[1] **The relevant portions of the letter, which demonstrated the abject frivolity of Plaintiff's claims and application for a temporary restraining order, were even quoted in exhibits to the initial complaint.**

adverse. Plaintiff is asking how counsel obtained documents that were obtained in the course of representing his clients in a matter adverse to Plaintiff – a plainly improper interrogatory. Moreover, Plaintiff is fishing to determine which portions of this document is in the possession of Defendant – again an improper attempt to probe into the completeness of the files of an adverse party in a collateral matter.

Moreover, it is not relevant to any claim that Plaintiff has raised in this case. The FNAEB was never publicly disclosed by anyone other than Plaintiff himself.

7. Identify the circumstances of how you came into possession of each copy of, and each copy of any portion of, the transcript of Lieutenant Colonel Michael Nesbitt's FNAEB testimony.

RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Plaintiff is asking how counsel obtained documents that were obtained in the course of representing his clients in a matter adverse to Plaintiff – a plainly improper interrogatory.

Moreover, it is not relevant to any claim that Plaintiff has raised in this case. Much like the ASN letter, no unredacted copy of this document was ever distributed to anyone. Its only relevant relation to these proceedings is that, after Mr. Montalvo knowingly lied to the U.S. District Court judge and refused to correct his materially false statement, the threat that another party may have a copy of a transcript proving the falsity of his statement finally brought Mr. Montalvo to file papers with the Court correcting his

**knowingly false statements. In fact, the only party that ever publicly released this document is Plaintiff himself.**

8. Identify the circumstances of each communication you made to any person not represented by you wherein you referred to the Shaw CDI, the Command Climate Survey, the ASN Letter, the FNAEB report, or information you elicited from the Shaw CDI, the Command Climate Survey, the ASN Letter, the FNAEB report.

**RESPONSE: Objects to this interrogatory as it seeks confidential and privileged information. This interrogatory is an improper attempt to obtain a complete roadmap as to the activities of an opposing attorney's investigation and methods of representing his clients, who are directly adverse to Plaintiff on the exact proceedings for which they are adverse. Again, there were no communications made to any person, but for those within the scope of Defendant's representation of his clients.**

**Moreover, it is not relevant to any claim that Plaintiff has raised against the undersigned Defendant.**

Dated: July 20, 2020
       Falls Church, Virginia

                                TIMOTHY C. PARLATORE
                                Defendant, *Pro Se*
                                Parlatore Law Group, LLP
                                One World Trade Center, Suite 8500
                                New York, New York 10007
                                212-679-6312
                                212-202-4787 Facsimile
                                Timothy.parlatore@parlatorelawgroup.com