# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH BRAITHWAITE,<br>Secretary, United States Navy, *et al.*,<br><br>*Defendants*. | Civil Action No.: 20-0410 (RDM) |

### DEFENDANT KENNETH BRAITHWAITE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant hereby submits the following Responses to Plaintiff's First Set of Interrogatories and Documents Requests (hereinafter, "Plaintiff's Discovery Requests").

Defendant Kenneth Braithwaite ("Defendant") responds to Plaintiff's Discovery Requests subject to the following objections, without waiving and expressly preserving all objections. Defendant also makes these responses subject to, without intending to waive, and expressly preserving: (a) any and all objections as to competency, relevancy, materiality, privilege, and admissibility of any of these responses; and (b) the right to object to other discovery procedures involving and related to the subject matter of the discovery request to which the Defendant responds herein.

Defendant reserves the right to amend or supplement these Responses as necessary.

**GENERAL OBJECTIONS**

1.     Defendant objects to Plaintiff's Discovery Requests to the extent that they seek to impose any obligation beyond what is required by the Federal Rules of Civil Procedure.

2.     Defendant objects to Plaintiff's Discovery Requests to the extent they seek the production of attorney work product, trial preparation materials, identification of documents prepared after the commencement of litigation, or communications protected by the attorney-client privilege, or any other applicable privilege.

3.     Defendant objects to Plaintiff's Discovery Requests to the extent they are overly burdensome, vague and ambiguous, or overly broad.

4.     Defendant objects to Plaintiff's Discovery Requests to the extent that the documents or information requested has already been provided to or is already in the possession, custody, or control of Plaintiff.

5.     Defendant objects to Plaintiff's Discovery Requests to the extent they seek the production of facts or documents relating to an occurrence, communications, decisions, or documents that post-date the filing of the lawsuit in this matter.  Such matters are disproportionate to the needs of the case and may also be subject to the attorney-client or work product privileges, or constitute trial preparation materials.  Accordingly, unless otherwise stated below, Defendant's responses are limited to the period preceding the filing of this lawsuit.

6.     Defendant objects to Plaintiff's Discovery Requests to the extent that they seek documents or information that may not be disclosed pursuant to statute or regulation.  To the extent that information or documents requested relate to the privacy interests of individuals not a party to this action, or contain confidential commercial or proprietary information, or sensitive investigative materials, and are not subject to other objections, said information or documents shall

be provided only upon the entry of a Protective Order governing the use of such documents or information.

7. The responses to these discovery requests are based upon information derived from reasonable inquiry undertaken to date. Defendant reserves the right to supplement and/or amend these responses in the event additional information becomes available as a product of further investigation affecting these responses.

8. Each and every response to these discovery requests is made subject to the foregoing General Objections, regardless of whether a General Objection or a specific objection is stated in that response. The explicit reference to a General Objection or the statement of a specific objection in response to a particular discovery request is not intended to constitute a waiver of General Objections not specifically referenced in that response.

**ANSWERS TO INTERROGATORIES**

1. Identify the person(s) supplying the answers to each of the following interrogatories.

**Response:** CAPT Marc S. Rosen, JAGC, USN, the Force Judge Advocate for Commander, Naval Air Force Atlantic, supplied answers related to command actions in interrogatories 12, 14, and 15. Ms. Felicia Sanjurjo, Investigations Officer, Naval Network Warfare Command, administered the litigation hold in interrogatory 14. Mr. Steven Daughety, Privacy Lead for the Department of Navy Chief Information Officer (DONCIO), supplied answers for interrogatories 4-10. Interrogatories 3, 13, and 16 are purely legal matters answered by agency counsel.

2. Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint or in your answer to the complaint, and state the subject matter of the personal knowledge possessed by each person.

   **Response**: Defendant objects to this Interrogatory as vague, over broad, and unduly burdensome. Subject to and without waiving the foregoing objections, or the General Objections listed above, Defendant refers Plaintiff to the Initial Disclosures previously provided for identification of key personnel.

3. Explain your method of identifying documents that are protected under the Privacy Act.

   **Response**: The text of statute, 5 U.S.C. § 552a, is the method of identifying documents that are protected under the Privacy Act. The Navy posts System of Records Notices to https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-Component-Notices/NavyUSMC-Article-List/.

4. Explain your method of ensuring unauthorized disclosure of Privacy Act protected documents.

   **Response**: The Navy has policies prohibiting unauthorized disclosure of Privacy Act protected documents. The Navy does not ensure unauthorized disclosure. The Department of the Navy Chief Information Officer posts a variety of materials related to DON privacy policy to the public website https://www.doncio.navy.mil/TagResults.aspx?ID=36.

