## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN SHAW, | ) | |
| Plaintiff, | ) | Case No.: 20-cv-00410-RDM |
| | ) | |
| v. | ) | |
| | ) | |
| THE HONORABLE KENNETH | ) | |
| BRAITHWAITE, ET AL., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS RESPONSES TO DEFENDANT
## PARLATORE'S FIRST REQUEST FOR ADMISSIONS

### GENERAL OBJECTIONS

(a)     Plaintiff objects to each and every request insofar as any such request seeks to discover information protected by the work-product doctrine, attorney-client privilege, or any other applicable privilege.

(b)     Plaintiff objects to each and every request insofar as any such request seeks to discover trial preparation materials or information prepared in anticipation of litigation, including, but not limited to, any request that would call for disclosure of the mental impressions, conclusions, opinions, or legal theories of counsel.

(c)     Plaintiff objects to each and every definition, instruction, and request insofar as any such definition, instruction, or request purports to impose requirements on Plaintiff that differ from, or exceed the requirements imposed by applicable law and rules, including, but not limited to, the applicable Rules of Civil Procedure.

(d)     Plaintiff objects to each and every request insofar as any such request purports to impose any obligation or duty to supplement these responses beyond that required by applicable law and Rules of Civil Procedure.

**ATTACHMENT E**                                              **001**

(e)      Plaintiff objects to each and every request insofar as any such request is vague, ambiguous, confusing, overbroad, fails to describe each item or category of items or information sought with reasonable particularity, calls for information that is not relevant to the subject matter of this litigation, or is not reasonably calculated to lead to the discovery of admissible evidence.

(f)      Plaintiff objects to each and every request insofar as compliance with any such request is unreasonably cumulative or duplicative or the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiff further objects insofar as any such request would cause annoyance, embarrassment, oppression, or undue burden or expense.

(g)      Plaintiff objects to each and every request insofar as discovery is ongoing and not all information is available to Plaintiff at the time these responses are served. Thus, Plaintiff reserves the right to supplement these responses on this basis and any other basis authorized by law or applicable Rules of Civil Procedure.

(h)      Plaintiff responds to each and every request without waiver of, and with express reservation to: (1) all questions as to competency, relevance, materiality, privilege, and admissibility of any response as evidence for any purpose in this proceeding; (2) the right to object to the use of any response on any grounds in this proceeding; (3) the right to object with respect to any further response to these or any other requests on any grounds; and (4) the right to review, correct, add to, supplement, or clarify any of the responses contained herein at any time.

(i)      Plaintiff's general objections shall be deemed to continue throughout the responses to specific requests that follow, even where not further referred to in such responses.

## RESPONSES TO SPECIFIC REQUESTS

**REQUEST 1:** Admit that, instructors at VFA-106 are prohibited from teaching students on any phase which they have not been fully qualified to instruct.

**RESPONSE 1:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties

**ATTACHMENT E**                                          **002**

to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 2:** Admit that, during your time at VFA-106 you never became fully qualified to teach any phase of the syllabus, to include the Transition Phase.

**RESPONSE 2:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**ATTACHMENT E**     **003**

**REQUEST 3:** Admit that, you never became qualified to land a Super Hornet on an aircraft carrier yourself.

**RESPONSE 3:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 4:** Admit that, you have never landed a Super Hornet on an aircraft carrier.

**RESPONSE 4:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C.

4

**ATTACHMENT E**                                                                          **004**

2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 5:** Admit that, in order to get qualified to teach carrier landings (CQ), an instructor must first become a qualified Landing Signal Officer (LSO).

**RESPONSE 5:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 6:** Admit that, you were never qualified as an LSO and therefore ineligible to even become qualified to teach CQ.

**RESPONSE 6:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to

**ATTACHMENT E**                    **005**

require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 7:** Admit that, as you were never qualified to land a Super Hornet on a carrier yourself, you should not have been teaching students how to land Super Hornets on a carrier.

**RESPONSE 7:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 8:** Admit that, OPNAVINST 3710.U, paragraph 3.7.4 provides that, after being qualified by the commanding officer as an instructor:

> The instructor will be charged with authority and responsibility to provide appropriate direction to students (naval aviation or NFO) to ensure safe and successful completion of each training mission. The exact function, authority, and responsibility of the individual flight instructor are dependent upon the training mission and the crew assigned as issued in approved training syllabuses.

**RESPONSE 8:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be

**ATTACHMENT E**                    **006**

unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 9:** Admit that, your method of CQ training, relying upon the Velocity Vector in PA CAS, is not an approved CQ method or part of any approved training syllabus.

**RESPONSE 9:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 10:** Admit that, you were conducting unauthorized training (such as Velocity Vector) or were otherwise training outside of phase.

