UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,<br><br>       *Plaintiff,*<br><br>v.<br><br>KENNETH BRAITHWAITE,<br>Secretary, United States Navy, *et al.*,<br><br>       *Defendants.* | Civil Action No.: 20-0410 (RDM) |

**DEFENDANT UNITED STATES' RESPONSE TO COURT ORDER**

Plaintiff Steven Shaw and Defendant Timothy Parlatore have raised several discovery disputes for the Court's resolution.  *See* Joint Notice (ECF No. 41).  Among other things, Plaintiff complains that Defendant Parlatore has improperly asserted the attorney-client privilege to withhold certain documents and admissions.  *See id.* at 1.  As previously noted, Defendant United States does not take a position on the discovery disputes that the other Parties raised.  *See id.* at 5.

The Court recently held a hearing on these disputes.  While discussing the attorney-client privilege issue, the Court asked the Parties for their positions on whether it violated the Privacy Act for a Government employee to share a Privacy Act-protected document with his or her counsel during an administrative or judicial proceeding.  In addition to asking Plaintiff and Defendant Parlatore to provide supplemental briefs addressing this question, the Court offered Defendant United States an opportunity also to address this question, should it wish to do so.

The United States continues to take no position on the pending discovery disputes.  In response to the Court's question, however, the United States notes that it is not necessarily a violation of the Privacy Act for a Government employee to share a Privacy Act-protected document with his or her counsel during the course of an administrative or judicial proceeding.

Rather, the answer to the question will be fact dependent.  For instance, information "derived solely from independent sources is not prohibited by the statute even though identical information may be contained in a system of records."  *Feldman v. Cent. Intelligence Agency*, 797 F. Supp. 2d 29, 38 (D.D.C. 2011).  Also, the Privacy Act itself includes several exceptions, where transmission of otherwise protected material will not violate the Act.  *See* 5 U.S.C. § 552a(b).  One such exception permits the disclosure of otherwise protected material "for a routine use."  5 U.S.C. § 552a(b)(3); *see also id.* § 552a(e)(4)(D) (requiring federal agencies to publish "each routine use of the records contained in" a system of records).  In many instances, such "routine use" notices expressly provide for the transmission of material to counsel.  *See, e.g.*, 69 Fed. Reg. 22,557, 22,558 (Apr. 26, 2004)  ("information may be disclosed from this system … [t]o an actual or potential party to litigation or the party's authorized representative for the purpose of negotiation or discussion on such matters as settlements, plea bargaining, or in informal discovery proceedings."); 78 Fed. Reg. 56,737, 56,738 (Sept. 13, 2013) (same).

     Here, the United States Navy publishes a "blanket routine uses" notice.  *See* Blanket Routine Uses, Dep't of Defense (available at https://dpcld.defense.gov/Privacy/SORNsIndex/Blanket-Routine-Uses/).  If a transmission is covered by one such routine use, it would not violate the Privacy Act.  For instance, the notice provides for transmission "to any component of the Department of Justice for the purpose of representing the Department of Defense, or any officer, employee or member of the Department in pending or potential litigation to which the record is pertinent."  *Id.* (blanket routine use no. 09).  Similarly, disclosures are permitted to the Merit Systems Protection Board ("MSPB") for, among other things, "administrative proceedings involving any individual subject to a [Department of Defense] investigation."  *Id.* (blanket routine use no. 13).

In sum, the answer to the Court's question will be fact dependent. In some instances, it would not be a violation of the Privacy Act for a Government employee to share otherwise protected material with his or her counsel during an administrative or judicial proceeding.

September 8, 2020                                    Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By:     /s/ Brian J. Field
        BRIAN J. FIELD
        D.C. Bar #985577
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2551
        E-mail: Brian.Field@usdoj.gov