IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW,  )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>CARLOS DEL TORO,   )<br>Secretary of the Navy, *et al.*,   )<br>    Defendants.   )<br>   ) | Civil Action No. 1:20-cv-00410-RDM |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE
FOR PLAINTIFF ONLY AND TO EXTEND EXPERT
DESIGNATION DEADLINES FOR PLAINTIFF ONLY**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff Steven E. Shaw ("Plaintiff") respectfully requests that the Court modify the scheduling order for good cause shown and: (1) extend his and only his discovery deadlines in this case until February 28, 2023; and (2) extend the expert designation deadline and rebuttal expert deadline for him and only him until February 7, 2023 and February 28, 2023, respectively. This request is timely made prior to the September 9, 2022 deadline to designate experts.

Pursuant to Local Civil Rule 7(m), undersigned counsel emailed Government counsel and *pro se* Defendant Parlatore on September 1, 2022, stating his intention to file the instant motion, the reasons therefor, and asking whether they would consent. Government counsel's only response was an "out of office." Defendant Parlatore sent an email that was unresponsive to the substance of undersigned counsel's request. Indeed – Mr. Parlatore, instead of making himself present for his properly scheduled deposition and multiple requests for discovery compliance, reverted to produce a more than twenty-page document which is purported to be a sanctions motion threatened to be filed if Plaintiff does not dismiss his cause of action. This is on the

heels of a disregard for all previous meet and confer requests which are appended as exhibits to this motion. Therefore, Plaintiff Shaw considers that all Defendants oppose this motion.

In support hereof, Plaintiff states as follows:

1. On June 10, 2022, the Court granted in part Plaintiff's motion to compel.

2. On August 1, 2022, the Court granted the Parties' July 29, 2022 Joint Motion For Extension of Time To Complete Discovery and Plaintiff's Motion To Extend The Discovery Deadline and ordered that discovery close October 31, 2022; that each party designate its or his expert by September 9, 2022; and that each party designate any rebuttal experts by September 30, 2022. See August 1, 2022 Minute Order.

3. To date, months after the Court ordered production, and almost two years after Plaintiff first requested them, the Government Defendant has failed to produce relevant and material documents or privilege logs. See Exhibits (B-Q)

4. The Government most recently committed to produce responsive records (the scope of which Plaintiff's counsel narrowed significantly in October 2021 (which has never been acknowledged by the Government See Exhibits (D-J)) by the end of August, 2022.

5. Government counsel then represented it would produce documents upon her return from leave September 5, 2022. Counsel has neither responded to a request for availability to contact the Court nor produced the promised discovery.

6. As of the date hereof, Plaintiff has received no email production from the Government despite the Government having identified approximately 3,300 pages of potentially responsive records at least two months ago. The Government persists that this is out of "her control." This assertion belies the Government's discovery obligations that have existed since the commencement of this action and continue to date. The Government has offered numerous

explanations or excuses for the delay, but none of the words put forward have resulted in the actions required to move this matter forward. The Government refused to extend discovery to February 2023 and demanded a compressed timeline. Undersigned counsel agreed to this compressed timeline subject to the requested discovery being produced prior to the scheduled depositions. The Government is intentionally withholding discovery to frustrate the conduct of Plaintiff's noticed depositions.

      7. The Government's now assertion that it will produce responsive documents by the end of September 2022 is designed to frustrate Plaintiff's ability to conduct an appropriate 30(b)(6) deposition and provide its expert the materials for consideration in the creation of his report. Based on the conduct of both Defendants there is little hope that any eventual production will be completed. An example of this is Mr. Parlatore's production of three (3) documents and no privilege log, despite countless claims of privilege spanning more than two years, and then to engage in extortionate threats/communications, which include ethics threats to counsel. ("You have a limited opportunity to extricate yourselves from this situation with less reputational damage. If you choose to go forward with litigation, the results will likely be much the same, but with increased damages and public exposure for you, your firm, and your three clients. This is not a threat, but rather a comment on the reality, since your client chose to try to litigate this case in the media.") See Exhibits (Q-S)

      8. Plaintiff has fulfilled his discovery production obligations. He has requested dates after the week of September 12, 2022 to make Plaintiff available for deposition and no response to that request has been communicated.

      9. Given the Defendant's history of intentional delay and obfuscation related to discovery requests Plaintiff respectfully requests that discovery be extended, as to him and only

him, until February 28, 2023 to allow Plaintiff the opportunity to fully consider the eventual productions and engage in further discovery or motions as may be necessary. The Government has had access to this information for the entire two-year period and the equities dictate that Plaintiff be given a reasonable opportunity to process thousands of pages of material that have yet to produced by either Defendant.

10. Plaintiff requires the vast majority – if not all – of the Government's discovery responses, well in advance of Plaintiff's expert designation deadline. This is so that Plaintiff's expert can review the materials in advance of the deadline, consult with counsel, and draft a report. That deadline is currently September 9, 2022 and Plaintiff *still* has not received substantive discovery from the Government, despite the Government's acknowledgment that it has the discovery. There is simply insufficient time to provide a suitably-founded written report consistent with Federal Rule of Civil Procedure 26(a)(2)(B).

11. Plaintiff desires that this case move forward expeditiously, and the requested extensions do not interfere with that. If the Government finally produces responsive documents as have been ordered, Plaintiff will be in a position to review those documents and appropriately engage its designated expert.

12. In light of the end-of-year-holidays, Plaintiff's counsel's docket through the end of the year will absorb significant amounts of his time (including a complex trial in federal court in California in early December), and with the Government's track record of delay, the requested extension will afford Plaintiff time to analyze and digest the thousands of pages of discovery that the Government has promised prior to designating an expert. It will also allow Plaintiff sufficient time to determine whether any discovery motions practice will be required.

13. As to expert deadlines, Plaintiff requests that the Court order that Plaintiff's expert be designated and provide a written report consistent with Federal Rule of Civil Procedure 26(a)(2)(B) no later than February 7, 2023, and that the Court order that any Plaintiff's rebuttal expert be designated and provide a written report consistent with Federal Rule of Civil Procedure 26(a)(2)(B) no later than February 28, 2023.

14. No prejudice will accrue to the other Parties if Plaintiff's deadlines are extended as requested herein. If the motion is granted, the relief requested will actually benefit the Defendants because they will have more time to comply with Plaintiff's discovery requests without having to divert resources to litigate a motion to compel and a possible follow-on motion for discovery sanctions. Further, if the instant motion is granted, the Defendants will not be required to do anything other than what they otherwise would have had to do prior and therefore Defendants will experience no prejudice from the relief requested by Plaintiff. See, e.g., Summers v. Howard Univ., 374 F.3d 1188, 1193 (D.C. Cir. 2004) (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)).

15. A conforming proposed order is attached.

Dated: September 8, 2022      Respectfully submitted,

/s/ Eric S. Montalvo
Eric S. Montalvo
DC Bar #993206
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, DC 20006
(202) 862-4360 (office) / (888) 899-6053 (fax)
emontalvo@fedpractice.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 8, 2022 a copy of this Motion was electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia using the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all parties, or to their counsel of record, in this matter

                                      */s/ Eric S. Montalvo*
                                      Eric S. Montalvo