UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------X
STEVEN SHAW,

                Plaintiff,                              Docket No.: 20-cv-410

   -against-

CARLOS DEL TORO,
Secretary of the Navy, *et al.*,

                Defendants.
------------------------------------------------------------------------X

## DEFENDANT PARLATORE'S RESPONSE TO PLAINTIFF'S MOTION FOR A UNILATERAL EXTENSION OF DISCOVERY

As has unfortunately become common in this case, Plaintiff has filed an unnecessary motion based on material misrepresentations of fact and a complete lack of any legal authority. This time, Plaintiff attempts to miscast his own neglect of the discovery schedule and persistent efforts to avoid allowing the Plaintiff to be deposed as if it were somehow the Defendants' fault as a basis to extend discovery for Plaintiff alone, while terminating Defendants' ability to get discovery from Plaintiff. While Defendant Parlatore does not oppose a reasonable extension, he does object to the extension applying to Plaintiff only, as well as to the length of the extension sought.

Much of Plaintiff's motion, and the associated 114 pages of exhibits are wholly untethered from the relief sought. For example, Plaintiff inexplicably includes copies of a settlement offer from over two years ago (Exhibit Q), a sanctions motion, which was served but not yet filed in accordance with the safe-harbor provisions of Fed.R.Civ.P. 11 (Exhibit R), a facially inappropriate supplemental request for production, which is yet another attempt to invade a privileged attorney-client file (Exhibit L), and several email exchanges which actually cut against the reielf sought, as

1

they demonstrate the repeated attempts by Defendants to schedule Plaintiff's deposition, along with Plaintiff's steadfast refusal to respond.

Plaintiff has cited no legal authority which would support the notion that discovery should be extended for him alone, while being terminated for all Defendants and the exhibits clearly demonstrate no factual basis for the request. Had Plaintiff made a reasonable request for an extension for all parties, no contested motion practice would have been necessary.

At present, Plaintiff has already received all document discovery that he can possibly obtain from Defendant Parlatore, as the remaining documents are all part of a privileged attorney-client file. This Court already ruled what documents from the attorney-client file must be disclosed and rejected Plaintiff's attempt to gain a complete inventory of the attorney-client file under the guise of a privilege log. Notwithstanding this, Plaintiff is attempting to take another swing at obtaining an inventory of the attorney-client file by sending another detailed list of demands for privileged documents, again asserting the already rejected demand for a privilege log. Incredibly, despite this Court's unequivocal ruling that Defendant Parlatore need not provide a privilege log, Plaintiff seemingly ignores this by complaining again in his motion that there was "no privilege log, despite countless claims of privilege spanning more than two years."

The case against Defendant Parlatore is a single, patently frivolous, defamation count, based on a question posed in a footnote of an extensive letter outlining significant misconduct by the Plaintiff related to Defendant Parlatore's representation of several senior Naval Aviators wrongfully targeted by Plaintiff. Defendant's sole involvement in any transactions involving Plaintiff was in his capacity as an attorney and therefore any knowledge or documents he gained was the result of privileged or work-product communications and therefore exempt from discovery. Tomorrow, Defendant Parlatore will be deposed, which is expected to be short and

unsubstantial, due to the privilege issues. Therefore, the only significant discovery issues remaining, as it relates to Defendant Parlatore will be the Plaintiff's deposition, potentially some minor additional document demands of Plaintiff, and likely another round of motion practice based on Plaintiff's refusal to recognize privilege or respect this Court's prior ruling.

As to the length of the extension, Plaintiff's claim that "Plaintiff's counsel's docket through the end of the year will absorb significant amounts of his time (including a complex trial in federal court in California in early December)" appears to be inaccurate, as the only case that Mr. Montalvo is a part of in the federal courts in California was dismissed two days before he filed this motion. *Heredia et al v. MTK Global Sports Management, LLC et al*, 20-cv-2618-JWH-KK, (Docket #116, September 6, 2022, dismissing case based on mandatory arbitration clause). For this reason, Defendant cannot agree to Plaintiff's claims of how much additional time is required.

However, notwithstanding significant concerns about the veracity of Plaintiff's claims on scheduling, Defendant Parlatore is mindful of the strains on counsel for the Navy's time and will not oppose a reasonable extension based on Ms. Gonzalez-Horowitz's schedule.

## CONCLUSION

For all the reasons stated herein, Plaintiff's motion for an extension of discovery for Plaintiff only should be denied, with a reasonable extension for all parties ordered instead, together with such other and further relief, as the Court deems appropriate

Dated: September 15, 2022              Respectfully submitted,

                                       Timothy C. Parlatore, Esq.
                                       *Defendant, Pro Se*
                                       Parlatore Law Group, LLP
                                       One World Trade Center, Suite 8500
                                       New York, New York 10007
                                       212-679-6312
                                       timothy.parlatore@parlatorelawgroup.com

3