UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
----------------------------------------------------------------------X
STEVEN SHAW,

     Plaintiff,         Docket No.: 20-cv-410

  -against-

THE HONORABLE CARLOS DEL TORO, and
TIMOTHY C. PARLATORE, ESQ.

     Defendants.
----------------------------------------------------------------------X

**MOTION TO COMPEL DISCLOSURE OF SUBPOENAS AND FOR DISCOVERY SANCTIONS**

   Defendant Timothy C. Parlatore, *pro se*, hereby moves for an Order compelling Plaintiff to disclose all subpoenas that have been issued in this case and for the Court to impose appropriate sanctions for Plaintiff's knowing and willful noncompliance with applicable discovery rules.

   This motion is unfortunately necessitated by Plaintiff's brazen refusal to comply with the rules of discovery and decision to issue at least one, and possibly more, subpoenas without any notice to Defendants.  Pursuant to DC LCvR 7(m), the undersigned sent no less than six emails to Mr. Montalvo, counsel for the Plaintiff, asking him to disclose all subpoenas issued, in an effort to avoid this motion, all of which were completely ignored.

**Factual Background**

   Plaintiff's decision to issue subpoenas without notice came to light as one of the recipients, Carl Prine, filed a motion to quash in the Southern District of Indiana.  *In re: Motion to Quash Subpoena to Non-Party Journalist Carl Prine,* 22-mc-00064.[1] The

---

[1] A copy of the motion is annexed hereto at Exhibit "A."

subpoena called for Mr. Prine to be deposed on September 22, 2022, but Plaintiff refused to provide any notice to Defendants of this scheduled deposition.[2]

The undersigned was contacted prior to the filing by Mr. Prine to ascertain Defendant's position regarding the anticipated motion.  Surprised that Defendants had not received notice of this subpoena, the undersigned began emailing Mr. Montalvo on August 29, 2022, to remind him that if subpoenas had been issued, he is required to privde notice to Defendants.  Mr. Montalvo never responded to this communication.

Upon learning that Plaintiff had failed to invite counsel for the Navy Defendant to attend the undersigned's deposition, I reiterated by email on September 14, 2022, that Mr. Montalvo still had not provided us with notice of any third-party depositions that had been issued.  Again, Mr. Montalvo ignored this communication and did not provide any information about any subpoenas that had been issued.

On September 23, 2022, I again emailed Mr. Montalvo to inform him that:

> I just learned that a motion to quash a deposition subpoena was filed in the Southern District of Indiana for a subpoena served on Carl Prine.  This deposition was noticed for yesterday, September 22, 2022, yet Plaintiff's counsel failed to provide any notice to me of the existence of this, or any other subpoenas which may have been served.  You may recall that I asked several times by email whether any third-party deposition subpoenas were served...

This time, Mr. Montalvo did respond to my email but completely ignored this question, refusing to respond regarding any subpoenas.  Instead, he made false and defamatory allegations claiming that I had perjured myself in the deposition, while only identifying demonstrably true statements and made a completely outlandish attempt to intimidate me into not filing the Rule 11 sanctions motion, which had already been served

---

[2] A copy of this subpoena, downloaded from PACER from the Indiana case, is annexed hereto at Exhibit "A."

21-days prior.  Later that evening, I responded to draw his attention once again to the issue of subpoenas to explicitly demand that he send Defendants a list of subpoenas that were served.  Again, Mr. Montalvo ignored this message and refused to provide any information about subpoenas served.

I once again mentioned the issue of subpoenas in an email on October 4, 2022, which was again ignored.  The next day, both AUSA Gonzalez-Horowitz, counsel for the Navy Defendant and I mentioned it on October 5, 2022 in emails to John Morse, Esq., counsel for Plaintiff in Indiana, who appeared to be unaware that his co-counsel in DC failed to provide proper notice.  Although Mr. Montalvo was copied on both of these emails, again he remained silent and refused to respond.

To date, Defendants are only aware of a single third-party subpoena served in this case, which Plaintiff has steadfastly refused to admit that he even served, but the existence of which was confirmed through the filing of a motion to quash in the Southern District of Indiana.  Despite repeated efforts to communicate with counsel for the Plaintiff, Defendants have been unable to ascertain how many more subpoenas may have been issued, or if Plaintiff may have even conducted depositions while excluding Defendants. While perhaps unlikely, Plaintiff's repeated, inexplicable, and unprofessional refusal to communicate when confronted with the existence of the subpoena on Carl Prine raises serious concerns.  As outlined in the pending Rule 11 sanctions motion, this is, unfortunately, a case where counsel for the Plaintiff has demonstrated his willingness to fabricate stories and lie to this Court, necessitating motions that would ordinarily be unimaginable.

