UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------X
STEVEN SHAW,

                Plaintiff,                         Docket No.: 20-cv-410

    -against-

CARLOS DEL TORO,
Secretary of the Navy, *et al.*,

                Defendants.
------------------------------------------------------------------------X

**DEFENDANT PARLATORE'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS**

Defendant filed a sanctions motion in this case alleging three separate and distinct issues:

1. The claims against defendant Parlatore are being presented for an improper purpose;

2. The libel claim is unwarranted under the law and completely frivolous; and

3. Mr. Montalvo made material misrepresentations to the court in the initial appearance.

In Plaintiff's opposition papers, he completely ignores these three distinct arguments, and instead focuses solely on one of the multiple remedies sought – dismissal. Plaintiff oddly chose not to deny any of the factual allegations contained in the motion and instead advances two novel and unsupported arguments that, because Defendant filed an answer, sanctions are precluded, and that dismissal is more appropriate to be considered in a motion for summary judgment.

It is clear from the record in this case that Plaintiff is unable to truthfully deny the factual allegations that underpin this motion, as it is undisputable both that Mr. Montalvo knowingly made material misrepresentations to this Court and that the claims against Defendant Parlatore are being presented for an improper purpose. Because Plaintiff has chosen not to contest these facts, this Court should treat those two branches of this motion as unopposed and impose sanctions. *See, e.g.*

1

*Paixao v. Brown*, No. 07 CV 5341 (ARR), 2009 U.S. Dist. LEXIS 13123, at *12 (E.D.N.Y. Feb. 17, 2009) (it is an "uncontroversial proposition that when a party chooses to oppose a motion based on one set of grounds, that party normally waives his right to oppose the motion on other grounds…the opposing party's failure to counter the factual allegations warranted granting the motion.").

As to the remaining ground, that the libel claim is unwarranted under the law, Plaintiff has similarly chosen not to present any argument as to why this count would be warranted under existing law or that he conducted even a cursory inquiry before asserting this baseless claim. As correctly cited by Plaintiff, sanctions are appropriate where, as here, "a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F.Supp.2d 93, 100 (D.D.C. 2007).

**Defendant's Choice to File an Answer Does not Preclude Sanctions for Plaintiff's Frivolous Conduct, nor is Summary Judgment the Sole Remedy Available**

Plaintiff argues that where a Defendant chooses to file an answer, that means "that Plaintiff's allegations concerning defendant were not without merit." This statement represents a deep misunderstanding of basic principles of civil litigation. Answers typically deny factual allegations and, only in extremely rare circumstances does the content of an Answer concede that a Plaintiff's allegations have merit. Plaintiff makes no effort to analyze the admissions and denials in Defendant Parlatore's answer (Docket #52) to support this conclusion, as a simple reading of the Answer clearly undercuts this baseless argument.

Fed.R.Civ.P. 12(b) states that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." While the rule goes on to permit that a party may also raise certain defenses by motion, there is no requirement to do so. In this case, Defendant chose to assert these defenses in his answer, rather than by motion. In the answer filed

to the Plaintiff's fourth attempt to draft a legally sufficient complaint, Defendant raised, as his First Affirmative Defense, "The complaint fails to state a claim upon which relief can be granted." Additionally, the Answer states clearly that Plaintiff's libel count relies upon "a non-actionable statement contained within that letter."

Next, Plaintiff argues that this motion should be denied because "the remedy Defendant Parlatore is seeking sounds in Fed.R.Civ.P. 56, not Rule 11." Plaintiff relies upon the inapposite case of *Tiger Supplies Inc. v. MAV Assocs. LLC*, Civil Action No. 20-15566 (SRC), 2022 U.S. Dist. LEXIS 11224 (D.N.J. Jan. 21, 2022), where the District of New Jersey recognized that a Rule 11 motion which "includes almost nine hundred pages of discovery material and contains its own statement of undisputed material facts," would be better heard after a motion for summary judgment had been decided. Here, the motion contains no such discovery material, nor a statement of undisputed material facts.

While perhaps unusual, there is nothing in the rules that prohibits the filing of a Rule 11 sanctions motion after the filing of an answer. Plaintiff argues, without a single citation in support, that because Defendant "chose not to challenge the sufficiency of the complaint at earlier stages…that ship has sailed." Again, this argument ignores the law. Fed.R.Civ.P. 12(h)(2) permits that failure to state a claim upon which relief can be granted may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.

As a motion under Fed.R.Civ.P. 12(c) may be made "After the pleadings are closed—but early enough not to delay trial," Defendant certainly could file a motion for judgment on the pleadings now and will do so shortly. If the Court finds Plaintiff's suggestion to hear this motion contemporaneously with a dispositive motion persuasive, Defendant respectfully suggests that this

3

Court can hold its decision on the instant motion in abeyance to be decided contemporaneously with the 12(c) motion.

However, Plaintiff's response is only arguably relevant to one of the three grounds upon which the motion was filed, that the libel claim is unwarranted under the law. The remaining two grounds are unrelated to any Rule 56 or 12(c) arguments and are apparently unopposed.

**Mr. Montalvo's Material Misrepresentations to this Court are an Ongoing Issue that Must be Addressed and Sanctioned**

This case has been devolving since Mr. Montalvo chose to stand up in the courtroom and lie to the Court. An attorney's reputation for honesty and candor to the Court are paramount in this profession and Mr. Montalvo ruined his own reputation within minutes of commencing the first appearance.

As outlined in the motion, Mr. Montalvo lied to this Court when he told a fabricated tale of cross-examining LtCol Michael Nesbitt at an administrative hearing. Thereafter, Defendant Parlatore, as counsel for LtCol Nesbitt obtained a copy of the transcript of his testimony, which clearly demonstrated the falsity of Mr. Montalvo's representations to the Court. In an effort convince Mr. Montalvo to correct his false statements and dissuade him from further dishonesty before the Court, Defendant Parlatore sent Mr. Montalvo an email indicating that he had a copy of the transcript and recommended that he correct his false statements to the Court. Instead, Plaintiff amended their complaint to allege yet another Privacy Act violation for Defendant Parlatore obtaining a copy of his own client's testimony.

This has become an issue that has unfortunately hampered discovery and will soon be the subject of yet another sanctions motion, pursuant to Fed.R.Civ.P. 30(d)(2) once a copy of the transcript can be obtained and provided to the Court. Yesterday afternoon, Mr. Montalvo improperly impeded and frustrated the fair examination of Plaintiff by improperly directing his

4

client not to answer questions on this very subject and then, at Mr. Montalvo's direction, Plaintiff walked out of the deposition before its conclusion.

## CONCLUSION

As Plaintiff has failed to deny, or even address any of the grounds for sanctions, Defendant Parlatore respectfully requests that this Court grant the motion as unopposed. To the extent that the Court is inclined to decide this motion contemporaneously with a dispositive motion, as urged by Plaintiff, Defendant is filing a Motion for Judgment on the Pleadings shortly and respectfully requests that the Court consider both contemporaneously.

For all the reasons stated herein, Defendant respectfully requests that this Court grant his motion for Sanctions, together with such other and further relief, as the Court deems appropriate

Dated: October 14, 2022               Respectfully submitted,

                                      Timothy C. Parlatore, Esq.
                                      *Defendant, Pro Se*
                                      Parlatore Law Group, LLP
                                      One World Trade Center, Suite 8500
                                      New York, New York 10007
                                      212-679-6312
                                      timothy.parlatore@parlatorelawgroup.com