## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEVEN E. SHAW** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 20-cv-00410-RDM** |
| **v.** | ) | |
| | ) | |
| **TIMOTHY C. PARLATORE, ESQ., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF STEVEN E. SHAW'S RESPONSE IN OPPOSITION TO DEFENDANT TIMOTHY C. PARLATORE'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

---

**Submitted by:**
Eric S. Montalvo
**FEDERAL PRACTICE GROUP**
1750 K Street NW, Suite 900
Washington, D.C. 20006
(202) 862-4360 – Telephone
(888) 899-6053 – Facsimile
emontalvo@fedpractice.com
*Attorneys for Plaintiff:*
*Steven E. Shaw*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.        STANDARD UNDER FED. R. CIV. P. 12(c).   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

II.       DEFENDANT PARLATORE'S OWN ALLEGATIONS OF FACTS IN HIS ANSWER AND HIS
          MOTION CREATE MATERIAL DISPUTES SUFFICIENT TO DENY DISMISSAL UNDER FED. R.
          CIV. P. 12 (c).                               . . . . . . . . . . . . . . . . . . . . . . . 9

III.      DEFENDANT PALATORE'S ARGUMENTS PAINTING PLAINTIFF AS "LIBEL PROOF" ARE
          UTTERLY UNAVAILING.
                              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.       THE COURT SHOULD REFRAIN FROM CONVERTING THIS TO A SUMMARY JUDGMENT;
          DEFENDANT PARLATORE DID NOT REQUEST RELIEF IN THE ALTERNATIVE AND HIS MOTION
          DID NOT UTILIZE MATTERS OUTSIDE OF THE PLEADINGS.
                              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

*Cases*

*Allen v. Napolitano,*
    774 F.Supp.2d 186 (D.D.C. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Americable Int'l v. Dep't of Navy,*
    129 F.3d 1271 (D.C.Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*American Oversight, Inc. v. U.S. Dept. of Health and Human Services*,
    No. 17-827 (EGS/DAR), 2022 WL 1719001
    (D.D.C. May 27, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Askew v. Meridian Imaging Solutions, Inc,*
    601 F.Supp.2d 173 (D.D.C. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) . . . . . . . . . . . . . . . . . . . 9

*Carpenter v. King,*
    792 F.Supp.2d 29, 34 (D.D.C. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ciralsky v. C.I.A.,*
    689 F.Supp.2d 141 (D.D.C. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Close It! Title Services, Inc. v. Nadel*,
    248 A.3d 132 (D.C. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 (fn. 3)

*Craig v. Lew,*
    109 F.Supp.3d 268 (D.D.C. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Deripaska v. Associated Press*,
    282 F.Supp.3d 133 (D.D.C. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 (fn. 5)

*Dist. No. 1, Pacific Coast Dist., Marine Engineers Beneficial Assoc., AFL-CIO v. Liberty
Maritime Corp,*
    933 F.3d 751 (D.C. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 12

*Evans v. Diamond,*
    957 F.3d 1098 (10th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Farnum v. Colbert,*
    293 A.2d 279 (D.C.1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 (fn. 3)

*Fleming v. Moore,*
 221 Va. 884, 275 S.E.2d 632 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Galvin v. Del Toro,*
 586 F.Supp.3d 1 (D.D.C. 2022)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Goulmamine v. CVS Pharmacy, Inc.,*
 138 F.Supp.3d 652 (E.D. Va. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harmon v. Liss,*
 116 A.2d 693 (D.C.1955)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 (fn. 3)

