UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------X
STEVEN SHAW,

                Plaintiff,                                    Docket No.: 20-cv-410

    -against-

THE HONORABLE CARLOS DEL TORO, and
TIMOTHY C. PARLATORE, ESQ.

                Defendants.
------------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# MOTION FOR JUDGMENT ON THE PLEADINGS


                                              Timothy C. Parlatore, Esq.
                                              *Defendant, Pro Se*
                                              One World Trade Center, Suite 8500
                                              New York, New York, 10007
                                              212-679-6312
                                              timothy.parlatore@parlatorelawgroup.com

**PRELIMINARY STATEMENT**

Defendant filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P 12(c), as the pleadings fail to state a plausible cause of action. In his response, Plaintiff completely avoids addressing any of the issues raised by Defendant's motion and, in doing so, reinforces both the meritorious nature of the instant motion, as well as to further illuminate the frivolous and baseless litigation strategies, which are currently pending before this Court in the separate motion for sanctions. Docket #74.

Defendant's motion relied on two separate theories, each of which could result in judgment in Defendant's favor:

1. Plaintiff has failed to identify a defamatory statement; and
2. The "uncontested portions of the allegedly libelous publication" are so severe as to render any harm from the allegedly libelous footnote implausible and non-actionable under the Libel-Proof Plaintiff Doctrine.

In his opposition to Defendant's motion, Plaintiff chose not to explain or attempt to argue how the complaint had identified any allegedly defamatory statements, or to show how the allegedly libelous statement would be plausibly actionable in light of the mountain of "uncontested portions of the allegedly libelous publication." Instead, Plaintiff tries to distract this Court to a different section of the complaint and a separate type of the libel-proof plaintiff doctrine to advance arguments that are irrelevant to the basis of this motion. In doing so, Plaintiff's response here underscores not only the merits of this motion, but also the motion for sanctions.

# ARGUMENT

## I. The Libel Claim is Legally Insufficient as it does not Identify any Allegedly Libelous Statement

In an effort to distract the Court from analyzing the sufficiency of the actual pleadings in Plaintiff's Second Cause of Action, Plaintiff ignores that cause of action entirely and instead attempts to create a disputed issue of fact regarding a single paragraph within the statement of facts section. As Plaintiff attempts to direct the Court's attention to paragraph 22 of the complaint, Plaintiff fails to recognize that this editorial paragraph characterizes, but does not quote any statements made by Defendant.

As Judge Roberston outlined in Black v. NFL Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000):

> Defamation claims are subject to a heightened pleading standard. To survive a motion to dismiss, all averments of defamation must be plead with particularity. Conclusory statements averring defamation are insufficient to state a claim, and defamation plaintiffs should therefore plead the time, place, content, speaker and listener of the alleged defamatory matter.

(internal quotations omitted), citing *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 465-466 (D.D.C. 1994); *Hoffman v. Hill and Knowlton, Inc.*, 777 F. Supp. 1003, 1005 (D.D.C. 1991); *Wiggins v. Equifax*, 848 F. Supp. 213, 223 (D.D.C. 1993).

Notwithstanding Plaintiff's attempt to rely upon his flawed generalization and editorialization of Defendant's words in paragraph 22, and Defendant's dispute with that interpretation in his answer, this does not create a disputed issue of fact that would defeat a 12(c) motion. Rather, this Court need only look to Paragraph 40 of the complaint, where the cause of action is actually pleaded, while accurately quoting Defendant's words:

> Mr. Parlatore alleged that Lt. Shaw had unlawfully trespassed on either government or private property in order to obtain a copy of Lt. Col. Nesbitt's notebook—the very same documents produced by Lt.

2

> Col. Nesbitt at Lt. Shaw's FNAEB. Specifically, Mr. Parlatore asserted: "It is unknown how LT Shaw came to possess a copy of LtCol Nesbitt's notebook in the first place. It appears that he either unlawfully searched LtCol Nesbitt's office to make copies for himself or received copies from [the DoD IG]. Either possibility is a very serious and deeply concerning issue."

