UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN E. SHAW<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY C. PARLATORE, *et al*,<br><br>*Defendants*. | Civil Action No. 20-410 (RDM) |

## ORDER

In February 2020, Plaintiff Steven Shaw filed suit against Thomas Modly, the then-Secretary of the Navy, several other Navy employees, and Timothy Parlatore. *See* Dkt. 1. Since then, Shaw has amended his complaint several times, *see* Dkt. 37, 46, and the claims against the individual Navy employees have been dismissed. The Third Amended Complaint in its present form asserts two claims: one against the current Secretary of the Navy in his official capacity for violating the Privacy Act, *see* 5 U.S.C. § 552a(b), and another against Parlatore for libel per se. *See* Dkt. 46 at 10-14 (Compl. at ¶ 26-43). The former is brought under federal law, while the latter asserts a state law claim. As the basis for this Court's jurisdiction, Shaw pleads federal question jurisdiction over his Privacy Act claim, *see* Dkt. 46 at 2; 28 U.S.C. § 1331, and supplemental jurisdiction over his state-law libel claim, *see* Dkt. 46 at 2; 28 U.S.C. § 1367.

"When a federal court has an independent basis for exercising federal jurisdiction," such as the federal question jurisdiction that Shaw asserts exists here, the court "may, in certain circumstances, also exercise . . . supplemental[] jurisdiction over related claims under state law." *Women Prisoners of D.C. Dep't of Corr. v. D.C.*, 93 F.3d 910, 920 (D.C. Cir. 1996). To determine whether a state-law claim is sufficiently "related" to a federal claim, courts assess

whether the claims "derive from a common nucleus of operative fact." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). "[O]nce the threshold determinations have been met, . . . the court moves on to consider the exceptions" to supplemental jurisdiction as provided for by § 1367 and determines whether, in its discretion, it would be appropriate for the court to hear the state-law claim. *Diven v. Amalgamated Transit Union Int'l & Loc. 689*, 38 F.3d 598, 601 (D.C. Cir. 1994).

In his motion for judgment on the pleadings, Parlatore expresses skepticism that the Court has supplemental jurisdiction over Shaw's libel claim, but he does not develop the argument or seek dismissal for lack of subject-matter jurisdiction. *See* Dkt. 78-1 at 2 n.1. Nor did Shaw address the issue in his response, Dkt. 80. Courts, though, "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and it does little to advance the resolution of this case to allude to a jurisdictional defect, only to abandon the argument.[1] And, it is not obvious from the pleadings that Shaw's Privacy Act claim and his libel claim "derive from a common nucleus of operative fact." Nor it is evident that, even if the claims did arise from the same "common nucleus of operative fact," it would be appropriate for the Court to exercise its supplemental jurisdiction over these claims.

To succeed on his Privacy Act claim against the Navy, Shaw will need to establish that that the Navy willfully or intentionally "disclose[d] a[] record which is contained in a system of

---

[1] Bizarrely, Parlatore asserts that a defendant is not permitted to raise a jurisdictional challenge in a motion brought under Federal Rule of Civil Procedure 12(c). Dkt. 78-1 at 2 n.1. But Rule 12(c) permits a defendant to move for judgment on the pleadings, and, if a complaint fails to allege a proper basis for invoking the court's subject-matter jurisdiction, the pleading is defective and subject to challenge. It stands decades of jurisprudence on its head to suggest that a defendant is required to assert a merits challenge before addressing jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

2

records by any means of communication to any person," that the disclosure was not with his "prior written consent" or within one of the enumerated exceptions, and that the disclosure had an "adverse effect" on him. 5 U.S.C. § 552a(b), (g)(1)(D); *see also Dick v. Holder*, 67 F. Supp. 3d 167, 176 (D.D.C. 2014) (explaining the elements of a Privacy Act claim under § 552a(b), (g)(1)(D)). Shaw contends he will be able to prove those elements of a Privacy Act violation by showing, among other things, that three Navy employees, no longer defendants to this case, obtained certain records about Shaw and shared those records with Parlatore, without Shaw's consent. *See* Dkt. 46 at 12 (Compl. at ¶ 35).

By contrast, to succeed on his libel claim against Parlatore, brought under Virginia law,[2] Shaw will need to prove the "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 269 Va. 569, 575 (2005). Shaw claims Parlatore committed libel when he sent a complaint letter with certain allegedly defamatory statements to the Department of Defense's Office of the Inspector General, on behalf of the Navy employees who allegedly shared certain records in violation of the Privacy Act, *see* Dkt. 46 at 13 (Compl. at ¶40); Dkt. 78-2, and forwarded that complaint letter to U.S. Representative Luria, *see* Dkt. 46 at 13-15 (Compl. at ¶ 41); Dkt. 78-3.

Although the circumstances giving rise to each of Shaw's claims are arguably related and part of the same series of events, neither the defendants, the elements of the alleged offenses, nor the offending materials themselves overlap. *See, e.g., Taylor v. D.C.*, 626 F. Supp. 2d 25, 29 (D.D.C. 2009) (noting that "[a]lthough [Plaintiff]'s federal and state-law claims generally relate to the presence of a lead-based paint hazard, the facts necessary to prove that the District

---

[2] Both parties' filings with respect to the libel claim against Parlatore proceeded on the assumption that the law governing that dispute is Virginia law. *See* Dkt. 78, 80, 81. No argument has been made to the Court otherwise.

3

breached a duty of care to [the children] would provide little insight into whether [the foster-care parent] unlawfully failed to remedy the lead-based paint hazard," and finding no supplemental jurisdiction on that basis); *Singh v. George Washington Univ.*, 368 F. Supp. 2d 58 (D.D.C. 2005), *vacated on other grounds Singh v. George Washington Univ. Sch. of Med. & Health Scis.*, 508 F.3d 1097 (D.C. Cir. 2007) (concluding that the court there did not have supplemental jurisdiction over a defendant's counterclaim of defamation because the "[e]vidence showing or disproving plaintiff's disability, her ability to otherwise succeed in medical school, and failure to accommodate—the elements of [Plaintiff's] ADA claim—would offer no insight into whether plaintiff harmed [the defendant] by allegedly publishing defamatory statements").

It thus appears, from what has been presented to the Court to date—which includes no meaningful argument by either party—that the jurisdictional issue is a close one. "A court must have the power to decide the claim . . . (subject-matter jurisdiction) . . . before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Parlatore's motion for judgment on the pleadings, Dkt. 78, is therefore **DENIED**, on the ground that it is premature in light of the uncertainty surrounding the Court's subject-matter jurisdiction over the libel claim.

The parties are hereby **ORDERED** to file supplemental briefs addressing this Court's subject-matter jurisdiction on or before September 1, 2023, including addressing whether Shaw's libel claim arises from the "same nucleus of operative fact" as his Privacy Act claim, as well as whether the Court should decline to exercise supplemental jurisdiction over the claim in the

event that the claims do share the "same nucleus of operative fact." The parties may file responsive briefs, if any, on or before October 1, 2023.

Finally, the Court **DENIES** Parlatore's motion for sanctions, Dkt. 74. The Court will not adjudicate the merits of a motion for sanctions before first determining that it has subject-matter jurisdiction and, relatedly, before assessing the merits of the parties' respective positions. Going forward, moreover, the parties are cautioned to avoid filing motions for sanctions as a routine litigation tactic and without substantive basis for doing so.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 2, 2023