```
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
STEVEN SHAW,
                    Plaintiff,                    Docket No.: 20-cv-410

    -against-

THE HONORABLE CARLOS DEL TORO, and
TIMOTHY C. PARLATORE, ESQ.

                    Defendants.
-----------------------------------------------------------------X
```

## RESPONSE TO STIPULATION

Yesterday, March 5, 2024, Plaintiff filed a Stipulation of Dismissal, dismissing all counts against Defendant Del Toro.  This stipulation concludes with the inaccurate statement "This dismissal has no impact upon any claims as to the remaining Defendant, Timothy Parlatore."  However, given the pending litigation on the issue of whether this Court should exercise supplemental jurisdiction, this stipulation dismissing the only count over which this Court has original jurisdiction is potentially dispositive.

On August 2, 2023, this Court ordered the parties to submit supplemental briefs addressing this Court's subject-matter jurisdiction.  Specifically, this Court ordered the parties to address:

> …whether Shaw's libel claim arises from the "same nucleus of operative fact" as his Privacy Act claim, as well as whether the Court should decline to exercise supplemental jurisdiction over the claim in the event that the claims do share the "same nucleus of operative fact."

Pursuant to this Order, the parties submitted briefings on the issue and the issue is currently pending before the Court for decision.  However, the recent dismissal of the Privacy Act claim, which is the only claim in this case over which the Court has original

1

jurisdiction, renders all of Plaintiff's arguments for this Court to exercise supplemental jurisdiction moot.

28 U.S.C. § 1367(c)(3) provides that District courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."

As Judge Bates explained in *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 18 (D.D.C. 2008) affirmed by *Robinson-Reeder v. Am. Council on Educ.*, 417 F. App'x 4 (D.C. Cir. 2011)(Garland):

> The exercise of supplemental jurisdiction remains discretionary on the part of a federal court, but '[i]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state law claims.'

*quoting Shekoyan v. Sibley Intl*, 366 U.S. App. D.C. 144, 409 F.3d 414, 423 (D.C. Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 310 U.S. App. D.C. 409, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that judicial economy and convenience at the motion to dismiss stage do not favor the federal court exercising supplemental jurisdiction over remaining state law claims following dismissal of the federal claims). *See also, Ceasar v. Rosstead*, 593 F. Supp. 2d 91, 94 (D.D.C. 2009) (adopting the reasoning in *Robinson Reader* to decline to exercise supplemental jurisdiction).

Plaintiff's memorandum (Docket #87) provided only rudimentary arguments as to why the Court should exercise supplemental jurisdiction and, all arguments[1] had been covered in Defendant's initial brief (Docket #88), warranted no reply brief from Defendant.  Plaintiff's Reply Brief (Docket #91) was a largely fictionalized summary that does not match the discovery in this case, but is largely aimed at trying to create an impression of inextricable overlap between the Privacy Act and libel claims.

At present, Plaintiff's thin arguments that the claims are "inseparable" are no longer applicable as the Privacy Act count has been dismissed.  With no remaining counts over which this Court has original jurisdiction, all the factors weigh against exercising supplemental jurisdiction.

For all the reasons previously briefed, which have been significantly amplified by yesterday's dismissal, Defendant respectfully submits that this Court should decline to exercise supplemental jurisdiction and dismiss the case against Defendant Parlatore.

Respectfully submitted,

Timothy C. Parlatore, Esq.
*Defendant, pro se*
Parlatore Law Group, LLP
260 Madison Avenue, 17th Floor
New York, New York 10016
212-679-6312
timothy.parlatore@parlatorelawgroup.com

---

[1] The only argument unaddressed was a suggestion that a fourth amended complaint could be filed to change the theory of jurisdiction from supplemental to diversity.  However, as no motion has been filed to amend the complaint, and Plaintiff's Initial Disclosures make clear that he is not alleging an amount in controversy in excess of the $75,000 threshold, this too would be futile.