5. Explain fully the controls, policies, procedures, or safeguards Defendant had in place from November 1, 2017 through present to detect unauthorized disclosure of Privacy Act protected documents.

   **Response**: The Navy detects unauthorized disclosure of Privacy Act protected documents through individual reporting, inspection, and technical safeguards, as set forth below:

   - Individual Reporting. Secretary of the Navy Instruction (SECNAVINST) 5211.5F promulgates a privacy requirements for all DoN personnel. Individual requirements include periodic training and reporting unauthorized disclosures to the applicable Privacy coordinator or supervisor.

- Inspection. SECNAVINST 5211.5F requires commands to conduct periodic self-inspections. The Navy provides a sample Personally Identifiable Information (PII) Compliance Spot Check checklist.

- Technical Safeguards. Individual IT networks within the Department of the Navy may implement additional safeguards such as automatic email screening for social security numbers. These safeguards are discretionary measures which differ across networks.

6. Identify and explain any changes made to the procedures and policies identified in Interrogatory Number 5 since November 1, 2017.

    **Response**: In 2019, SECNAVINST 5211.5F superseded SECNAVINST 5211.5E, which had been in effect since 2005. Defendant refers Plaintiff to the provided copies which can be compared for changes.

7. Identify the Department of Defense Directive(s) governing the Department of Defense Privacy Program that was in place from November 1, 2017 through present.

**Response**: Defendant refers Plaintiff to the following materials:

- DoDI 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019, superseded the 2014 version of the same name and number.

- DoD 5400.11-R, "Department of Defense Privacy Program" May 14, 2007

8. Identify and explain any changes made to the Directive(s) identified in Interrogatory Number 7 since November 1, 2017.

    **Response**: Defendant refers Plaintiff to the provided copies, which can be compared for changes.

9. Identify the Secretary of the Navy Instruction(s) governing the Defendant's Privacy Program that was in place from November 1, 2017 through present.

    **Response**: In 2019, SECNAVINST 5211.5F superseded SECNAVINST 5211.5E, which had been in effect since 2005.

10. Identify and explain any changes made to Instruction(s) identified in Interrogatory Number 9 since November 1, 2017.

   **Response**: Defendant refers Plaintiff to the provided copies which can be compared for changes.

11. Were all privacy requirements set forth in the responsive policies, procedures, and regulations identified in Interrogatory Numbers 5, 7, and 9 above followed by Defendant in relation to this case? If not, please state:
    a. each policy, rule or procedure not followed;
    b. the individual failing to follow the rule, procedure or policy; and
    c. the reason for the rule, procedure or policy having been violated.

   **Response**: Defendant objects to the relevance and to the extent that it calls for legal conclusions. Subject to and without waiving the foregoing objections, or the General Objections listed above, Defendant refers Plaintiff to its response to Interrogatory 14 below, which describes actions taken in this case.

12. Identify and explain whether a "Department of the Navy Loss of Compromise of PII After Action Report" was conducted following the filing of the complaint in this matter?

   **Response**: A "Department of the Navy Loss of Compromise of PII After Action Report" has not been conducted following the filing of this complaint.

13. Identify and explain the stated evaluation criteria used by Defendant in determining whether or not a Department of the Navy employee should face disciplinary action for unlawfully disclosing Privacy Act protected information.

   **Response**: Rule for Court-Martial 306 addresses the initial disposition of offenses. In deciding how an offense should be disposed of, the commander should review and consider the disposition factors set forth in Appendix 2.1 (Non-binding disposition guidance). The 2019 Manual for Courts-Martial containing that guidance is available at https://jsc.defense.gov/Military-Law/Current-Publications-and-Updates/.

14. Identify any and all criminal and/or administrative investigations conducted by Defendant in response to Plaintiff's complaint alleging unlawful disclosure of his Privacy Act protected information.

**Response**:  The Navy continues to process the whistleblower reprisal case referenced in the complaint.  The Navy has not conducted separate criminal and/or administrative investigations in response to Plaintiff's complaint alleging unlawful disclosure of his Privacy Act protected information.  Plaintiff alleges unauthorized disclosures to an attorney, co-defendant Mr. Parlatore.  The Navy determined that this litigation is best suited to determine legal issues regarding alleged unauthorized disclosures from client to attorney.

15. Identify all persons involved in any and all criminal and/or administrative investigations conducted by Defendant in response to Plaintiff's complaint.