**RESPONSE 10:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits

**ATTACHMENT E**                    **007**

parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 11:** Admit that, the Tactical Operational Flight Trainer (TOFT) facility is a secured facility, where cell phones and photography/videography is prohibited, absent specific authorization.

**RESPONSE 11:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**ATTACHMENT E**                                                                 **008**

**REQUEST 12:** Admit that, without authorization, you recorded F/A-18 TOFT training sessions.

**RESPONSE 12:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 13:** Admit that, you emailed recorded F/A-18 TOFT sessions to other Naval Aviators and/or students.

**RESPONSE 13:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of

**ATTACHMENT E**                                              **009**

obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 14:** Admit that, your security clearance was suspended after you refused to answer questions about whether you had taken a cell phone or camera into the TOFT.

**RESPONSE 14:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 15:** Admit that, after your security clearance was suspended, you were prohibited from entering the TOFT facility.

**RESPONSE 15:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or

**ATTACHMENT E**               **010**

admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 16:** Admit that, after your security clearance was suspended, you attempted to have students sneak you into the TOFT for additional training sessions.

**RESPONSE 16:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 17:** Admit that, you regularly surreptitiously recorded your conversations with superior officers.

**RESPONSE 17:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that

11

**ATTACHMENT E** 011

is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 18:** Admit that, you received copies of documents from David Ursini that he had obtained during the course of his investigation.

**RESPONSE 18:** DENIED.

**REQUEST 19:** Admit that, you provided copies of government documents to members of the media, including but not limited to, LtCol Nesbitt's notebook.

**RESPONSE 19:** OBJECTION. This request is vague, ambiguous and confusing and therefore is DENIED except that Plaintiff admits that in response to media inquiries generated by other parties he provided a copy of LtCol Nesbitt's notes to rebut accusations being made against Plaintiff and for the purpose of demonstrating that LtCol Nesbitt made false statements to the FNAEB and DODIG investigative efforts to persons believed to be reporters.

**REQUEST 20:** Admit that, you failed to ensure that the copies of government documents you provided to the media had been properly redacted to comply with the Privacy Act.

**RESPONSE 20:** DENIED.

**REQUEST 21:** Admit that, you provided copies of recordings that you had surreptitiously made of conversations with your superior officers to members of the media.

**RESPONSE 21:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be

**ATTACHMENT E**         **012**

unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 22:** Admit that, you gave interviews to military.com, as well as "Peak Deliberate Practice," where you discussed your methods for training students to fly the F/A-18 and how they differed from the methods approved by the U.S. Navy.

**RESPONSE 22:** OBJECTION. Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

**REQUEST 23:** Admit that, in both interviews, you failed to mention that you were not a fully qualified instructor and therefore not authorized to teach any phase of instruction to CAT I students.

**ATTACHMENT E**                                    **013**

parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Accord Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). This discovery request seeks information that is neither relevant to the defamation claim asserted against Defendant Parlatore, nor relevant to his defense, nor is this discovery request reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant is not allowed to engage in a fishing expedition, and is not permitted to require Plaintiff to produce vast amounts of potentially sensitive information with no chance of obtaining relevant, admissible evidence. *U.S. v. Kellogg Brown & Root Services, Inc.*, 284 F.R.D. 22 (D.D.C. 2012). Accordingly, Plaintiff refuses to respond to this improper request.

* * *

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___4th___ day of _____August_____, ___2020___.
                   (date)                  (month)              (year)

___Steven Shaw_____
*Printed Name*

_____
*Signature*

14

**ATTACHMENT E**                                      014

Reviewed as to objections and form,

August 4, 2020

/s/ Eric S. Montalvo
Eric S. Montalvo
DC Bar #993206
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 862-4360 (office) / (888) 899-6053 (fax)
emontalvo@fedpractice.com

/s/ William R. Cowden
William R. Cowden
DC Bar #426301
WILLIAM COWDEN LLC
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 808-3140 (office) / (888) 899-6053 (fax)
wcowden@cowdenllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I caused a true and correct copy of PLAINTIFF'S Responses to Defendant Parlatore's Requests for Admission to be served via electronic mail, per the parties' agreement, to the following:

BRENDA GONZALEZ HOROWITZ
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2512
Brena.gonalez.horowitz@usdoj.gov
*Counsel for Defendant Secretary of the Navy*

BRIAN J. FIELD
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2551
Brian.Field@usdoj.gov

15

**ATTACHMENT E**                 **015**

*Counsel for Defendant Secretary of the Navy*

TIMOTHY C. PARLATORE
Defendant, *Pro Se*
Parlatore Law Group, LLC
One World Trade Center, Suite 8500
New York, New York 10007
212-679-6312 / 212-202-4787 Facsimile
Timothy.parlatore@parlatorelawgroup.com

*/s/ Eric S. Montalco*
Eric S. Montalvo

16

**ATTACHMENT E**                    **016**