## Legal Standard and Argument

Fed.R.Civ.P. 30(b)(1) makes clear that "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."[3]  LCvR 30.1 further refines this to dictate that:

> Service of a notice of deposition seven days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Fed. R. Civ. P. 30(b), unless the deposition is to be taken at a place more than 50 miles from the District of Columbia, in which case 14 days shall constitute reasonable notice.

LCvR 30.1 further provides that "The Court may enlarge or shorten the time on application of a party for good cause shown."  It does not appear that Plaintiff has made any application to this Court to shorten or completely excuse the requirement of providing written notice to Defendants.

Case law in this area is sparse, as it appears that the decision to hide deposition subpoenas from opposing parties is rarely, if ever made by attorneys.  Instead, reported decisions revolve around late notices or failures to communicate about cancelled depositions.  *See, e.g. Doe v. Exxon Mobil Corp.*, 539 F. Supp. 3d 59, 81 (D.D.C. 2021) ("If the party noticing a deposition cancels it unilaterally, it must give appropriate notice to the other party. Failure to do so may result in sanctions. What notice is appropriate depends on the circumstances of cancellation.") *Citing Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC*, No. 03-cv-9471-CSH, 2006 U.S. Dist. LEXIS 11416, 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006); *Hudson v. L&W Supply Corp.*, No. H-08-cv-2471, 2009 U.S. Dist. LEXIS 56408, 2009 WL 1941498, at *3-5 (S.D. Tex. July 2, 2009); *see also, Herrera-*

---

[3] Fed.R.Civ.P. 45(a)(4) requires that "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  It is unknown whether Plaintiff has issued any third-party subpoenas that also command production of documents.

*Mendoza v. Byrne*, 2006 U.S. Dist. LEXIS 71825, at *5 (D. Conn. Sep. 29, 2006) (the "deposition ultimately did not go forward, so the defendants were not prejudiced by the late notice. The court therefore will not sanction the plaintiff for his failure to provide reasonable notice of the deposition. The plaintiff is warned, however, that failure to provide reasonable notice of a deposition to all parties is a violation of the Federal Rules of Civil Procedure and that failure to comply with this rule in the future may subject him to sanctions.")

Here, in contrast, counsel for the Plaintiff is openly refusing to respond to numerous communications on this issue by Defendants to actively conceal the existence of third-party subpoenas.  This is the definition of bad faith conduct.  "The Court may sanction bad faith conduct in litigation if it finds by clear and convincing evidence that misconduct occurred." 539 F. Supp. 3d at 76, *citing Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011).

Defendant defers to the Court as to whether any sanctions are appropriate against Plaintiff and his counsel for their willful refusal to follow the Federal or Local Rules.  At a minimum, Defendant respectfully requests that all un-noticed subpoenas should be voided and this Court issue a strong admonishment to Plaintiff and his counsel to immediately disclose all third-party subpoenas issued and to ensure complete compliance with all notice requirements going forward.

Additionally, because Plaintiff has demonstrated that he cannot be trusted to issue subpoenas in accordance with the rules, despite numerous written reminders, corrective action is required to protect against future abuses.  Defendant respectfully suggests that this Court consider curtailing Plaintiff's ability to issue any more subpoenas in this matter or, at a minimum, issue an Order pursuant to LCvR 30.1, modifying the notice

requirement to direct Plaintiff to serve written notice of all deposition subpoenas on Defendants before it is served on the person to whom it is directed.

WHEREFORE, Defendant Parlatore respectfully requests that this Court issue an Order:

1. Directing Plaintiff to immediately disclose all third-party subpoenas served in this case;

2. Voiding all active subpoenas issued by Plaintiff;

3. Admonishing Plaintiff and his counsel that any further violation of the discovery rules will result in additional sanctions;

4. Modifying the Discovery Order to prohibit Plaintiff from issuing any further subpoenas or, at a minimum, directing that for any and all subpoenas issued by Plaintiff, a notice and a copy of the subpoena must be served on each party before it is served on the person to whom it is directed, and that the order is inclusive of all subpoenas, not only those which seek documents;

5. Directing Plaintiff's counsel to pay Defendant reasonable fees associated with the filing of this motion;

6. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

Timothy C. Parlatore, Esq.
*Defendant, Pro Se*
One World Trade Center, Suite 8500
New York, New York 10007
212-679-6312
timothy.parlatore@parlatorelawgroup.com