*Hatfill v. New York Times Co.,*
 416 F.3d 320 (4th Cir. 2005)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hunt v. Central Consol. Sch. Dist.,*
 951 F.Supp.2d 1136 (D.N.M. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*James v. Powell,*
 154 Va. 96, 107, 152 S.E. 539 (Va. 1930)   . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Judicial Watch, Inc. v. U.S. Dept. of Energy,*
 888 F.Supp.2d 189 (D.D.C. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Klayman v. Judicial Watch, Inc,*
 6 F.4th 1301 (D.C. Cir. 2021)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lamb v. Rizzo,*
 391 F.3d 1133 (10th Cir.2004)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lively v. WAFRA Investment Advisory Group, Inc.,*
 6 F.4th 293 (2nd Cir. 2021)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Moss v. Stockard,*
 580 A.2d 1011 (D.C.1990)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Murphy v. District of Columbia,*
 ---F.Supp.3d---, 2022 WL 612710 at (D.D.C. March 2, 2022)   . . . . . . . . . . . . . . . 15

*Peterson v. Grisham,*
 594 F.3d 723 (10th Cir. 2010)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Philips v. Pitt Cty. Mem'l Hosp.,*
 572 F.3d 176 (4th Cir. 2009)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Raboya v. Shrybman & Associates*,
  777 F. Supp. 58 (D.D.C. 1991) . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . 11 (fn. 3)

*Richmond Newspapers, Inc.*,
  196 Va. 1, 82 S.E.2d 588 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Snowden v. Zinke*,
   506 F.Supp.3d 18 (D.D.C. 2020) . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . 15

*Steele v. Goodman*,
  382 F.Supp.3d 403 (E.D. Va. 2019) . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . 9

*Suarez v. Loomis Armored US, LLC*,
  No. 3:10-cv-690, 2010 WL 5101185
  (E.D. Va. Dec. 7, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tharpe v. Saunders*,
  737 S.E.2d 890 (Va. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States ex rel. Gardner v. Vanda*,
  554 F.Supp.3d 146 (D.D.C. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Von Kahl v. Bureau of Nat. Affairs, Inc.*,
  934 F.Supp.2d 204 (D.D.C. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Vorleamesi v. Esper*,
  No. PWG 20-cv-04442, 2021 WL 3681163
  (D. Md. Aug. 19, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Wells v. Liddy*,
  186 F.3d 505 (4th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


**Federal Rules**
FED. R. CIV. P. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FED. R. CIV. P. 10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16

FED. R. CIV. P. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

FED. R. CIV. P. 12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

FED. R. CIV. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17

FED. R. CIV. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 (fn. 7)

FED. R. CIV. P. 56(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

FED. R. EVID. 801(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

FED. R. EVID. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

**Local Rules**
LCvR 7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

LCvR 7(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 (fn. 5), 16 (fn. 7)


**Treatises**
53 C.J.S. Libel and Slander § 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 (fn. 3)

**PURSUANT TO LOCAL RULE LCvR 7(b)**, Steven E. Shaw, the Plaintiff in the instant matter, by and through his counsel of record, submits his Response in Opposition to the Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c), that was filed by Defendant Timothy C. Parlatore on October 17, 2022 (ECF 78).

## INTRODUCTION

Defendant Timothy Parlatore has once again moved this Court to prematurely dismiss Plaintiff's libel *per se* cause of action.  Apparently taking a cue from Plaintiff's Response in Opposition [1] to his Motion for Sanctions under FED. R. CIV. P. 11, [2] Defendant has now sought relief under FED. R. CIV. P. 12(c). However, Defendant Parlatore's efforts are badly misplaced and present yet another misapplication or misunderstanding of the Federal Rules of Civil Procedure on his part; he has chosen the wrong vehicle for seeking dismissal based on disputes of material fact that he injected into the matter in his ***Answer***. Moreover, for reasons that will be more fully set forth below, the Court should also refrain from converting Defendant's 12(c) Motion into a motion for summary judgment.  Defendant Parlatore's latest effort aimed at early termination of the libel *per se* claim that is pending against him should be denied *in toto*.

## ARGUMENT AND AUTHORITIES

### I.    STANDARD UNDER FED. R. CIV. P. 12(c).

A party to an action may move for a judgment on the pleadings "'[a]fter the pleadings are closed – but early enough not to delay trial.'" *Dist. No. 1, Pacific Coast Dist., Marine Engineers Beneficial Assoc., AFL-CIO v. Liberty Maritime Corp*., 933 F.3d 751, 760 (D.C. Cir. 2019) (quoting FED. R. CIV. P. 12(c)). Pleadings are described in the Federal Rules as "(1) a complaint;

---

[1] *See* ECF 76.