Notably, Defendant's Answer to this paragraph was to deny "the allegations contained in paragraph 40, except to admit that Plaintiff has correctly quoted a non-actionable statement contained within that letter." As the pleadings of both parties agree that this is an accurate quote of the allegedly defamatory statement, this Court should use this paragraph to evaluate the instant motion, not the separate fanciful interpretation pushed in Plaintiff's response.

As Plaintiff has failed to explain how these words, which are clearly not an affirmative false assertion, but rather a question for the Inspector General to investigate, they are not actionable. Plaintiff's Response makes no effort to explain how they would be actionable. Plaintiff's Response doesn't even acknowledge that the statement was quoted in the complaint. Thus, although nominally opposed, this Court may grant Defendant's motion as substantively unopposed.

## II. Plaintiff cannot Plausibly Allege Libel from a Single Footnote in a 10-Page Letter, Along With a Lengthy Exhibit, Outlining his Significant Misconduct Under the Libel-Proof Plaintiff Doctrine

In attempting to argue that Plaintiff is not libel-proof, Plaintiff has chosen the wrong definition again to mislead this Court away from the actual arguments being asserted by Defendant. As outlined in Defendant's motion:

> Libel-proof plaintiffs are those whose reputation is so besmirched, either **from uncontested portions of the allegedly libelous publication** or from other events occurring prior to the challenged publication, that as a matter of law such plaintiffs would be unable to recover for further damage to reputation.

3

*Liberty Lobby, Inc. v. Anderson*, 562 F. Supp. 201, 209 n.12 (D.D.C. 1983)(emphasis added), *citing Simmons Ford, Inc. v. Consumers Union of the United States, Inc.*, 516 F. Supp. 742 (S.D.N.Y.1981).

As Plaintiff completely ignored this standard, it bears repeating that the libel-proof doctrine can apply either in cases where Plaintiff's reputation was besmirched by:

1. Uncontested portions of the allegedly libelous publication, or
2. Other events occurring prior to the challenged publication.

Although Defendant's motion relied upon the first type or libel-proof case, Plaintiff noticeably chose not to cite to the same cases and, instead, to cite *Von Kahl v. Bureau of Nat. Affairs, Inc.*, 934 F.Supp.2d 204, 214 (D.D.C. 2013), which only dealt with the second type, which was not the basis of Defendant's motion.

The full allegedly libelous publication contains mountains of severely damaging information about Plaintiff, none of which is contested in the pleadings. Plaintiff acknowledged in the 3rd section of his Response that these documents were incorporated in the complaint by reference and should be considered by the Court, without converting this to a motion for summary judgment.[1]

Plaintiff offers no argument as to how Plaintiff has plausibly pleaded that he could suffer any reputational damage from a question in a footnote in light of the mountain of uncontested portions of the allegedly libelous publication, including the attached exhibit.

---

[1] This 3rd section of Plaintiff's brief is rather curious, as he expends two pages arguing against relief that was never requested, nor applicable in this case. Defendant's motion made clear that the exhibits were incorporated into the complaint by reference and could therefore properly be considered as part of a 12(c) motion. Admittedly, this is the first time the undersigned has ever seen a Plaintiff beg the Court not to convert a Defendant's motion into one of summary judgment and likely betrays the improper purpose in attempting to continue to prolong this case and continue to needlessly increase the expense.

4

Thus, like the first section, although nominally opposed, this Court may grant Defendant's motion as substantively unopposed.

## Conclusion

As outlined in the initial motion, the pleadings in this case provide this Court with more than ample support to find that Plaintiff has failed to allege any defamatory statements and, moreover, that due to the "uncontested portions of the allegedly libelous publication or from other events occurring prior to the challenged publication, that as a matter of law such plaintiffs would be unable to recover for further damage to reputation." *Liberty Lobby, Inc.* at 209 n.12.

Plaintiff's Response fails to address any of the deficiencies identified, instead highlighting the meritorious nature of the pending sanctions motion by attempting to distract this Court away from the arguments raised in Defendant's motion. For these reasons, Defendant respectfully requests that this Court grant this motion, dismissing the complaint, together with such other and further relief as this Court deems appropriate.

Respectfully submitted,

Timothy C. Parlatore, Esq.
*Defendant, pro se*
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, New York 10007
212-679-6312
timothy.parlatore@parlatorelawgroup.com