**Response**:  As noted above in the response to 14, there are no personnel involved in criminal and/or administrative investigations conducted by Defendant in response to Plaintiff's complaint.

16. If you are claiming that that any "disclosure" fell within one or more of the exceptions stated in 5 U.S.C Section 552a(b)(1)-(12), state which exception that you are claiming and why.

**Response**:  Based on current knowledge and subject to the right to supplement the interrogatories, the Navy does not currently claim any exception.

## RESPONSES TO DOCUMENT REQUESTS

1. Produce all documents referred to in your Answers to Interrogatories.

**Response**:  Subject to and without waiving its General Objections, Defendant refers Plaintiff to the documents produced herewith.  Specifically, Defendant directs Plaintiff to the files named DP 1–9, for records responsive to this Request.

2. Produce all documents relied upon in answering these Interrogatories.

   **Response**: Subject to and without waiving its General Objections, Defendant refers Plaintiff to the documents produced herewith. Specifically, Defendant directs Plaintiff to the files named DP 1–9, for records responsive to this Request.

3. Produce all documents referred to in the answer to the complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

   **Response**: Defendant objects to the over breadth and relevance of references to documents in pleadings, which do not pertain to Plaintiff's Privacy Act cause of action. Subject to and without waiving this objection or its General Objections, Defendant responds by stating that Plaintiff dismissed all other causes of action in this matter. Plaintiff has since filed a related case against both the Department of Defense and Department of the Navy to litigate those claims, *Shaw v. Esper*, No. 20-cv-2036 (D.D.C.). The instant case is not a discovery vehicle for a separate suit. To the extent that the Answer refers to Plaintiff's previously filed documents, such as the DoDIG Report of Investigation (ECF No. 2-2) and Command Safety Assessment of August 6, 2019 (ECF No. 2-4), Defendant refers Plaintiff to his previous filings. To the extent that the Answer refers to documents for which Plaintiff asserts Privacy Act rights—particularly those documents that Plaintiff asserts were improperly disclosed to co-defendant Parlatore—Defendant objects to production of those documents unless or until a Protective Order is in place. Finally, with respect to the December 16, 2019 Assistant Secretary of the Navy (Manpower and Reserve Affairs) letter, Defendant objects to release of this letter as it may contain information protected by the Privacy Act. However, Defendant will produce a copy of this letter to Plaintiff, should Plaintiff expressly waive any Privacy Act rights to the letter, to the extent that there are any such rights implicated by the letter.

4. Produce all documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

    **Response**:  Defendant objects to the request as vague, overbroad, and irrelevant.  Subject to and without waiving these objections or the General Objections listed above, Defendant responds by stating that this is its first production of case-related materials in this action.

5. Produce all statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by Defendant and any of its present or former directors, officers, or employees, concerning the action or its subject matter.

    **Response**:  Subject to and without waiving its General Objections, Defendant responds by stating that, as stated in paragraph 58 of Defendant's Answer, there is one known statement that references this matter.  Specifically, Vice Admiral DeWolfe Miller, III, Commander Naval Air Forces, and Rear Adm. Roy Kelly, Commander, Naval Air Force Atlantic, were speakers at the Tailhook Association Symposium, which was held September 5-8, 2019.  Defendant refers Plaintiff to a third party recording of that event, which captures the statement: time stamp 1:39:00 – 1:44:00 at https://livestream.com/wab/tailhook2019/videos/195959742.

6. Produce all documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between Defendant and the individuals listed below or anyone known or believed by you to have been acting under the authority of the individuals listed below, relating to this case.
    a. Timothy Parlatore
    b. Cmdr. Brandon Scott
    c. Cmdr. Martin Weyenberg
    d. Cmdr. Bryan Roberts
    e. Lieutenant Colonel (Lt. Col.) Michael Nesbitt

    **Response**:  Subject to and without waiving its General Objections, Defendant responds by stating that Defendant has not communicated with those individuals about Plaintiff's Privacy Act claim except for official case communications through counsel to Timothy Parlatore as a *pro-se* party to this suit.