[2] *See* ECF 74.

(2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." FED. R. CIV. P. 7. For purposes of a Rule 12(c) motion, pleadings may also include a "'copy of a written instrument that is an exhibit to a pleading,' Fed. R. Civ. P. 10(c), such as relevant and authentic documents attached to the complaint." *Liberty Maritime Corp.*, *supra* (citing to *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

The standard of review for a Rule 12 (c) motion is "virtually identical" to that applied to a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Judicial Watch, Inc. v. U.S. Dept. of Energy*, 888 F.Supp.2d 189, 192 (D.D.C. 2012).  A court presented with a motion to dismiss is not tasked with weighing evidence the parties may use at trial; rather, the court's role is to determine whether the "'complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Evans v. Diamond*, 957 F.3d 1098, 1100 (10th Cir. 2020) (quoting *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).  *See also Hunt v. Central Consol. Sch. Dist.*, 951 F.Supp.2d 1136, 1173 (D.N.M. 2013) (noting that the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to "test[] the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true") (citation omitted).  In analyzing the sufficiency of a complaint, neither the truth of the complaint's allegations nor "whether a plaintiff has any evidence to back up what is in the complaint" are proper considerations for the court. *Galvin v. Del Toro*, 586 F.Supp.3d 1, 8 (D.D.C. 2022) (citation omitted).

To prevail on a 12(c) motion, the movant must demonstrate that no material fact alleged by the non-moving party is in dispute. *Askew v. Meridian Imaging Solutions, Inc.*, 601 F.Supp.2d 173, 174 (D.D.C. 2009). The reviewing court must take the well-pleaded allegations in the

complaint as true, "'even if doubtful in fact.'" *American Oversight, Inc. v. U.S. Dept. of Health and Human Services*, No. 17-827 (EGS/DAR), 2022 WL 1719001 at *7 (D.D.C. May 27, 2022) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "Until both parties have an opportunity to test their evidence at summary judgment or trial, [the court] must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." *Lively v. WAFRA Investment Advisory Group, Inc*., 6 F.4th 293, 301 (2nd Cir. 2021). Additionally, all plausible inferences drawn from the allegations in the complaint are to inure to the plaintiff's benefit. *Ciralsky v. C.I.A*., 689 F.Supp.2d 141, 159 (D.D.C. 2010). Where material questions of fact are found to exist in the pleadings, "the remedy by motion for judgment on the pleadings under Rule 12(c) is not available." *Liberty Maritime Corp*., 933 F.3d at 761. The moving party's burden to justify its entitlement to judgment on the pleadings is described as "heavy," due to the early juncture in which judicially disposing of the matter is sought. *Id*. at 760.

## II.   DEFENDANT PARLATORE'S OWN ALLEGATIONS OF FACTS IN HIS ANSWER AND HIS MOTION CREATE MATERIAL DISPUTES SUFFICIENT TO DENY DISMISSAL UNDER FED. R. CIV. P. 12 (c).

The elements for a defamation-based cause of action under Virginia law are "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013) (citation omitted). "Actionable" means "both false and defamatory." *Id*. "'Publication occurs when an actionable statement is transmitted to some third person so as to be heard and understood by such person.'" *Steele v. Goodman*, 382 F.Supp.3d 403, 419, fn. 52 (E.D. Va. 2019) (quoting *Suarez v. Loomis Armored US, LLC*, No. 3:10-cv-690, 2010 WL 5101185 at *2 (E.D. Va. Dec. 7, 2010)) (applying Virginia law). Virginia law does not distinguish

written from spoken defamation, *i.e.*, libel versus slander. *Id.* at 419 (citing to *Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632, 635 (1981)).