7. Produce all correspondence from a .mil electronic mail address, beginning November 1, 2017 through present, which references "Steven," "Shaw," "Ashely," "Savage," "VFA-106 (or the full name of the Squadron)," either individually or any combination therewith in the subject line, in the body of the email, or in any attachment to the email, and in which the following individuals were on the "To", "From," "CC," or "BCC" line:
    a. Cmdr. Bryan Roberts
    b. Cmdr. Martin Weyenberg
    c. Cmdr. Brandon Scott
    d. Lt. Col. Michael Nesbitt
    e. Captain Christopher Boyle (Commodore)
    f. Captain Kevin McLaughlin (Commodore)
    g. Captain Brian Becker (Commodore)
    h. Captain Ted Ricciardella (Assist. Commodore)
    i. Vice Admiral Bruce Lindsey (CNAL)
    j. Rear Admiral Roy Kelley (CNAL)
    k. Rear Admiral John Meier (CNAL)
    l. Vice Admiral DeWolfe Miller (CNAF)
    m. Admiral Christopher Grady (USFF)
    n. Admiral John Richardson (CNO)
    o. Admiral Michael Gilday (CNO)
    p. Lieutenant Commander Barbara Colberg (SJA)
    q. Captain Peter Galindez (SJA)
    r. Commander Brandon Keith (SJA)
    s. Lieutenant Commander Ingrid Paige (SJA)

    **Response**: Defendant objects as irrelevant, overboard, and overly burdensome. To the extent that emails from Cmdr. Bryan Roberts, Cmdr. Martin Weyenberg, Cmdr. Brandon Scott, and Lt. Col. Michael Nesbitt to Mr. Parlatore could be relevant to Plaintiff's Privacy Act claim, Defendant has preserved available emails pending resolution of any claim of privilege asserted by Mr. Parlatore.

8. Produce all documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between Defendant and Plaintiff relating to this case.

    **Response**: Subject to and without waiving its General Objections, Defendant responds by stating that after reasonable inquiry, it did not locate any records responsive to this request.

9. Produce all documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and all forms of electronic communication) which relate to, describe, summarize, or make any material reference to the following:
   a. Shaw CDI
   b. FNAEB
   c. Command Climate Survey
   d. ASN Letter
   e. Second Shaw CDI

   **Response**: Defendant objects to the relevance of any such documents to Plaintiff's Privacy Act claim. Subject to and without waiving this objection or the General Objections listed above, Defendant refers Plaintiff to the objections and response to Document Request 3.

10. Produce all documents related to the controls, policies, procedures, or safeguards Defendant had in place, from November 1, 2017 to present, to detect unauthorized release of any Privacy Act protected information by Defendant. This includes distribution of Privacy Act information via electronic mail.

    **Response**: Subject to and without waiving its General Objections, Defendant refers Plaintiff to the objections and responses to Interrogatories 4-10.

11. Produce all reports or investigations conducted by Defendant, from November 1, 2017 to present, relating to the unlawful release of Privacy Act protected information by Defendant.

    **Response**: Subject to and without waiving its General Objections, Defendant responds by stating that after reasonable inquiry, it did not locate any records responsive to this request.

12. Produce all reports and investigations conducted by Defendant, from November 1, 2017 to present, relating to the unlawful distribution of Plaintiff's Privacy Act protected information as alleged in the Complaint.

    **Response**: Subject to and without waiving its General Objections, Defendant responds by stating that after reasonable inquiry, it did not locate any records responsive to this request.

13. Produce all documents relating to any and all criminal and/or administrative investigations conducted by Defendant in response to Plaintiff's complaint of suspected unlawful distribution of his Privacy Act protected information.

    **Response**: Subject to and without waiving its General Objections, Defendant responds by stating that after reasonable inquiry, it did not locate any records responsive to this request.

14. Produce all documents relating to any disciplinary action taken by Defendant in response to Plaintiff's complaint of suspected unlawful distribution of his Privacy Act protected information.

    **Response**: Subject to and without waiving its General Objections, Defendant responds by stating that after reasonable inquiry, it did not locate any records responsive to this request.

15. Produce all documents demonstrating the disciplinary history of the following individuals while employed by Defendant:
    a. Timothy Parlatore
    b. Cmdr. Bryan Roberts
    c. Cmdr. Brandon Scott
    d. Cmdr. Martin Weyenberg
    e. Lt. Col. Michael Nesbitt

    **Response**: Defendant objects as over broad and irrelevant.

August 5, 2020

As to the objections,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2551
Email: Brian.Field@usdoj.gov

## VERIFICATION OF
## DEFENDANT KENNETH BRAITHWAITE'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS

I hereby declare under penalty of perjury that, based on reasonable inquiry, the foregoing answers to Plaintiff's Interrogatories are true and correct to the best of my knowledge, information, and belief.

August 5, 2020

_____
LT Clayton S. McCarl, JAGC, USN

**ATTACHMENT D**                                                                 **013**