Where a statement raises a ready inference that a person was charged with the commission of a crime, libel is presumed. *James v. Powell*, 154 Va. 96, 107, 152 S.E. 539, 543 (Va. 1930). *See also Goulmamine v. CVS Pharmacy, Inc*., 138 F.Supp.3d 652, 659 (E.D. Va. 2015) ("Virginia law recognizes certain statements as defamatory *per se*, including statements which impute to the plaintiff the commission of a criminal offense, impugn his fitness for his trade, or prejudice plaintiff in pursuit of his trade"). More specifically, Virginia law has designated the following as actionable as defamation *per se*:

> (1) statements that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished," (2) statements that "impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society," (3) statements that "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment," and (4) statements that "prejudice such person in his or her profession or trade."

> * * *

> [Further], "it matters not how artful or disguised the modes in which the meaning is concealed if it is in fact defamatory."

*Hatfill v. New York Times Co*., 416 F.3d 320, 330-31 (4th Cir. 2005) (quoting *Richmond Newspapers, Inc.,* 196 Va. 1, 82 S.E.2d 588, 591 (1954)).  Moreover, "courts applying Virginia defamation law should consider not only the words themselves but also the 'inferences fairly attributable' to them." *Id*. at 331 (quoting *Wells v. Liddy,* 186 F.3d 505, 523 (4th Cir.1999)). [3]

---

[3] Plaintiff's libel *per se* cause of action is based on Virginia common law.  However, even under the law of the District of Columbia the analysis remains the same. The elements for a defamation claim in the District are

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the

One need look no further than Paragraph 22 of Plaintiff's Third Amended Complaint (ECF 46) to discern that Plaintiff has alleged a colorable claim of libel *per se* on the part of Defendant Parlatore. [4] Defendant Parlatore clearly understands this, as demonstrated by his response in Paragraph 22 of his Answer (ECF 52).  Defendant does not merely deny the allegation; rather, he uses several lines in an attempt to not only refute Plaintiff's averment, but to create an issue of disputed material fact:

> [Defendant Parlatore] [d]enies the allegations contained in paragraph 22 and states affirmatively that Plaintiff is deliberately misrepresenting the contents of this letter in an effort to manufacture a false defamation claim. In fact, the letter requested the DODIG investigate whether their investigator had improperly provided LT Shaw with copies of LtCol Nesbitt's notebook and suggested that the only innocent explanation for the

> defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Close It! Title Services, Inc. v. Nadel*, 248 A.3d 132, 139 (D.C. 2021) (citation omitted).

Further, in the District of Columbia, any written or printed statement that falsely accuses one of committing a crime constitutes defamation *per se*.  *See Raboya v. Shrybman & Associates*, 777 F. Supp. 58 (D.D.C. 1991).  If defamation *per se*, the court will assume harm to the plaintiff's reputation, without further need to prove that harm:

> Any written or printed statement which falsely charges another with the commission of a crime is libelous *per se. See* 53 C.J.S. Libel and Slander § 38. In the District of Columbia, in order to be actionable as libel *per se,* the contents of a defamatory publication must " 'impute ... the commission of some criminal offense for which [the Plaintiff] may be indicted and punished, if the charge involves moral turpitude and is such as will injuriously affect [the Plaintiff's] social standing', or, ... the question is whether, from the language attributed to defendant, there is something from which commission of a crime can be inferred."

*Farnum v. Colbert,* 293 A.2d 279, 281 (D.C.1972), *quoting Harmon v. Liss,* 116 A.2d 693, 695 (D.C.1955) (citations omitted).

[4] This allegation, coupled with that contained in Paragraph 25 of Plaintiff's Third Amended Complaint, provides a colorable allegation that not only was a criminal act on the part of Plaintiff Steven Shaw alleged in the letter at issue, but that the allegation was made known to third parties (*i.e.,* published) and had accordingly subjected Plaintiff to adverse personal and economic consequences (*i.e.*, damages).

investigator's conduct would be if LT Shaw (who surreptitiously recorded his superior officers, repeatedly disobeyed lawful orders, illegally snuck a camera into a secured facility after his security clearance had been revoked) could have possibly snuck into LtCol Nesbitt's office to take photos of his notebook.

Moreover, in addition to creating a material dispute in Paragraph 22 of his Answer, Defendant Parlatore uses the above quoted language to further assail Plaintiff's character by injecting affirmative allegations of other misconduct on Plaintiff's part, misdeeds that may be further construed as criminal acts, or alternatively, conduct that would diminish his standing in the U.S. military. This alone is sufficient to deny Defendant Parlatore's requested relief. *Dist. No. 1, Pacific Coast Dist., Marine Engineers Beneficial Assoc., AFL-CIO v. Liberty Maritime Corp.*, 933 F.3d at 761.

However, Defendant Parlatore's penchant for "speaking" responses to the allegations contained in Plaintiff's Third Amended Complaint presents further material disputes. In response to 12 bullet pointed citations to exemplary behavior on the part of Plaintiff found in Paragraph 13 of the Third Amended Complaint, Defendant adds to his denial in his Answer an averment that such "items have been cherry picked to support the false allegation that [Plaintiff Shaw] had an "unblemished career.'" *See ECF 52, p. 2, ¶ 13*. Defendant Parlatore augments this fact dispute in his 12(c) Motion by inserting numerous unadorned allegations on pages 5, 6, and 7 that appear to be aimed at denigrating Plaintiff's character and abilities, all of which appear to be directly controverted, or at least put at issue, by the bullet pointed allegations in Paragraph 13 of the Third Amended Complaint. *See ECF 78-1, pp. 5, 6, 7(numbered and bullet pointed allegations)*. When these are coupled with the fact disputes Defendant Parlatore raises in Paragraphs 23, 24, and 25 of his Answer, it is patently clear that dismissal under Rule 12(c) is precluded.

**III.   DEFENDANT PALATORE'S ARGUMENTS PAINTING PLAINTIFF AS "LIBEL PROOF" ARE UTTERLY UNAVAILING.**

In Section II of his Motion, Defendant Parlatore invokes the "libel proof" doctrine, which is articulated as follows:

> [W]hen a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial.

*Von Kahl v. Bureau of Nat. Affairs, Inc.,* 934 F.Supp.2d 204, 214 (D.D.C. 2013) (quoting *Lamb v. Rizzo,* 391 F.3d 1133, 1137 (10th Cir.2004)). This doctrine should be cautiously applied, "'since few plaintiffs will have so bad a reputation that they are not entitled to obtain redress for defamatory statements, even if their damages cannot be quantified and they receive only nominal damages.'" *Id.*, at 215 (quoting *Guccione v. Hustler Magazine, Inc.,* 800 F.2d 298, 303 (2nd Cir. 1986)). Moreover, the doctrine has been primarily applied to individuals with criminal convictions. *Carpenter v. King*, 792 F.Supp.2d 29, 34, fn. 2 (D.D.C. 2011) (counting cases). Even then, if the statements at issue are "'at least capable of a defamatory meaning, whether they were defamatory and false are questions of fact to be resolved by the jury.'" *Von Kahl*, 934 F.Supp.2d at 216 (quoting *Moss v. Stockard,* 580 A.2d 1011, 1023 (D.C.1990)). "If a statement is reasonably capable of any defamatory meaning then the Court cannot rule, as a matter of law, that it was not defamatory." *Id*. at 214.

As set forth above, the allegations contained in Plaintiff's Third Amended Complaint easily meet this threshold. That said, Defendant Parlatore proves to be his own worst enemy regarding obtaining his requested relief under FED. R. CIV. P 12(c). Using unadorned allegations of averments without attribution on pages 5, 6 and 7 in his Motion, Defendant creates discrete disputes with the fact allegations contained in Paragraph 13 of Plaintiff's Third Amended Complaint. To complicate matters for Defendant, the statements upon which he relies to color Plaintiff as "libel proof" are sheer hearsay, meaning that they are not evidence. *See* FED. R. EVID.

801(c) and 802. *See also Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1315 (D.C. Cir. 2021) ("sheer hearsay" that is proffered as evidence "counts for nothing").  Succinctly, one cannot discern from the presentation in Defendant's Motion (1) whether these are the conclusions of one or many; (2) whether the declarants are even in the military, *i.e.*, Plaintiff's relevant community pertaining to his position and reputation; and most importantly, (3) the identity of a single declarant.  Consequently, Defendant Parlatore's condemnation of Plaintiff as "libel proof" is unsupported by anything resembling evidence at this point.  Accordingly, Defendant's arguments regarding this proposition of law fall far short of demonstrating that Plaintiff's libel *per se* claim should be dismissed on this basis. [5]

IV.   **THE COURT SHOULD REFRAIN FROM CONVERTING THIS TO A SUMMARY JUDGMENT; DEFENDANT PARLATORE DID NOT REQUEST RELIEF IN THE ALTERNATIVE AND HIS MOTION DID NOT UTILIZE MATTERS OUTSIDE OF THE PLEADINGS.**

The Federal Rules provide for the conversion of a motion seeking dismissal under FED. R. CIV. P. 12(b) or 12(c) into a motion for summary judgment FED. R. CIV. P. 12(d).  In order for such a conversion to occur, "matters outside of the pleadings" must be presented to the court. *Id*. However, this generally occurs when the movant pleads for such treatment in the alternative. "'Given that the [defendant's] motion [ ][was] in the alternative for summary judgment and that

_____

[5] On page 5 of his Motion, Defendant Parlatore offers a "drive by" averment that Plaintiff is a "limited-purpose public figure."  Defendant does so without citing to a single authority or to specific facts from the record.  Accordingly, Plaintiff will not – cannot – address this assertion until Defendant Parlatore supports it with law and facts. "The task of determining whether a defamation plaintiff is a limited-purpose public figure is a difficult one, requiring a highly fact-intensive inquiry that [some have] described as 'trying to nail a jellyfish to the wall." *Deripaska v. Associated Press*, 282 F.Supp.3d 133, 141 (D.D.C. 2017) (citations and quotations omitted).  Thus, this is yet one more reason to simply overrule Defendant's 12(c) Motion.  If Defendant believes that Plaintiff falls within the definition of a "limited-purpose public figure," he can do so in a Rule 56 motion for summary judgment in which he articulates "a statement of material facts as to which [Defendant] contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." Local Rule LCvR 7(h).

the parties had the opportunity to submit ... materials in support and in opposition, it is not unfair to [the plaintiff] to treat the decision[ ] as [one for] summary judgment.'" *Allen v. Napolitano*, 774 F.Supp.2d 186, 195 (D.D.C. 2011) (quoting *Americable Int'l v. Dep't of Navy,* 129 F.3d 1271, 1274 n. 5 (D.C.Cir.1997) (alterations in *Allen*). *See also Vorleamesi v. Esper*, No. PWG 20-cv-04442, 2021 WL 3681163 at *2 (D. Md. Aug. 19, 2021) (motion requesting alternative relief of summary judgment put party opposing motion on notice of potential for that relief). Essentially, in order for such a conversion to be implemented, both parties must be placed "on notice that [they] had to come forward with all [their] evidence." *Murphy v. District of Columbia*, ---F.Supp.3d---, 2022 WL 612710 at *6 (D.D.C. March 2, 2022).

Moreover, as set forth in Rule 12(d), it requires that evidentiary materials outside of the pleadings be made part of the 12(c) motion. FED. R. CIV. P. 12(d). *See also Craig v. Lew*, 109 F.Supp.3d 268, 277 (D.D.C. 2015) (noting that "***both*** parties have submitted evidence, in the form of documents and declarations, outside the pleadings in support of their positions" in finding conversion to summary judgment appropriate) (emphasis added); *Snowden v. Zinke*, 506 F.Supp.3d 18, 28 (D.D.C. 2020) (conversion found appropriate "because the parties have completed discovery and also rely on materials outside the pleadings to support their arguments"). A court may properly consider documents attached to or referenced in the complaint, as well as a motion to dismiss, and about which there is no dispute about their authenticity, without converting the Rule 12 motion into a Rule 56 motion for summary judgment. *United States ex rel. Gardner v. Vanda*, 554 F.Supp.3d 146, 155-56 (D.D.C. 2021).

Defendant Parlatore's Rule 12(c) Motion does not qualify for conversion to one for summary judgment. First, Defendant does not seek relief in the alternative. Further, it neither references nor attaches any documents that are "outside the pleadings;" in fact, as to documentary

evidence, it relies exclusively on exhibits that are central to Plaintiff's Complaint and already in the record.  Defendant does not attach or rely upon the usual evidentiary items utilized to support summary disposition, such as deposition testimony, responses to written discovery requests, affidavits or declarations. [6] Moreover, just over a month ago, the Court extended the deadline for completing discovery to February 28, 2023; [7] Plaintiff should be permitted to avail himself of that time to acquire evidence through the discovery process to undergird the allegations contained in his Third Amended Complaint.

**CONCLUSION**

FED. R. CIV. P. 12(c), similar to its close relative, 12(b)(6), is designed to test the efficacy of the Complaint, not fact disputes generated by unadorned counter allegations contained in Defendant's Answer and Motion.  The Federal Rules contain a different format for deciding whether a matter should proceed to trial based on disputes of material facts – a motion for summary judgment under FED. R. CIV. P. 56.

Defendant Parlatore has sought dismissal of Plaintiff's libel *per se* cause of action, based on fact disputes ***he*** created in his Answer and 12(c) Motion, through the wrong mechanism. Moreover, he has not requested, in the alternative, that the Court consider his Motion under Rule 56, and neither Defendant nor Plaintiff has opted to rely upon documents that are outside of the pleadings in their arguments pertaining to the12(c) Motion.

---

[6] Additionally, the presentation and format of Defendant Parlatore's 12 (c) Motion does not comply with the either the Federal Rules or the D.C. District's Local Rule pertaining to a summary judgment motion.  *See particularly* FED. R. CIV. P. 56(c); *see also* Local Rule LCvR 7(h) ("Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement").

[7] *See* Minute Order, Sept. 16, 2022.

Defendant Parlatore is entitled to move the Court for summary disposition of the libel *per se* claim under Rule 56. However, in its Minute Order of September 16, 2022, the Court extended the discovery period through February 28, 2023. Plaintiff should be allowed to avail himself of that enlargement of time to accumulate facts that will support his causes of action, including the libel *per se* claim that is pending against Defendant Parlatore. *See* FED. R. CIV. P. 56(d).  Dismissal of Plaintiff's libel *per se* claim based on Defendant's Motion for Judgment on the Pleadings is not appropriate, either under Rule 12(c) or Rule 56.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Steven Shaw prays the Court will deny Defendant Timothy C. Parlatore's Motion for Judgment on the Pleadings in its entirety and grant to Plaintiff any further relief the Court deems appropriate.

Respectfully submitted,

**FEDERAL PRACTICE GROUP**

s/ Eric S. Montalvo
1750 K Street NW, Suite 900
Washington, D.C. 20006
(202) 862-4360 – Telephone
(888) 899-6053 – Facsimile
emontalvo@fedpractice.com
***Attorneys for Plaintiff:***
***Steven E. Shaw***

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the following:

Bradley Silverman
Brenda A. Gonzalez Horowitz
DOK-USAO Civil Division
601 D Street NW
Washington, D.C. 20001
bradley.silverman@usdoj.gov
brenda.gonzalez.horowitz@usdoj.gov
***Attorneys for:***
***Carlos Del Toro***
***Kenneth Braithwaite***
***Thomas Harker***

Timothy Parlatore
PARLATORE LAW GROUP LLP
One World Trade Center
Suite 8500
New York, New York 10007
timothy.parlatore@parlatorelawgroup.com
***Attorney Pro Se:***
***Timothy Parlatore***

/s/ Eric S. Montalvo